UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MAGISTRATE JUDGE Collings

MASSACHUSETTS DEVELOPMENT )
FINANCE AGENCY, )
    Plaintiff, ) 04 CV 10203 PBS
v. ) C.A. No. _____
)
ADP MARSHALL, INC., A FLUOR )
DANIEL COMPANY, AND FIREMAN'S )
FUND INSURANCE COMPANY, )
    Defendants. )

RECEIPT # _____
AMOUNT $ 150 —
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 1-28-04

**NOTICE FOR REMOVAL**

Pursuant to 28 U.S.C §1446, Defendant ADP Marshall, Inc. ("ADP"), hereby gives notice of its removal of this case presently pending in the Superior Court for the Commonwealth of Massachusetts, Suffolk County, C.A. No. 03-5679G (the "State Court Action") to the United States District Court for the District of Massachusetts.

Removal is authorized by 28 U.S.C. §1441 based upon this Court's original jurisdiction over this matter pursuant to 28 U.S.C. §1332, since there is complete diversity of citizenship and the amount in controversy, exclusive of costs and interest, exceeds $75,000. In support of this Notice, ADP avers the following:

1. This case was initiated on or about December 2, 2003, through the filing of a Complaint which did not allege any specific amount in controversy. See Complaint (attached hereto as "Exhibit A").

1

2. Contemporaneous with the filing of the Complaint, Plaintiff filed a Civil Action Cover Sheet in which it asserted the amount in controversy to be $250,000. See Cover Sheet (attached hereto as "Exhibit B").

3. On December 29, 2003 Plaintiff effectuated service of process upon ADP.

4. The Notice for Removal is timely because it is filed within thirty (30) days of receipt of service of the Complaint.

5. All of the defendants who have been served with process, ADP and Fireman's Fund Insurance Co. ("Fireman's"), have consented to removal.

6. This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332. There is complete diversity of citizenship among the parties. Plaintiff is a quasi-public entity fully able to be sued by private parties, and is organized and located within the Commonwealth of Massachusetts, whereas neither of the defendants are citizens of Massachusetts.

7. To wit, G.L. ch. 23G §3 states that the MDFA "shall have all the powers necessary or convenient to carry out and effectuate its purposes, including, without limiting the generality of the foregoing, the powers . . . (3) to sue and be sued, to prosecute and defend actions relating to its properties and affairs, and to be liable in tort in the same manner as a private person . . ."

8. Further, G.L. ch. 23G §32 establishes that the MDFA "shall be liable in contract or in tort in the same manner as a private corporation."

10. This action is removable to this Court pursuant to 28 U.S.C. §1441(a), because the jurisdiction of this Court encompasses the location where the State Action is pending.

11. Pursuant to 28 U.S.C. §1446(d), copies of this Notice for Removal are being filed with the Clerk of the Superior Court, Suffolk County, and served upon all parties to the State Action.

12. Pursuant to Local Rule 81.1(a), within thirty (30) days of the filing of this Notice, ADP shall file certified copies of all State Court Action records and proceedings and a certified copy of all State Court Action docket entries, including the filing of a copy of this Notice for Removal.

Dated: January 28, 2004

ADP MARSHALL, INC
Respectfully submitted by their attorney,

Andrew J. Tine (BBO#633639)
Haese, LLC
70 Franklin Street
Boston, MA 02110
(617) 428-0266 - Telephone
(617) 428-0276 - Fax

## CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of the foregoing Notice via United States Mail postage pre-paid this 28th day of January 2004 to:

Charles A. Plunkett, Esq.
Vena, Riley, Deptula, LLP
250 Summer St., 2nd Floor
Boston, MA 02210

Andrew J. Tine