UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Plaintiff,<br><br>v.<br><br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY<br>    Defendants.<br><hr><br>ADP MARSHALL, INC.<br>    Plaintiff-in-Counterclaim,<br><br>v.<br><br>MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Defendant-in-Counterclaim.<br><hr><br>ADP MARSHALL, INC.<br>    Third Party Plaintiff,<br><br>v.<br><br>ALLIED CONSULTING ENGINEERING SERVICES, INC., ANDOVER CONTROLS CORPORATION, R&R WINDOW CONTRACTORS, INC., and DELTA KEYSPAN, INC. n/k/a DELTA KEYSPAN, LLC<br>    Third Party Defendants. | C.A. No. 04 CV 10203 PBS |

## THIRD PARTY COMPLAINT

1.     The Third Party Plaintiff, ADP Marshall, Inc. ("ADPM"), is an Arizona corporation, licensed to transact business in the Commonwealth of Massachusetts, and having a usual place of business at 75 Newman Avenue, Rumford, Rhode Island.

2. The Third Party Defendant, Delta Keyspan, Inc. n/k/a Delta Keyspan, LLC ("Delta Keyspan"), is a Delaware limited liability company, licensed to transact business in the Commonwealth of Massachusetts, and having a usual place of business at 83 Vermont Avenue, Building 5, Warwick, Rhode Island.

3. The Third Party Defendant, Andover Controls Corporation ("Andover Controls"), is a foreign corporation, licensed to transact business in the Commonwealth of Massachusetts, and having a usual place of business at 300 Brickstone Square, Andover, Massachusetts.

4. The Third Party Defendant, R&R Window Contractors, Inc. ("R&R"), is a Massachusetts corporation having a usual place of business at One Arthur Street, East Hampton, Massachusetts.

5. The Third Party Defendant, Allied Consulting Engineering Services, Inc. ("Allied Consulting"), is a Massachusetts corporation having a usual place of business at 76 Main Street, Framingham, Massachusetts.

6. On September 17, 2000, the Massachusetts Development Finance Agency ("MDFA") entered into a written contract with ADPM for the design and construction of a project known as the Advanced Technology and Manufacturing Center in Fall River, Massachusetts (the "Project").

7. ADPM entered into a consultant agreement with Allied Consulting under date of August 15, 2000, to perform HVAC engineering design services on a lump sum basis for the Project (the "Allied Agreement").

8. ADPM entered into a subcontract with Andover Controls under date of August 9, 2000, to complete the controls work for the HVAC on the Project (the "Andover Subcontract").

9. ADPM entered into a subcontract with R&R under date of December 6, 2000, for the installation of the glazed aluminum curtainwall and the aluminum entrances and storefronts on the Project (the "R&R Subcontract").

10. ADPM entered into a subcontract with Delta Keyspan under date of January 19, 2001, for the installation of the HVAC system on the Project (the "Delta Keyspan Subcontract").

11. On or about August 20, 2001, the Project was determined to be substantially complete.

12. On or about September 6, 2002, Whelan Associates, LLC, representing itself to be an agent of the MDFA, provided a written listing of outstanding work items for the Project.

13. On October 29, 2002, ADPM notified R&R that the MDFA claimed some of the windows at the Project were leaking.

14. On November 1, 2002, ADPM notified Andover Controls that the MDFA had a concern with the heating on the first floor of the east wing, claiming that it was short-circuiting.

15. On November 18, 2002, ADPM forwarded a copy of the September 6, 2002 letter from Whelan Associates, LLC to R&R and Allied Consulting.

16. By letter dated November 7, 2002, ADPM notified the MDFA that it was looking for a confirmation of the value of the work to be performed and a directive to proceed with the work, so that it could proceed with same under protest, if such was determined to be appropriate. Further, by this letter, ADPM requested a meeting date and time to evaluate the leaking windows.

17. ADPM never received a response to its November 7, 2002 letter.

18. ADPM was never directed to proceed with the work outlined in its November 7, 2002 letter, under protest or otherwise.

19. The MDFA never provided a date and time to meet concerning the leaking windows on the Project.

20. On December 29, 2003, ADPM was served with a complaint brought by the MDFA alleging breach of contract and negligence concerning the design and installation of the windows and HVAC system (the "Lawsuit").

