UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**R E C E I V E D**
Clerk's Office
USDC, Mass.
Date ___3-31-04___
By _____
Deputy Clerk

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY,<br>    Plaintiff,<br><br>v.<br><br><br>ADP MARSHALL, INC, a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY,<br>    Defendants,<br><br><br>ADP MARSHALL, INC.,<br>    Third-Party Plaintiff,<br><br>v.<br><br>DELTA KEYSPAN, INC., R & R WINDOW CONTRACTORS, INC., ANDOVER CONTROLS CORPORATION and ALLIED CONSULTING ENGINEERING SERVICES, INC.,<br>    Third-Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.:<br>) 1:04-cv-10203-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF THIRD-PARTY DEFENDANT R & R WINDOW CONTRACTORS, INC. TO THIRD-PARTY COMPLAINT OF THIRD-PARTY PLAINTIFF ADP MARSHALL, INC.

1.  The Third-Party Defendant, R & R Window Contractors, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Third-Party Plaintiff's Complaint and, therefore, denies the same.

2.  The allegations contained in paragraph 2 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

3.  The allegations contained in paragraph 3 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

4. The third-party defendant admits that R &R Window Contractors, Inc. is a Massachusetts corporation with a principal office located at One Arthur Street in East Hampton, Massachusetts.

5. The allegations contained in paragraph 5 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

6. The allegations contained in paragraph 6 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

7. The allegations contained in paragraph 7 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

8. The allegations contained in paragraph 8 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

9. The third-party defendant admits that it entered into a subcontract with the third-party plaintiff on or about April 4, 2001 for the installation of a glazed aluminum curtainwall and aluminum entrances and storefronts at the Advanced Technology and Manufacturing Center in Fall River, Massachusetts. The third-party defendant denies the remaining allegations contained in paragraph 9 of the Third-Party Complaint.

10. The allegations contained in paragraph 10 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

11. The third-party defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Third-Party Complaint and, therefore, denies the same.

12. The third-party defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Third-Party Complaint and, therefore, denies the same.

13. The third-party defendant admits that on or about October 29, 2002 it received a faxed memorandum from the third-party plaintiff that stated that the Massachusetts Development Finance Agency had advised the third-party plaintiff that some of the windows at the Advanced Technology and Manufacturing Center in Fall River, Massachusetts had leaked due to a latent defect.

14. The allegations contained in paragraph 14 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

15. The third-party defendant admits that it received a copy of a September 6, 2002 letter from Whelan Associates, LLC. The third-party defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 15 of the Third-Party Complaint and, therefore, denies the same.

16. The third-party defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Third-Party Complaint and, therefore, denies the same.

17. The third-party defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Third-Party Complaint and, therefore, denies the same.

18. The third-party defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Third-Party Complaint and, therefore, denies the same.

19. The third-party defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Third-Party Complaint and, therefore, denies the same.

20. The third-party defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Third-Party Complaint and, therefore, denies the same.

21. The allegations contained in paragraph 21 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

22. The allegations contained in paragraph 22 of the Third-Party Complaint constitute legal conclusions, rather than factual allegations and, therefore, no response is required. To the extent that a response is deemed necessary, the third-party defendant denies the allegations contained in this paragraph of the Third-Party Complaint.

23. The allegations contained in paragraph 23 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

24. The allegations contained in paragraph 24 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

25. The allegations contained in paragraph 25 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

26.  The third-party defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Third-Party Complaint and, therefore, denies the same.

27.  The allegations contained in paragraph 27 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

28.  The allegations contained in paragraph 28 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

29.  The third-party defendant denies the allegations that pertain to R & R Window Contractors, Inc. contained in paragraph 29 of the Third-Party Complaint. The third-party defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph of the Third-Party Complaint and, therefore, denies the same.

## COUNT I

30-32.  The allegations contained in paragraphs 30 through 32 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

## COUNT II

33.  The third-party defendant re-alleges and incorporates as if fully set forth herein its responses to paragraphs 1 through 32 of the Third-Party Complaint.

