UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 APR -5 P 1:37
U.S. DISTRICT COURT
DISTRICT OF MASS

MASSACHUSETTS DEVELOPMENT FINANCE AGENCY,

Plaintiff

v.

ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY,

Defendants

CIVIL ACTION
NO. 04-CV-10203-PBS

ADP MARSHALL, INC.,

Plaintiff-in-Counterclaim,

v.

MASSACHUSETTS DEVEOPMENT FINANCE AGENCY,

Defendant-in-Counterclaim

ADP MARSHALL, INC.,

Third-Party Plaintiff

v.

ALLIED CONSULTING ENGINEERING SERVICES, INC., ANDOVER CONTROLS CORPORATION, R&R WINDOW CONTRACTORS, INC. and DELTA KEYSPAN, INC. n/k/a DELTA KEYSPAN, LLC,

Third-Party Defendants

**ANSWER AND JURY DEMAND OF THE THIRD-PARTY DEFENDANT, ALLIED CONSULTING ENGINEERING SERVICES, INC., TO THE THIRD-PARTY COMPLAINT**

The Third-Party Defendant, Allied Consulting Engineering Services, Inc. ("Allied"), responds as follows to the allegations set forth in the Third-Party Complaint:

1. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Third-Party Complaint.

2. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Third-Party Complaint.

3. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Third-Party Complaint.

4. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Third-Party Complaint.

5. Admitted.

6. The agreement between the Massachusetts Development Finance Agency ("MDFA") and ADP Marshall, Inc. ("ADPM") is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

7. The agreement between ADPM and Allied is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

8. The agreement between ADPM and Andover Controls Corporation ("Andover Controls") is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

9. The agreement between ADPM and R&R Window Contractors, Inc. ("R&R") is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

10. The agreement between APDM and Delta Keyspan, Inc. ("Delta Keyspan") is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

11. Admitted.

12. The listing of outstanding work items is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

13. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Third-Party Complaint.

14. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Third-Party Complaint.

15. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Third-Party Complaint. Further answering, Allied admits that it received correspondence from ADPM dated November 18, 2002 that included correspondence from Whelan Associates, LLC dated September 6, 2002.

16. The November 7, 2002 correspondence between ADPM and MDFA is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

17. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Third-Party Complaint.

18. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Third-Party Complaint.

19. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Third-Party Complaint.

20. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Third-Party Complaint. Answering further, the MDFA Complaint is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

21. The Delta Subcontract is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

22. The R&R Subcontract is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

23. The Andover Subcontract is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

24. The Allied Subcontract is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

25. The January 26, 2004 correspondence from ADPM to Delta Keyspan is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

26. The January 26, 2004 correspondence from ADPM to R&R is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

27. The January 26, 2004 correspondence from ADPM to Andover Controls is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

28. The January 26, 2004 correspondence from ADPM to Allied is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

29. Denied to the extent that the allegations suggest that Allied is obligated to indemnify and defend ADPM. Allied is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 29.

**COUNT I**
**(Breach of Contract – Delta Keyspan)**

30. Allied incorporates by reference its answers to paragraphs 1 through 29 above.

31. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31of the Third-Party Complaint.

32. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Third-Party Complaint.

**COUNT II**
**(Breach of Contract – R&R)**

33. Allied incorporates by reference its answers to paragraphs 1 through 32 above.

34. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Third-Party Complaint.

35. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Third-Party Complaint.

**COUNT III**
**(Breach of Contract – Andover Controls)**

36. Allied incorporates by reference its answers to paragraphs 1 through 35 above.

37. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Third-Party Complaint.

38. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Third-Party Complaint.

**COUNT IV**
**(Breach of Contract – Allied Consulting)**

39. Allied incorporates by reference its answers to paragraphs 1 through 38 above.

40. Denied.

41. Denied.

WHEREFORE, Allied respectfully requests that this Court dismiss ADPM's claims against Allied and award Allied its costs, interest, and attorneys' fees incurred in the defense of this action.

**COUNT V**
**(Indemnification and Contribution – Delta Keyspan)**

42. Allied incorporates by reference its answers to paragraphs 1 through 41 above.

43. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Third-Party Complaint.

**COUNT VI**
**(Indemnification and Contribution – R&R)**

44. Allied incorporates by reference its answers to paragraphs 1 through 43 above.

45. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Third-Party Complaint.

**COUNT VII**
**(Indemnification and Contribution – Andover Controls)**

46. Allied incorporates by reference its answers to paragraphs 1 through 45 above.

47. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Third-Party Complaint.

**COUNT VIII**
**(Indemnification and Contribution – Allied Consulting)**

48. Allied incorporates by reference its answers to paragraphs 1 through 47 above.

49. Denied.

WHEREFORE, Allied respectfully requests that this Court dismiss ADPM's claims against Allied and award Allied its costs, interest, and attorneys' fees incurred in the defense of this action.

