UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                                CIVIL ACTION NO. 04-CV-10203 PBS

MASSACHUSETTS DEVELOPMENT    )
FINANCE AGENCY,              )
    Plaintiff,               )
                             )
v.                           )
                             )
ADP MARSHALL, INC., a FLUOR  )
DANIEL COMPANY and FIREMAN'S )
FUND INSURANCE COMPANY,      )
                             )
    Defendants,              )
                             )
v.                           )
                             )
ALLIED CONSULTING ENGINEERING)
SERVICES, INC., ANDOVER      )
CONTROLS CORPORATION, R&R    )
WINDOW CONTRACTORS, INC., and)
DELTA KEYSPAN, INC. n/k/a DELTA)
KEYSPAN, LLC,                )
    Third-Party Defendants.  )

## ANSWER OF THIRD-PARTY DEFENDANT, ANDOVER CONTROLS CORPORATION, TO THE THIRD PARTY COMPLAINT

The third-party defendant, Andover Controls Corporation ("Andover"), answers the Third-Party Complaint of the defendant, ADP Marshall, Inc. ("ADPM"), paragraph by paragraph as follows.

1.    Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Third Party Complaint.

2. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Third Party Complaint.

3. Andover admits the allegations set forth in paragraph 3 of the Third Party Complaint.

4. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Third Party Complaint.

5. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Third Party Complaint.

6. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Third Party Complaint.

7. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Third Party Complaint.

8. Andover admits that it entered into a subcontract with ADPM dated August 9, 2000. Andover states that the subcontract speaks for itself and, therefore, Andover denies the remaining allegations set forth in paragraph 8 of the Third Party Complaint to the extent that they contradict, misstate, mischaracterize or otherwise go beyond the language and terms of the subcontract.

9. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Third Party Complaint.

10. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Third Party Complaint.

11. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Third Party Complaint.

12. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Third Party Complaint.

13. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Third Party Complaint.

14. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Third Party Complaint.

15. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Third Party Complaint.

16. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Third Party Complaint.

17. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Third Party Complaint.

18. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Third Party Complaint.

19. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Third Party Complaint.

20. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Third Party Complaint.

21. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Third Party Complaint.

22. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Third Party Complaint.

23. Andover states that the Andover Subcontract speaks for itself. Andover denies the remaining allegations set forth in paragraph 23 of the Third Party complaint to the extent that they contradict, misstate, mischaracterize or otherwise go beyond the language and terms of the Andover Subcontract.

24. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Third Party Complaint.

25. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Third Party Complaint.

26. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Third Party Complaint.

27. Andover admits that ADP sent it a letter dated January 26, 2004, which letter was sent via overnight delivery. Andover states that the letter speaks for itself and Andover denies the remaining allegations set forth in paragraph 27 of the Third Party Complaint to the extent that the allegations contradict, misstate, mischaracterize or otherwise go beyond the language of the letter.

28. Andover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Third Party Complaint.

29. To the extent that the allegations set forth in paragraph 29 of the Third party Complaint pertain to Andover, Andover admits that it has refused to indemnify and defend ADP because such an obligation is not required as of yet. Andover is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Third Party Complaint.

## COUNT I
### (Breach of Contract – Delta Keyspan)

30. Andover repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 29 of the Third Party Complaint as if set forth fully herein.

31. The allegations set forth in paragraph 31 of the Third Party Complaint do not pertain to Andover and, as such, Andover offers no response.

32. The allegations set forth in paragraph 32 of the Third Party Complaint do not pertain to Andover and, as such, Andover offers no response.

## COUNT II
### (Breach of Contract – R&R)

33. Andover repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 32 of the Third Party Complaint as if set forth fully herein.

34. The allegations set forth in paragraph 34 of the Third Party Complaint do not pertain to Andover and, as such, Andover offers no response.

35. The allegations set forth in paragraph 34 of the Third Party Complaint do not pertain to Andover and, as such, Andover offers no response.

## COUNT III
### (Breach of Contract – Andover Controls)

36. Andover repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 35 of the Third Party Complaint as if set forth fully herein.

37. Andover denies the allegations set forth in paragraph 37 of the Third Party Complaint.

38. Andover denies the allegations set forth in paragraph 38 of the Third Party Complaint.

## COUNT IV
### (Breach of Contract – Allied Consulting)

39. Andover repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 38 of the Third Party Complaint as if set forth fully herein.

