UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Plaintiff,<br><br>v.<br><br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY<br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 04 CV 10203 PBS |
| ADP MARSHALL, INC.<br>    Plaintiff-in-Counterclaim,<br><br>v.<br><br>MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Defendant-in-Counterclaim. | ) ) ) ) ) ) ) ) ) ) ) | |
| ADP MARSHALL, INC.<br>    Third Party Plaintiff,<br><br>v.<br><br>ALLIED CONSULTING ENGINEERING SERVICES, INC., ANDOVER CONTROLS CORPORATION, R&R WINDOW CONTRACTORS, INC., DELTA KEYSPAN, INC. n/k/a DELTA KEYSPAN, LLC, MADDISON ASSOCIATES, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, NATIONAL GRANGE MUTUAL, INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, AMERICAN HOME | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |



```
ASSURANCE COMPANY,                    )
HARTFORD ROOFING COMPANY, INC.        )
and SPAGNOLO/GISNESS &                )
ASSOCIATES, INC.                      )
        Third Party Defendants.       )
                                      )
_____)
```

## FIRST AMENDED THIRD PARTY COMPLAINT

1. The Third Party Plaintiff, ADP Marshall, Inc. ("ADPM"), is an Arizona corporation, licensed to transact business in the Commonwealth of Massachusetts, and having a usual place of business at 75 Newman Avenue, Rumford, Rhode Island.

2. The Third Party Defendant, Delta Keyspan, Inc. n/k/a Delta Keyspan, LLC ("Delta Keyspan"), is a Delaware limited liability company, licensed to transact business in the Commonwealth of Massachusetts, and having a usual place of business at 83 Vermont Avenue, Building 5, Warwick, Rhode Island.

3. The Third Party Defendant, Andover Controls Corporation ("Andover Controls"), is a foreign corporation, licensed to transact business in the Commonwealth of Massachusetts, and having a usual place of business at 300 Brickstone Square, Andover, Massachusetts.

4. The Third Party Defendant, R&R Window Contractors, Inc. ("R&R"), is a Massachusetts corporation having a usual place of business at One Arthur Street, East Hampton, Massachusetts.

5. The Third Party Defendant, Allied Consulting Engineering Services, Inc. ("Allied Consulting"), is a Massachusetts corporation having a usual place of business at 76 Main Street, Framingham, Massachusetts.

6. On September 17, 2000, the Massachusetts Development Finance Agency ("MDFA") entered into a written contract with ADPM for the design and construction of a project known as the Advanced Technology and Manufacturing Center in Fall River, Massachusetts (the "Project").

7. ADPM entered into a consultant agreement with Allied Consulting under date of August 15, 2000, to perform HVAC engineering design services on a lump sum basis for the Project (the "Allied Agreement").

8. ADPM entered into a subcontract with Andover Controls under date of August 9, 2000, to complete the controls work for the HVAC on the Project (the "Andover Subcontract").

9. ADPM entered into a subcontract with R&R under date of December 6, 2000, for the installation of the glazed aluminum curtainwall and the aluminum entrances and storefronts on the Project (the "R&R Subcontract").

10. ADPM entered into a subcontract with Delta Keyspan under date of January 19, 2001, for the installation of the HVAC system on the Project (the "Delta Keyspan Subcontract").

11. On or about August 20, 2001, the Project was determined to be substantially complete.

12. On or about September 6, 2002, Whelan Associates, LLC, representing itself to be an agent of the MDFA, provided a written listing of outstanding work items for the Project.

13. On October 29, 2002, ADPM notified R&R that the MDFA claimed some of the windows at the Project were leaking.

14. On November 1, 2002, ADPM notified Andover Controls that the MDFA had a concern with the heating on the first floor of the east wing, claiming that it was short-circuiting.

15. On November 18, 2002, ADPM forwarded a copy of the September 6, 2002 letter from Whelan Associates, LLC to R&R and Allied Consulting.

16. By letter dated November 7, 2002, ADPM notified the MDFA that it was looking for a confirmation of the value of the work to be performed and a directive to proceed with the work, so that it could proceed with same under protest, if such was determined to be appropriate. Further, by this letter, ADPM requested a meeting date and time to evaluate the leaking windows.