21. Under the Delta Subcontract, Delta Keyspan is required to indemnify and defend ADPM from the Lawsuit, as it relates to its work on the Project.

22. Under the R&R Subcontract, R&R is required to indemnify and defend ADPM from the Lawsuit, as it relates to its work on the Project.

23. Under the Andover Subcontract, Andover Controls is required to indemnify and defend ADPM from the Lawsuit, as it relates to its work on the Project.

24. Under the Allied Agreement, Allied Consulting is required to indemnify and defend ADPM from the Lawsuit, as it relates to its work on the Project.

25. By letter dated January 26, 2004, sent via overnight delivery, ADPM notified Delta Keyspan of the Lawsuit and requested indemnification and defense for allegations relating to the work performed under the Keyspan Subcontract.

26. By letter dated January 26, 2004, sent via overnight delivery, ADPM notified R&R of the Lawsuit and requested indemnification and defense for allegations relating to the work performed under the R&R Subcontract.

27. By letter dated January 26, 2004, sent via overnight delivery, ADPM notified Andover Controls of the Lawsuit and requested indemnification and defense for allegations relating to the work performed under the Andover Subcontract.

28. By letter dated January 26, 2004, sent via overnight delivery, ADPM notified Allied Consulting of the Lawsuit and requested indemnification and defense for allegations relating to the work performed under the Allied Agreement.

29. Delta Keyspan, R&R, Andover Controls and Allied Consulting have failed and/or refused to indemnify and defend ADPM from the Lawsuit as it relates to their work.

## COUNT I
### (Breach of Contract - Delta Keyspan)

30. ADPM restates the allegations contained in paragraphs 1 through 29 as if each were set forth fully herein.

31. Delta Keyspan breached the Delta Subcontract by failing to indemnify and defend ADPM and Fireman's Fund Insurance Company from the Lawsuit, as it relates to Delta Keyspan's work on the Project.

32. As a result of Delta Keyspan's breach, ADPM has incurred substantial damages.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count I of its Third Party Complaint:
- a) Award ADPM its attorneys' fees in defending against the Lawsuit as it relates to Delta Keyspan's work;
- b) Payment by Delta Keyspan of any judgments against ADPM resulting from its work and the Lawsuit;
- c) A decree declaring the rights, duties and obligations of the parties to the Delta Subcontract as follows:
  1. Delta Keyspan breached the Delta Subcontract; and
  2. Delta Keyspan must indemnify, hold harmless and defend ADPM from the Lawsuit, as it relates to Delta Keyspan's work.
- d) Any further relief the Court deems just and equitable.

## COUNT II
### (Breach of Contract - R&R)

33. ADPM restates the allegations contained in paragraphs 1 through 32 as if each were set forth fully herein.

34. R&R breached the R&R Subcontract by failing to indemnify and defend ADPM and Fireman's Fund Insurance Company from the Lawsuit, as it relates to R&R's work on the Project.

35. As a result of R&R's breach, ADPM has incurred substantial damages.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count II of its Third Party Complaint:
   a) Award ADPM its attorneys' fees in defending against the Lawsuit as it relates to R&R's work;
   b) Payment by R&R of any judgments against ADPM resulting from its work and the Lawsuit;
   c) A decree declaring the rights, duties and obligations of the parties to the R&R Subcontract as follows:
      1. R&R breached the R&R Subcontract; and
      2. R&R must indemnify, hold harmless and defend ADPM from the Lawsuit, as it relates to R&R's work.
   d) Any further relief the Court deems just and equitable.

## COUNT III
### (Breach of Contract - Andover Controls)

36. ADPM restates the allegations contained in paragraphs 1 through 35 as if each were set forth fully herein.

37. Andover Controls breached the Andover Subcontract by failing to indemnify and defend ADPM and Fireman's Fund Insurance Company from the Lawsuit, as it relates to Andover Controls' work on the Project.

38. As a result of Andover Controls' breaches, ADPM has incurred substantial damages.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count III of its Third Party Complaint:
   a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Andover Controls' work;
   b) Payment by Andover Controls of any judgments against ADPM resulting from its work and the Lawsuit;
   c) A decree declaring the rights, duties and obligations of the parties to the Andover Subcontract as follows:
      1. Andover Controls breached the Andover Subcontract; and
      2. Andover Controls must indemnify, hold harmless and defend ADPM from the Lawsuit, as it relates to Andover Controls' work.
   d) Any further relief the Court deems just and equitable.