34.  The third-party defendant denies the allegations set forth in paragraph 34 of the Third-Party Complaint.

35.  The third-party defendant denies the allegations set forth in paragraph 35 of the Third-Party Complaint.

WHEREFORE the third-party defendant, having denied each and every allegation not specifically admitted above, denies that the third-party plaintiff is entitled to the relief requested in Count II of the Third-Party Complaint.

## COUNT III

36-38.  The allegations contained in paragraphs 36 through 38 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

## COUNT IV

39-41. The allegations contained in paragraphs 39 through 41 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

## COUNT V

42-43. The allegations contained in paragraphs 42 and 43 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

## COUNT VI

44.     The third-party defendant re-alleges and incorporates as if fully set forth herein its responses to paragraphs 1 through 43 of the Third-Party Complaint.

45.     The third-party defendant denies the allegations set forth in paragraph 45 of the Third-Party Complaint.

WHEREFORE the third-party defendant, having denied each and every allegation not specifically admitted above, denies that the third-party plaintiff is entitled to the relief requested in Count VI of the Third-Party Complaint.

## COUNT VII

46-47. The allegations contained in paragraphs 46 and 47 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

## COUNT VIII

48-49. The allegations contained in paragraphs 48 and 49 of the Third-Party Complaint do not pertain to this third-party defendant, and thus, no response is required.

WHEREFORE, the third-party defendant, having denied each and every allegation not specifically admitted above, denies that the third-party plaintiff is entitled to the judgment demanded in its Complaint.

## AFFIRMATIVE DEFENSES

The Third-Party Defendant, R & R Window Contractors, Inc., having denied each allegation of the Third-Party Complaint not specifically admitted above, sets forth the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The third-party plaintiff has failed to state a cause of action for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

If the third-party plaintiff suffered damages as alleged, these damages were caused though the acts or omissions of third persons, for whose conduct the third-party defendant is in no way legally responsible.

## THIRD AFFIRMATIVE DEFENSE

The third-party defendant states that the conduct of the plaintiff and/or the third-party plaintiff caused or contributed to the cause of the damages of which the third-party plaintiff now complains, wherefore, the third-party plaintiff is barred from recovery in accordance with G.L. c. 231, §85.

## FOURTH AFFIRMATIVE DEFENSE

The third-party defendant states that the conduct of the plaintiff and/or the third-party plaintiff caused or contributed to the cause of the damages of which the third-party plaintiff now complains, wherefore, the third-party plaintiff's liability should be apportioned accordingly in accordance with G.L. c. 231, §85.

## FIFTH AFFIRMATIVE DEFENSE

If the third-party plaintiff suffered damages as alleged, these injuries were the result of superceding intervening causes, for which the third-party defendant is in no way liable.

## SIXTH AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff's claims are barred by reason of estoppel and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff cannot recover from the third-party defendant because its alleged damages were the result of the failure of the plaintiff and/or third-party plaintiff to mitigate its damages.

## EIGHTH AFFIRMATIVE DEFENSE

The third-party defendant states that to the extent the third-party plaintiff has released its claims against the third-party defendant, this action is barred.

## NINTH AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff's claims against the third-party defendant are barred in whole or in part by the terms of an express and/or implied contract or agreement between the third-party plaintiff and the third-party defendant.

## TENTH AFFIRMATIVE DEFENSE

The third-party defendant states that the third-party plaintiff is barred from recovery from this third-party defendant in accordance with G.L. c. 149, § 29C.

7

**THE THIRD-PARTY DEFENDANT, R & R WINDOW CONTRACTORS, INC., DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN ITS ANSWER TO THE THIRD-PARTY COMPLAINT**

The Third-Party Defendant,
R & R Window Contractors, Inc.
By its Attorneys,


James J. Duane, III, Esq.
B.B.O. # 136500
Edward Coburn
B.B.O. # 655916
TAYLOR, DUANE, BARTON & GILMAN, LLP
111 Devonshire Street
Boston, MA 02109
Tel. (617) 654-8200
FAX (617) 482-5350


## CERTIFICATE OF SERVICE

I, James J. Duane, III, Esq. hereby certify that on this 31ˢᵗ day of March, 2004, I served a copy of the above pleading by mailing same, postage prepaid, to all counsel of record.


James J. Duane, III