**JURY CLAIM**

Allied hereby demands a trial by jury to the fullest extent permitted by law.

**FIRST AFFIRMATIVE DEFENSE**

The Third-Party Complaint fails to state a claim against Allied upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims against Allied are barred by the doctrines of waiver and/or estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Allied acted in good faith with respect to decisions, determinations and other actions performed and, therefore, is entitled to immunity from claims asserted in this action.

**FOURTH AFFIRMATIVE DEFENSE**

The claims against Allied are barred by laches.

**FIFTH AFFIRMATIVE DEFENSE**

The claims against Allied are barred because Allied has performed all of its obligations under its agreement with ADPM.

**SIXTH AFFIRMATIVE DEFENSE**

The claims against Allied are barred by the terms of the agreement between Allied and ADPM.

**SEVENTH AFFIRMATIVE DEFENSE**

If the plaintiff were damaged as alleged, which Allied denies, then said injury resulted from the acts and/or omissions of persons or entities for whose conduct Allied is neither legally liable nor responsible. Accordingly, ADPM would not be entitled to recover from Allied.

**EIGHTH AFFIRMATIVE DEFENSE**

If the plaintiff were damaged as alleged, which Allied denies, then said injury resulted from the plaintiff's own negligent acts and/or omissions. Accordingly, ADPM would not be entitled to recover from Allied.

**NINTH AFFIRMATIVE DEFENSE**

If the plaintiff establishes liability against ADPM it will be as a result of the direct and active negligence or other wrongdoing of ADPM and not as a result of alleged acts, errors or omissions of Allied. Accordingly, ADPM would not be entitled to recover contribution or indemnity from Allied.

**WHEREFORE,** Allied Consulting Engineering Services, Inc., respectfully requests that the Third-Party Complaint be dismissed with prejudice and judgment entered in Allied's favor on the merits, that Allied be awarded costs and attorneys' fees, and that Allied be granted such further relief as this Court may deem just and proper.

Respectfully submitted,
ALLIED CONSULTING ENGINEERING SERVICES, INC.,
By its attorneys,

David J. Hatem, PC
B.B.O. #225700
Jay S. Gregory, Esquire
B.B.O. #546708
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
Tel: (617)406-4500

Dated: 3.31.04

00821053

**CERTIFICATE OF SERVICE**

I, Jay S. Gregory, Esquire, hereby certify that on this 31 day of March, 2004, I served the attached ***Answer*** by mailing a copy thereof, postage pre-paid to:

Andrew J. Tine, Esquire
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02210

Edward F. Vena, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Dwight T. Burns, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

Edward Coburn, Esquire
Taylor, Duane, Barton & Gilman, LLP
111 Devonshire Street
Boston, MA 02109

James J. Duane, Esquire
Taylor, Duane, Barton & Gilman
111 Devonshire Street
Boston, MA 02109

John J. McNamara, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

Charles A. Plunkett, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Jay S. Gregory, Esquire

00821053

DONOVAN HATEM LLP
COUNSELORS AT LAW

TWO SEAPORT LANE
BOSTON, MASSACHUSETTS 02210

TELEPHONE: 617-406-4500
FACSIMILE: 617-406-4501
www.dhboston.com

FILED
CLERKS OFFICE

2004 APR -5 P 1:37

U.S. DISTRICT COURT
DISTRICT OF MASS

JEFFREY W. HALLAHAN
DIRECT DIAL: 617-406-4529
E-MAIL: jhallahan@dhboston.com

April 2, 2004

Civil Clerk's Office
U.S. District Court
John Joseph Moakley U.S. Courthouse
One Courthouse Way,
Boston, Massachusetts 02210

**Re:** ***Massachusetts Development Finance Agency v. ADP Marshall, et al***
***Civil Action No. 04-CV-10203-PBS***
***DH File No. 2500.1940***

Dear Sir/Madam:

Enclosed please find the following for filing in the above-referenced matter: "***Answer and Jury Demand of the Third-Party Defendant, Allied Consulting Engineering Services, Inc., to the Third-Party Complaint.***"

Kindly acknowledge receipt of the same by signing and returning the enclosed postage-paid postcard.

Thank you for your assistance with this matter.

Sincerely,

Jeffrey W. Hallahan

JWH/lam
Enclosures
cc: David J. Hatem, PC
Jay S. Gregory, Esq.
Andrew J. Tine, Esquire
John J. McNamara, Esquire
Edward F. Vena, Esquire
Charles A. Plunkett, Esquire
Dwight T. Burns, Esquire
Edward Coburn, Esquire
James J. Duane, Esquire