40. The allegations set forth in paragraph 40 of the Third Party Complaint do not pertain to Andover and, as such, Andover offers no response.

41. The allegations set forth in paragraph 41 of the Third Party Complaint do not pertain to Andover and, as such, Andover offers no response.

## COUNT V
### (Indemnification and Contribution – Delta Keyspan)

42. Andover repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 41 of the Third Party Complaint as if set forth fully herein.

43. The allegations set forth in paragraph 43 of the Third Party Complaint do not pertain to Andover and, as such, Andover offers no response.

## COUNT VI
### (Indemnification and Contribution – R&R)

44. Andover repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 43 of the Third Party Complaint as if set forth fully herein.

45. The allegations set forth in paragraph 45 of the Third Party Complaint do not pertain to Andover and, as such, Andover offers no response.

## COUNT VII
### (Indemnification and Contribution – Andover Controls)

46. Andover repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 45 of the Third Party Complaint as if set forth fully herein.

47. Andover denies the allegations set forth in paragraph 47 of the Third Party Complaint.

## COUNT VIII
### (Indemnification and Contribution – Allied Consulting)

48. Andover repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 47 of the Third Party Complaint as if set forth fully herein.

49. The allegations set forth in paragraph 49 of the Third Party Complaint do not pertain to Andover and, as such, Andover offers no response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Third Party Complaint fails to state a cause of action against Andover for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The damages alleged by ADP in the Third-Party Complaint are the result of acts and/or omissions of parties for whom Andover was not legally responsible and, therefore, Andover is not liable to ADP.

### THIRD AFFIRMATIVE DEFENSE

The damages alleged by the plaintiff are the result or acts and/or omissions of parties for whom Andover is not legally responsible and, therefore, Andover is not liable to ADP.

### FOURTH AFFIRMATIVE DEFENSE

ADP's claims against Andover are barred by the terms and provisions of the subcontract between ADP and Andover.

WHEREFORE, Andover respectfully requests that this Court dismiss the Third Party Complaint as it pertains to Andover and award Andover its costs and attorneys' fees.

Respectfully submitted,

ANDOVER CONTROLS CORPORATION,

By its attorneys,

_____
John J. McNamara, BBO #557882
Dwight T. Burns, III, BBO #637514
DOMESTICO, LANE & MCNAMARA, LLP
161 Worcester Road
Framingham, MA  01701
(508) 626-9000

Dated: April 5, 2004

## CERTIFICATE OF SERVICE

I, John J. McNamara, hereby certify that I have, on this 5th day of April, 2004, served a copy of the within by first class mail upon the following:

Edward F. Vena, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA  02210

Jay S. Gregory, Esquire
Donovan Hatem LLP
Two Seaport Lane
Boston, MA  02210

Andrew J. Tine, Esquire
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA  02110

Stephen A. Izzi, Esquire
Holland & Knight LLP
One Financial Plaza
Providence, RI  02903

_____
John J. McNamara

# DOMESTICO, LANE & McNAMARA, LLP
### COUNSELLORS AT LAW

THE MEADOWS
161 WORCESTER ROAD
FRAMINGHAM, MASSACHUSETTS 01701

TELEPHONE (508) 626-9000
FACSIMILE (508) 626-9001

CHARLES J. DOMESTICO
PAUL M. LANE
JOHN J. McNAMARA

CDOMESTICO@DLandM.COM
PLANE@DLandM.COM
JMcNAMARA@DLandM.COM

BRENDAN M. O'ROURKE
DWIGHT T. BURNS, III
MATTHEW A. FOYTLIN

BOROURKE@DLandM.COM
DBURNS@DLandM.COM
MFOYTLIN@DLandM.COM

April 5, 2004

Clerk's Office – Civil Matters
United States District Court
U.S. Courthouse
One Courthouse Way
Boston, MA 02110

Re:  *Massachusetts Development Finance Agency v. ADP Marshall, Inc., et al.*
     Civil Action No.:  04-CV-10203-PBS

Dear Sir/Madam:

Please find the following enclosed for filing in connection with the above-referenced matter:

1. Answer of Third-Party Defendant, Andover Controls Corporation.

Kindly docket and file in your usual manner. Please feel free to contact me with any questions or concerns you may have. Thank you for your attention to this matter.

Very truly yours,

John J. McNamara

Enclosure

cc:  Jeffrey A. Templar, Vice-President
     Edward F. Vena, Esquire
     Andrew J. Tine, Esquire
     Stephen A. Izzi, Esquire