17. ADPM never received a response to its November 7, 2002 letter.

18. ADPM was never directed to proceed with the work outlined in its November 7, 2002 letter, under protest or otherwise.

19. The MDFA never provided a date and time to meet concerning the leaking windows on the Project.

20. On December 29, 2003, ADPM was served with a complaint brought by the MDFA alleging breach of contract and negligence concerning the design and installation of the windows and HVAC system (the "Lawsuit").

21. Under the Delta Subcontract, Delta Keyspan is required to indemnify and defend ADPM from the Lawsuit, as it relates to its work on the Project.

22. Under the R&R Subcontract, R&R is required to indemnify and defend ADPM from the Lawsuit, as it relates to its work on the Project.

23. Under the Andover Subcontract, Andover Controls is required to indemnify and defend ADPM from the Lawsuit, as it relates to its work on the Project.

24. Under the Allied Agreement, Allied Consulting is required to indemnify and defend ADPM from the Lawsuit, as it relates to its work on the Project.

25. By letter dated January 26, 2004, sent via overnight delivery, ADPM notified Delta Keyspan of the Lawsuit and requested indemnification and defense for allegations relating to the work performed under the Keyspan Subcontract.

26. By letter dated January 26, 2004, sent via overnight delivery, ADPM notified R&R of the Lawsuit and requested indemnification and defense for allegations relating to the work performed under the R&R Subcontract.

27. By letter dated January 26, 2004, sent via overnight delivery, ADPM notified Andover Controls of the Lawsuit and requested indemnification and defense for allegations relating to the work performed under the Andover Subcontract.

28. By letter dated January 26, 2004, sent via overnight delivery, ADPM notified Allied Consulting of the Lawsuit and requested indemnification and defense for allegations relating to the work performed under the Allied Agreement.

29. Delta Keyspan, R&R, Andover Controls and Allied Consulting have failed and/or refused to indemnify and defend ADPM from the Lawsuit as it relates to their work.

## COUNT I
### (Breach of Contract - Delta Keyspan)

30. ADPM restates the allegations contained in paragraphs 1 through 29 as if each were set forth fully herein.

31. Delta Keyspan breached the Delta Subcontract by failing to indemnify and defend ADPM and Fireman's Fund Insurance Company from the Lawsuit, as it relates to Delta Keyspan's work on the Project.

32. As a result of Delta Keyspan's breach, ADPM has incurred substantial damages.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count I of its Third Party Complaint:
    a)    Award ADPM its attorneys' fees in defending against the Lawsuit as it relates to Delta Keyspan's work;
    b)    Payment by Delta Keyspan of any judgments against ADPM resulting from its work and the Lawsuit;
    c)    A decree declaring the rights, duties and obligations of the parties to the Delta Subcontract as follows:

        1. Delta Keyspan breached the Delta Subcontract; and
        2. Delta Keyspan must indemnify, hold harmless and defend ADPM from the Lawsuit, as it relates to Delta Keyspan's work.
  d)  Any further relief the Court deems just and equitable.

## COUNT II
### (Breach of Contract - R&R)

33.  ADPM restates the allegations contained in paragraphs 1 through 32 as if each were set forth fully herein.

34.  R&R breached the R&R Subcontract by failing to indemnify and defend ADPM and Fireman's Fund Insurance Company from the Lawsuit, as it relates to R&R's work on the Project.

35.  As a result of R&R's breach, ADPM has incurred substantial damages.

    WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count II of its Third Party Complaint:
  a)  Award ADPM its attorneys' fees in defending against the Lawsuit as it relates to R&R's work;
  b)  Payment by R&R of any judgments against ADPM resulting from its work and the Lawsuit;
  c)  A decree declaring the rights, duties and obligations of the parties to the R&R Subcontract as follows:
        1. R&R breached the R&R Subcontract; and
        2. R&R must indemnify, hold harmless and defend ADPM from the Lawsuit, as it relates to R&R's work.
  d)  Any further relief the Court deems just and equitable.

## COUNT III
### (Breach of Contract - Andover Controls)

36.  ADPM restates the allegations contained in paragraphs 1 through 35 as if each were set forth fully herein.

37.  Andover Controls breached the Andover Subcontract by failing to indemnify and defend ADPM and Fireman's Fund Insurance Company from the Lawsuit, as it relates to Andover Controls' work on the Project.