## COUNT IV
### (Breach of Contract - Allied Consulting)

39. ADPM restates the allegations contained in paragraphs 1 through 38 as if each were set forth fully herein.

40. Allied Consulting breached the Allied Agreement by failing to indemnify and defend ADPM and Fireman's Fund Insurance Company from the Lawsuit, as it relates to Allied Consulting's work on the Project.

41. As a result of Allied Consulting's breaches, ADPM has incurred substantial damages.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count IV of its Third Party Complaint:
 a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Allied Consulting's work;
 b) Payment by Allied Consulting of any judgments against ADPM resulting from its work and the Lawsuit;
 c) Award ADPM its attorneys' fees and costs in pursuing this third party action against Allied Consulting;
 d) A decree declaring the rights, duties and obligations of the parties to the Allied Agreement as follows:
    1. Allied Consulting breached the Allied Agreement; and
    2. Allied Consulting must indemnify, hold harmless and defend ADPM from the Lawsuit, as it relates to Allied Consulting's work.
 e) Any further relief the Court deems just and equitable.

## COUNT V
### (Indemnification and Contribution - Delta Keyspan)

42. ADPM restates the allegations contained in paragraphs 1 through 41 as if each were set forth fully herein.

43. Delta Keyspan is liable to ADPM under the concepts of indemnification and contribution, for attorneys' fees, costs and damages suffered as a result of the Lawsuit, to the extent it relates to the work of Delta Keyspan on the Project.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count V of its Third Party Complaint:
 a) Award ADPM its attorneys' fees in defending against the Lawsuit as it relates to Delta Keyspan's work;
 b) Payment by Delta Keyspan of any judgments against ADPM resulting from its work and the Lawsuit; and
 c) Any further relief the Court deems just and equitable.

## COUNT VI
### (Indemnification and Contribution - R&R)

44. ADPM restates the allegations contained in paragraphs 1 through 43 as if each were set forth fully herein.

45. R&R is liable to ADPM under the concepts of indemnification and contribution, for attorneys' fees, costs and damages suffered as a result of the Lawsuit, to the extent it relates to the work of Delta Keyspan on the Project.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count VI of its Third Party Complaint:
   a) Award ADPM its attorneys' fees in defending against the Lawsuit as it relates to R&R's work;
   b) Payment by R&R of any judgments against ADPM resulting from its work and the Lawsuit; and
   c) Any further relief the Court deems just and equitable.

### COUNT VII
### (Indemnification and Contribution - Andover Controls)

46. ADPM restates the allegations contained in paragraphs 1 through 45 as if each were set forth fully herein.

47. Andover Controls is liable to ADPM under the concepts of indemnification and contribution, for attorneys' fees, costs and damages suffered as a result of the Lawsuit, to the extent it relates to the work of Andover Controls on the Project.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count VII of its Third Party Complaint:
   a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Andover Controls' work;
   b) Payment by Andover Controls of any judgments against ADPM resulting from its work and the Lawsuit; and
   c) Any further relief the Court deems just and equitable.

### COUNT VIII
### (Indemnification and Contribution - Allied Consulting)

48. ADPM restates the allegations contained in paragraphs 1 through 47 as if each were set forth fully herein.

49. Allied Consulting is liable to ADPM under the concepts of indemnification and contribution, for attorneys' fees, costs and damages suffered as a result of the Lawsuit, to the extent it relates to the work of Allied Consulting on the Project.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count VIII of its Third Party Complaint:
   a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Allied Consulting's work;

b)  Payment by Allied Consulting of any judgments against ADPM resulting from its work and the Lawsuit;
c)  Award ADPM its attorneys' fees and costs in pursuing this third party action against Allied Consulting; and
d)  Any further relief the Court deems just and equitable.

## JURY TRIAL DEMAND

ADPM requests a trial by jury on all counts so triable.

Respectfully submitted,
ADP Marshall, Inc.
By its attorneys,

Andrew J. Tine (BBO#633639)
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02110
Fax - 617-428-0276
Tel. - 617-428-0266

## CERTIFICATION OF SERVICE

I, Andrew J. Tine, hereby certify that I served a true and correct copy of the foregoing Third Party Complaint upon plaintiff's counsel, by first class mail, postage pre-paid, this 5th day of February, 2004.

Andrew J. Tine