38.  As a result of Andover Controls' breaches, ADPM has incurred substantial damages.

    WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count III of its Third Party Complaint:

a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Andover Controls' work;
b) Payment by Andover Controls of any judgments against ADPM resulting from its work and the Lawsuit;
c) A decree declaring the rights, duties and obligations of the parties to the Andover Subcontract as follows:
   1. Andover Controls breached the Andover Subcontract; and
   2. Andover Controls must indemnify, hold harmless and defend ADPM from the Lawsuit, as it relates to Andover Controls' work.
d) Any further relief the Court deems just and equitable.

### COUNT IV
### (Breach of Contract - Allied Consulting)

39. ADPM restates the allegations contained in paragraphs 1 through 38 as if each were set forth fully herein.

40. Allied Consulting breached the Allied Agreement by failing to indemnify and defend ADPM and Fireman's Fund Insurance Company from the Lawsuit, as it relates to Allied Consulting's work on the Project.

41. As a result of Allied Consulting's breaches, ADPM has incurred substantial damages.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count IV of its Third Party Complaint:
a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Allied Consulting's work;
b) Payment by Allied Consulting of any judgments against ADPM resulting from its work and the Lawsuit;
c) Award ADPM its attorneys' fees and costs in pursuing this third party action against Allied Consulting;
d) A decree declaring the rights, duties and obligations of the parties to the Allied Agreement as follows:
   1. Allied Consulting breached the Allied Agreement; and
   2. Allied Consulting must indemnify, hold harmless and defend ADPM from the Lawsuit, as it relates to Allied Consulting's work.
e) Any further relief the Court deems just and equitable.

### COUNT V
### (Indemnification and Contribution - Delta Keyspan)

42. ADPM restates the allegations contained in paragraphs 1 through 41 as if each were set forth fully herein.

43. Delta Keyspan is liable to ADPM under the concepts of indemnification and contribution, for attorneys' fees, costs and damages suffered as a result of the Lawsuit, to the extent it relates to the work of Delta Keyspan on the Project.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count V of its Third Party Complaint:
- a) Award ADPM its attorneys' fees in defending against the Lawsuit as it relates to Delta Keyspan's work;
- b) Payment by Delta Keyspan of any judgments against ADPM resulting from its work and the Lawsuit; and
- c) Any further relief the Court deems just and equitable.

## COUNT VI
### (Indemnification and Contribution - R&R)

44. ADPM restates the allegations contained in paragraphs 1 through 43 as if each were set forth fully herein.

45. R&R is liable to ADPM under the concepts of indemnification and contribution, for attorneys' fees, costs and damages suffered as a result of the Lawsuit, to the extent it relates to the work of Delta Keyspan on the Project.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count VI of its Third Party Complaint:
- a) Award ADPM its attorneys' fees in defending against the Lawsuit as it relates to R&R's work;
- b) Payment by R&R of any judgments against ADPM resulting from its work and the Lawsuit; and
- c) Any further relief the Court deems just and equitable.

## COUNT VII
### (Indemnification and Contribution - Andover Controls)

46. ADPM restates the allegations contained in paragraphs 1 through 45 as if each were set forth fully herein.

47. Andover Controls is liable to ADPM under the concepts of indemnification and contribution, for attorneys' fees, costs and damages suffered as a result of the Lawsuit, to the extent it relates to the work of Andover Controls on the Project.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count VII of its Third Party Complaint:
- a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Andover Controls' work;

    b)    Payment by Andover Controls of any judgments against ADPM resulting from its work and the Lawsuit; and

    c)    Any further relief the Court deems just and equitable.

## COUNT VIII
### (Indemnification and Contribution - Allied Consulting)

48. ADPM restates the allegations contained in paragraphs 1 through 47 as if each were set forth fully herein.

49. Allied Consulting is liable to ADPM under the concepts of indemnification and contribution, for attorneys' fees, costs and damages suffered as a result of the Lawsuit, to the extent it relates to the work of Allied Consulting on the Project.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count VIII of its Third Party Complaint:

    a)    Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Allied Consulting's work;

    b)    Payment by Allied Consulting of any judgments against ADPM resulting from its work and the Lawsuit;

    c)    Award ADPM its attorneys' fees and costs in pursuing this third party action against Allied Consulting; and

    d)    Any further relief the Court deems just and equitable.

## COUNT IX
### (Breach of Contract - Maddison Associates, Inc.)

50. ADPM restates the allegations contained in paragraphs 1 through 49 as if each were set forth fully herein.

51. Maddison Associates, Inc. ("Maddison") is a Massachusetts corporation with its principal place of business located at 7 Franklin Street, Revere, Massachusetts 02151.

52. On or about October 26, 2000, ADPM entered into a subcontract with Maddison to perform certain work at the Project, not limited to the installation of exterior metal wall panels and associated caulking (the "Maddison Subcontract").

53. On or about February 24, 2004, during a site inspection of the Project, it was determined that certain caulking associated with the installation of the metal wall panels may not have been performed properly and/or is in need of repair.

54. The MDFA has brought a Lawsuit against ADPM alleging that there are leaks at the Project for which ADPM is responsible.

55. There appears to be a relationship between the location of the alleged leaks and caulking issues at the Project.

56. By letter dated March 23, 2004, ADPM requested that Maddison evaluate the allegations of the MDFA, effectuate any necessary corrective measures, and indemnify and defend ADPM from the claims of the MDFA that result from Maddison's performance.

57. To date, Maddison has not agreed to defend and indemnify ADPM.

58. Under the Maddison Subcontract, Maddison is required to indemnify and defend ADPM from the Lawsuit, as it relates to its work on the Project.

59. Maddison breached the Maddison Subcontract by failing to indemnify and defend ADPM and Fireman's Fund Insurance Company from the Lawsuit, as it relates to Maddison's work on the Project.

60. As a result of Maddison's breach, ADPM has incurred substantial damages.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count IX of its Third Party Complaint:
    a) Award ADPM its attorneys' fees in defending against the Lawsuit as it relates to Maddison's work;
    b) Payment by Maddison of any judgments against ADPM resulting from its work and the Lawsuit;
    c) A decree declaring the rights, duties and obligations of the parties to the Maddison Subcontract as follows:
        1. Maddison breached the Maddison Subcontract; and
        2. Maddison must indemnify, hold harmless and defend ADPM from the Lawsuit, as it relates to Maddison's work.
    d) Any further relief the Court deems just and equitable.

## COUNT X
### (Indemnification and Contribution - Maddison Associates, Inc.)

61. ADPM restates the allegations contained in paragraphs 1 through 60 as if each were set forth fully herein.

62. Maddison is liable to ADPM under the concepts of indemnification and contribution, for attorneys' fees, costs and damages suffered as a result of the Lawsuit, to the extent it relates to the work of Maddison on the Project.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count X of its Third Party Complaint:
    a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Maddison's work;

b) Payment by Maddison of any judgments against ADPM resulting from its work and the Lawsuit;

c) Award ADPM its attorneys' fees and costs in pursuing this third party action against Maddison; and

d) Any further relief the Court deems just and equitable.

## COUNT XI
### (Performance Bond – United States Fidelity and Guaranty Company)

63. ADPM restates the allegations contained in paragraphs 1 through 62 as if each were set forth fully herein.

64. United States Fidelity and Guaranty Company ("USF+G") is an insurance company licensed to do business in the Commonwealth of Massachusetts with its principal offices located at 385 Washington Street, St. Paul, MN 55102.

65. USF+G provided a performance bond number SG1264 (the "USF+G Bond") as surety with ADPM, as obligee, and Hartford Roofing Company, Inc. ("Hartford Roofing") as principal.

66. Hartford Roofing entered into a subcontract with ADPM to perform certain roofing and associated work on the Project (the "Hartford Subcontract").

67. The MDFA's expert report produced as a result of the Lawsuit, alleges that certain caulking was not properly performed, for which ADPM believes Hartford Roofing was responsible as part of the Hartford Subcontract.

68. The condition of the USF+G Bond is that Hartford Roofing shall fully and faithfully perform all of its obligations under the Hartford Subcontract.

69. Hartford Roofing has failed and refused to perform all of its obligations under the contract, and, therefore, USF+G is obligated to do so under the USF+G Bond.

70. Hartford Roofing and USF+G are jointly and severally liable on the USF+G Bond.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count XI of its Third Party Complaint:

a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Hartford Roofing's work;

b) Payment by USF+G of any judgments against ADPM resulting from Hartford Roofing performance under the Hartford Subcontract and the Lawsuit;

c) Award ADPM its attorneys' fees and costs in pursuing this third party action against USF+G; and

d) Any further relief the Court deems just and equitable.

## COUNT XII
### (Performance Bond - Fidelity and Deposit Company)

71. ADPM restates the allegations contained in paragraphs 1 through 70 as if each were set forth fully herein.

72. Fidelity and Deposit Company of Maryland ("FDC") is an insurance company licensed to do business in the Commonwealth of Massachusetts with its principal offices located at 1400 American Lane Tower 1, Floor 19, Schaumburg, IL 60196.

73. FDC provided a performance bond number PRF08335164 (the "FDC Bond") as surety with ADPM, as obligee, and R&R as principal.

74. The MDFA's expert report produced as a result of the Lawsuit, alleges that certain work was not properly performed, for which ADPM believes R&R was responsible, as part of the R&R Subcontract.

75. The condition of the FDC Bond is that R&R shall fully and faithfully perform all of its obligations under the R&R Subcontract.

76. R&R has failed and refused to perform all of its obligations under the contract, and, therefore, FDC is obligated to do so under the USF+G Bond.

77. R&R and FDC are jointly and severally liable on the FDC Bond.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count XII of its Third Party Complaint:
   a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to R&R's work;
   b) Payment by FDC of any judgments against ADPM resulting from R&R's performance under the R&R Subcontract and the Lawsuit;
   c) Award ADPM its attorneys' fees and costs in pursuing this third party action against R&R; and
   d) Any further relief the Court deems just and equitable.

## COUNT XIII
### (Performance Bond - National Grange Mutual)

78. ADPM restates the allegations contained in paragraphs 1 through 77 as if each were set forth fully herein.

79. National Grange Mutual Insurance Company ("National Grange") is a New Hampshire Corporation, licensed to do business in the Commonwealth of Massachusetts, with its principal offices located at 55 West Street, Keene, NH 03431.

80. National Grange provided a performance bond number S-229779 (the "National Grange Bond") as surety with ADPM, as obligee, and Maddison as principal.

81. The MDFA's expert report produced as a result of the Lawsuit, alleges that certain work was not properly performed, for which ADPM believes Maddison was responsible, as part of the Maddison Subcontract.

82. The condition of the National Grange Bond is that Maddison shall fully and faithfully perform all of its obligations under the Maddison Subcontract.

83. Maddison has failed and refused to perform all of its obligations under the Maddison Subcontract, and, therefore, National Grange is obligated to do so under the National Grange Bond.

84. Maddison and National Grange are jointly and severally liable on the National Grange Bond.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count XIII of its Third Party Complaint:
   a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Maddison's work;
   b) Payment by National Grange of any judgments against ADPM resulting from Maddison's performance under the Maddison Subcontract and the Lawsuit;
   c) Award ADPM its attorneys' fees and costs in pursuing this third party action against National Grange; and
   d) Any further relief the Court deems just and equitable.

### COUNT XIV
### (Performance Bond - Travelers Casualty and Surety Company)

85. ADPM restates the allegations contained in paragraphs 1 through 84 as if each were set forth fully herein.

86. Travelers Casualty and Surety Company of American ("Travelers") is licensed to do business in the Commonwealth of Massachusetts, with its principal offices located at One Tower Square, Hartford, CT 06183.

87. Travelers provided a performance bond number 001SB103568797 (the "Travelers Bond") as surety with ADPM, as obligee, and Delta Keyspan as principal.

88. The MDFA's expert report produced as a result of the Lawsuit, alleges that certain work was not properly performed, for which ADPM believes Delta Keyspan was responsible, as part of the Delta Keyspan Subcontract.

89. The condition of the Travelers Bond is that Delta Keyspan shall fully and faithfully perform all of its obligations under the Delta Keyspan Subcontract.

90. Delta Keyspan has failed and refused to perform all of its obligations under the Delta Keyspan Subcontract, and, therefore, Travelers is obligated to do so under the Travelers Bond.

91. Delta Keyspan and Travelers are jointly and severally liable on the Travelers Bond.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count XIV of its Third Party Complaint:
  a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Delta Keyspan's work;
  b) Payment by Travelers of any judgments against ADPM resulting from Delta Keyspan's performance under the Delta Keyspan Subcontract and the Lawsuit;
  c) Award ADPM its attorneys' fees and costs in pursuing this third party action against Travelers; and
  d) Any further relief the Court deems just and equitable.

### COUNT XV
### (Performance Bond - American Home Assurance Company)

92. ADPM restates the allegations contained in paragraphs 1 through 91 as if each were set forth fully herein.

93. American Home Assurance Company ("American Home") is licensed to do business in the Commonwealth of Massachusetts, with its principal offices located at 80 Pine Street, New York, NY 10005.

94. American Home provided a performance bond number 01-B-50487 (the "American Home Bond") as surety with ADPM, as obligee, and Andover Controls as principal.

95. The MDFA's expert report produced as a result of the Lawsuit, alleges that certain work was not properly performed, for which ADPM believes Andover Controls was responsible, as part of the Andover Controls Subcontract.

96. The condition of the American Home Bond is that Andover Controls shall fully and faithfully perform all of its obligations under the Andover Controls Subcontract.

97. Andover Controls has failed and refused to perform all of its obligations under the Andover Controls Subcontract, and, therefore, American Home is obligated to do so under the American Home Bond.

98. Andover Controls and American Home are jointly and severally liable on the American Home Bond.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count XV of its Third Party Complaint:

- a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Andover Control's work;
- b) Payment by American Home of any judgments against ADPM resulting from Andover Controls' performance under the Andover Controls Subcontract and the Lawsuit;
- c) Award ADPM its attorneys' fees and costs in pursuing this third party action against American Home; and
- d) Any further relief the Court deems just and equitable.

## COUNT XVI
### (Breach of Contract - Hartford Roofing Company, Inc.)

99. ADPM restates the allegations contained in paragraphs 1 through 98 as if each were set forth fully herein.

100. Hartford Roofing Company, Inc. ("Hartford Roofing") is a Connecticut corporation with its principal place of business located at 734 Hebron Avenue, Glastonbury, CT 06033.

101. ADPM entered into the Hartford Subcontract for the performance of roofing work and associated caulking.

102. The MDFA has brought a Lawsuit against ADPM alleging that there are leaks at the Project for which ADPM is responsible.

103. There appears to be a relationship between the location of the alleged leaks and Hartford Roofing's work at the Project.

104. By letter dated April 15, 2004, ADPM requested that Hartford Roofing evaluate the allegations of the MDFA, effectuate any necessary corrective measures and indemnify and defend ADPM from the claims of the MDFA that result from Hartford Roofing's performance.

105. To date, Hartford Roofing has not responded to the April 15, 2004 letter.

106. Under the Hartford Subcontract, Hartford Roofing is required to indemnify and defend ADPM from the Lawsuit, as it relates to its work on the Project.

107. Hartford Roofing breached the Hartford Subcontract by failing to indemnify and defend ADPM and Fireman's Fund Insurance Company from the Lawsuit, as it relates to Hartford Roofing's work on the Project.

108. As a result of Hartford Roofing's breach, ADPM has incurred substantial damages.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count XVI of its Third Party Complaint:
- a) Award ADPM its attorneys' fees in defending against the Lawsuit as it relates to Hartford Roofing's work;
- b) Payment by Hartford Roofing of any judgments against ADPM resulting from its work and the Lawsuit;
- c) A decree declaring the rights, duties and obligations of the parties to the Hartford Subcontract as follows:
  1. Hartford Roofing breached the Hartford Subcontract; and
  2. Hartford Roofing must indemnify, hold harmless and defend ADPM from the Lawsuit, as it relates to Hartford Roofing's work.
- d) Any further relief the Court deems just and equitable.

## COUNT XVII
### (Indemnification and Contribution - Hartford Roofing Company, Inc.)

109. ADPM restates the allegations contained in paragraphs 1 through 108 as if each were set forth fully herein.

110. Hartford Roofing is liable to ADPM under the concepts of indemnification and contribution, for attorneys' fees, costs and damages suffered as a result of the Lawsuit, to the extent it relates to the work of Hartford Roofing on the Project.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count XVII of its Third Party Complaint:
- a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Hartford Roofing's work;
- b) Payment by Hartford Roofing of any judgments against ADPM resulting from its work and the Lawsuit;
- c) Award ADPM its attorneys' fees and costs in pursuing this third party action against Hartford Roofing; and
- d) Any further relief the Court deems just and equitable.

## COUNT XVIII
### (Breach of Contract - Spagnolo/Gisness Associates, Inc.)

111. ADPM restates the allegations contained in paragraphs 1 through 110 as if each were set forth fully herein.

112. Spagnolo/Gisness & Associates, Inc. ("Spagnolo/Gisness") is a Massachusetts corporation with its principal place of business located at 200 High Street, Boston, MA 02110.

113. ADPM entered into the contract with Spagnolo/Gisness for the performance of certain architectural and design work on the Project (the "Spagnolo Agreement").

114. The MDFA has brought a Lawsuit against ADPM alleging that there are leaks and HVAC design and construction concerns.

115. The MDFA's expert report alleges certain architectural design deficiencies.

116. By letter dated February 5, 2004, ADPM requested that Spagnolo/Gisness indemnify and defend ADPM from the claims of the MDFA that result from Spagnolo/Gisness' performance.

117. To date, Spagnolo/Gisness has refused to indemnify and defend ADPM with respect to its work.

118. Under the Spagnolo Agreement, Spagnolo/Gisness is required to indemnify and defend ADPM from the Lawsuit, as it relates to its work on the Project.

119. Spagnolo/Gisness breached the Spagnolo Agreement by failing to indemnify and defend ADPM and Fireman's Fund Insurance Company from the Lawsuit, as it relates to Spagnolo/Gisness' work on the Project.

120. As a result of Spagnolo/Gisness' breach, ADPM has incurred substantial damages.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count XVIII of its Third Party Complaint:
  a) Award ADPM its attorneys' fees in defending against the Lawsuit as it relates to Spagnolo/Gisness' work;
  b) Payment by Spagnolo/Gisness of any judgments against ADPM resulting from its work and the Lawsuit;
  c) A decree declaring the rights, duties and obligations of the parties to the Spagnolo Subcontract as follows:
     1. Spagnolo/Gisness breached the Spagnolo Subcontract; and
     2. Spagnolo/Gisness must indemnify, hold harmless and defend ADPM from the Lawsuit, as it relates to Spagnolo/Gisness' work.
  d) Any further relief the Court deems just and equitable.

## COUNT XIX
### (Indemnification and Contribution - Spagnolo/Gisness Associates, Inc.)

121. ADPM restates the allegations contained in paragraphs 1 through 120 as if each were set forth fully herein.

122. Spagnolo/Gisness is liable to ADPM under the concepts of indemnification and contribution, for attorneys' fees, costs and damages suffered as a result of the Lawsuit, to the extent it relates to the work of Spagnolo/Gisness on the Project.

WHEREFORE, ADPM respectfully requests the Court to award the following relief on Count XIX of its Third Party Complaint:

a) Award ADPM its attorneys' fees in defending against the Lawsuit as its relates to Spagnolo/Gisness' work;

b) Payment by Spagnolo/Gisness of any judgments against ADPM resulting from its work and the Lawsuit;

c) Award ADPM its attorneys' fees and costs in pursuing this third party action against Spagnolo/Gisness; and

d) Any further relief the Court deems just and equitable.

## JURY TRIAL DEMAND

ADPM requests a trial by jury on all counts so triable.

Respectfully submitted,
ADP Marshall, Inc.
By its attorneys,

Andrew J. Tine (BBO#633639)
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02110
Fax - 617-428-0276
Tel. - 617-428-0266

## CERTIFICATION OF SERVICE

I, Andrew J. Tine, hereby certify that I served a true and correct copy of the foregoing First Amended Third Party Complaint upon all counsel of record, by first class mail, postage pre-paid, this 5th day of May, 2004.

Andrew J. Tine