UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY,<br><br>    Plaintiff<br><br>v.<br><br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY,<br><br>    Defendants<br><hr><br>ADP MARSHALL, INC.,<br><br>    Plaintiff-in-Counterclaim,<br><br>v.<br><br>MASSACHUSETTS DEVEOPMENT FINANCE AGENCY,<br><br>    Defendant-in-Counterclaim<br><hr><br>ADP MARSHALL, INC.,<br><br>    Third-Party Plaintiff<br><br>v.<br><br>ALLIED CONSULTING ENGINEERING SERVICES, INC., ANDOVER CONTROLS CORPORATION, R&R WINDOW CONTRACTORS, INC., DELTA KEYSPAN, INC. n/k/a DELTA KEYSPAN, LLC, MADDISON ASSOCIATES, INC., UNITED STATES FIEDELITY AND GUARANTY COMPANY, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, NATIONAL GRANGE MUTUAL INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, AMERICAN HOME ASSURANCE COMPANY, HARTFORD ROOFING COMPANY, INC. and SPAGNOLO/ GISNESS & ASSOCIATES, INC.<br><br>    <u>Third-Party Defendants</u> | CIVIL ACTION<br>NO. 04-CV-10203-PBS |

## ANSWER AND JURY DEMAND OF THE THIRD-PARTY DEFENDANT, SPAGNOLO/GISNESS & ASSOCIATES, INC., TO THE FIRST AMENDED THIRD-PARTY COMPLAINT

The Third-Party Defendant, Spagnolo/Gisness & Associates, Inc. ("Spagnolo"), responds as follows to the allegations set forth in the Amended Third-Party Complaint. Spagnolo also asserts herein a counterclaim.

1. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Third-Party Complaint.

2. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Third-Party Complaint.

3. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Third-Party Complaint.

4. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Third-Party Complaint.

5. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Third-Party Complaint.

6. The agreement between the Massachusetts Development Finance Agency ("MDFA") and ADP Marshall, Inc. ("ADPM") is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 6 to the extent they go beyond or are inconsistent with that document.

7. The agreement between ADPM and Allied Consulting Engineering, Services, Inc. ("Allied Consulting") is a document that speaks for itself, and therefore

Spagnolo denies the allegations in paragraph 7 to the extent they go beyond or are inconsistent with that document.

8. The subcontract between ADPM and Andover Controls Corporation ("Andover Controls") is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 8 to the extent they go beyond or are inconsistent with that document.

9. The subcontract between ADPM and R&R Window Contractors, Inc. ("R&R") is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 9 to the extent they go beyond or are inconsistent with that document.

10. The subcontract between ADPM and Delta Keyspan, Inc. ("Delta Keyspan") is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 10 to the extent they go beyond or are inconsistent with that document.

11. Admitted.

12. The September 6, 2002 list of outstanding work items drafted by Whelan Associates, LLC ("Whelan") is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 12 to the extent they go beyond or are inconsistent with that document.

13. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Third-Party Complaint.

14. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Third-Party Complaint.

15. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Third-Party Complaint.

16. The November 7, 2002 letter written by ADPM is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 18 to the extent they go beyond or are inconsistent with that document.

17. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Third-Party Complaint.

18. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Third-Party Complaint.

19. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Third-Party Complaint.

20. The MDFA Complaint is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 20 to the extent they go beyond or are inconsistent with that document.

21. The Delta Subcontract is a written document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 21 to the extent they go beyond or are inconsistent with the terms of that document.

22. The R&R Subcontract is a written document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 22 to the extent they go beyond or are inconsistent with the terms of that document.

23. The Andover Subcontract is a written document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 23 to the extent they go beyond or are inconsistent with the terms of that document.

24. The Allied Subcontract is a written document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 24 to the extent they go beyond or are inconsistent with the terms of that document.

25. The January 26, 2004 correspondence from ADPM to Delta Keyspan, Inc. n/k/a Delta Keyspan, LLC is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 25 to the extent they go beyond or are inconsistent with that document.

26. The January 26, 2004 correspondence from ADPM to R&R is a written document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 26 to the extent they go beyond or are inconsistent with the terms of that document.

27. The January 26, 2004 correspondence from ADPM to Andover Controls Corporation is a written document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 27 to the extent they go beyond or are inconsistent with the terms of that document.

28. The January 26, 2004 correspondence from ADPM to Allied Consulting is a written document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 28 to the extent they go beyond or are inconsistent with the terms of that document.

29. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29.

## COUNT I
### (Breach of Contract – Delta Keyspan)

30. Spagnolo incorporates by reference its answers to paragraphs 1 through 29 above.

31. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Third-Party Complaint.

32. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Amended Third-Party Complaint.

## COUNT II
### (Breach of Contract – R&R)

33. Spagnolo incorporates by reference its answers to paragraphs 1 through 32 above.

34. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Amended Third-Party Complaint.

35. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Amended Third-Party Complaint.

## COUNT III
### (Breach of Contract – Andover Controls)

36. Spagnolo incorporates by reference its answers to paragraphs 1 through 35 above.

37. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Amended Third-Party Complaint.

38. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Third-Party Complaint.

## COUNT IV
### (Breach of Contract – Allied Consulting)

39. Spagnolo incorporates by reference its answers to paragraphs 1 through 38 above.

40. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Third-Party Complaint.

41. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Third-Party Complaint.

## COUNT V
### (Indemnification and Contribution – Delta Keyspan)

42. Spagnolo incorporates by reference its answers to paragraphs 1 through 41 above.

43. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Third-Party Complaint.

## COUNT VI
### (Indemnification and Contribution – R&R)

44. Spagnolo incorporates by reference its answers to paragraphs 1 through 43 above.

45. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Third-Party Complaint.

## COUNT VII
### (Indemnification and Contribution – Andover Controls)

46. Spagnolo incorporates by reference its answers to paragraphs 1 through 45 above.

47. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Third-Party Complaint.

## COUNT VIII
### (Indemnification and Contribution – Allied Consulting)

48. Spagnolo incorporates by reference its answers to paragraphs 1 through 47 above.

49. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Third-Party Complaint.

## COUNT IX
### (Breach of Contract – Maddison Associates, Inc.)

50. Spagnolo incorporates by reference its answers to paragraphs 1 through 49 above.

51. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Amended Third-Party Complaint.

52. The Maddison Subcontract is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 52 to the extent they go beyond or are inconsistent with the terms of that document.

53. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Amended Third-Party Complaint.

54. The MDFA lawsuit is a written document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 54 to the extent they go beyond or are inconsistent with the terms of that document.

55. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Amended Third-Party Complaint.

56. The March 23, 2004 letter from ADPM to Maddison is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 56 to the extent they go beyond or are inconsistent with the terms of that document.

57. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Amended Third-Party Complaint.

58. The Maddison Subcontract is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 58 to the extent they go beyond or are inconsistent with the terms of that document.

59. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Amended Third-Party Complaint.

60. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Amended Third-Party Complaint.

## COUNT X
### (Indemnification and Contribution – Maddison Associates, Inc.)

61. Spagnolo incorporates by reference its answers to paragraphs 1 through 60 above.

62. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Amended Third-Party Complaint.

## COUNT XI
### (Performance Bond – United States Fidelity and Guaranty Company)

63. Spagnolo incorporates by reference its answers to paragraphs 1 through 62 above.

64. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Amended Third-Party Complaint.

65. The USF+G Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 65 to the extent they go beyond or are inconsistent with the terms of that document.

66. The Hartford subcontract is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 66 to the extent they go beyond or are inconsistent with the terms of that document.

67. The MDFA's expert report is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 67 to the extent they go beyond or are inconsistent with the terms of that document.

68. The USF+G Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 68 to the extent they go beyond or are inconsistent with the terms of that document.

69. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Amended Third-Party Complaint. Further answering, The USF+G Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 69 to the extent they go beyond or are inconsistent with the terms of that document.

70. The USF+G Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 70 that go beyond or are inconsistent with the terms of that document.

## COUNT XII
### (Performance Bond – Fidelity and Deposit Company)

71. Spagnolo incorporates by reference its answers to paragraphs 1 through 70 above.

72. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Amended Third-Party Complaint.

73. The FDC Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 73 to the extent they go beyond or are inconsistent with the terms of that document.

74. The MDFA's expert report is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 74 to the extent they go beyond or are inconsistent with the terms of that document.

75. The FDC Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 75 to the extent they go beyond or are inconsistent with the terms of that document.

76. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Amended Third-Party Complaint. Further answering, The FDC Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 76 to the extent they go beyond or are are inconsistent with the terms of that document.

77. The FDC Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 77 to the extent they go beyond or are inconsistent with the terms of that document.

### COUNT XIII
#### (Performance Bond – National Grange Mutual)

78. Spagnolo incorporates by reference its answers to paragraphs 1 through 77 above.

79. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Amended Third-Party Complaint.

80. The National Grange Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 80 to the extent they go beyond or are inconsistent with the terms of that document.

81. The MDFA's expert report is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 81 to the extent they go beyond or are inconsistent with the terms of that document.

82. The National Grange Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 82 to the extent they go beyond or are inconsistent with the terms of that document.

83. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Amended Third-Party Complaint. Further answering, The National Grange Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 83 to the extent they go beyond or are inconsistent with the terms of that document.

84. The National Grange Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 84 to the extent they go beyond or are inconsistent with the terms of that document.

## COUNT XIV
### (Performance Bond – Travelers Casualty and Surety Company)

85. Spagnolo incorporates by reference its answers to paragraphs 1 through 84 above.

86. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Amended Third-Party Complaint.

87. The Travelers Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 87 to the extent they go beyond or are inconsistent with or go beyond the terms of that document.

88. The MDFA's expert report is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 88 to the extent they go beyond or are are inconsistent with or go beyond the terms of that document.

89. The Travelers Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 89 to the extent they go beyond or are inconsistent with the terms of that document.

90. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Amended Third-Party Complaint. Further answering, The Travelers Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 90 to the extent they go beyond or are inconsistent with the terms of that document.

91. The Travelers Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 91 to the extent they go beyond or are inconsistent with the terms of that document.

## COUNT XV
### (Performance Bond – American Home Assurance Company)

92. Spagnolo incorporates by reference its answers to paragraphs 1 through 91 above.

93.  Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Amended Third-Party Complaint.

94.  The American Home Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 94 to the extent they go beyond or are inconsistent with the terms of that document.

95.  The MDFA's expert report is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 95 to the extent they go beyond or are inconsistent with the terms of that document.

96.  The American Home Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 96 to the extent they go beyond or are inconsistent with the terms of that document.

97.  Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Amended Third-Party Complaint. Further answering, The American Home Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 97 to the extent they go beyond or are inconsistent with the terms of that document.

98.  The American Home Bond is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 98 to the extent they go beyond or are inconsistent with the terms of that document.

### COUNT XVI
### (Breach of Contract – Hartford Roofing Company, Inc.)

99.  Spagnolo incorporates by reference its answers to paragraphs 1 through 98 above.

100. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Amended Third-Party Complaint.

101. The Hartford Subcontract is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 101 to the extent they go beyond or are inconsistent with the terms of that document.

102. The MDFA lawsuit is a written document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 102 to the extent they go beyond or are inconsistent with the terms of that document.

103. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Amended Third-Party Complaint.

104. The April 156, 2004 letter from APDM to Hartford Roofing Company, Inc. is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 104 to the extent they go beyond or are inconsistent with that document.

105. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Amended Third-Party Complaint.

106. The Hartford Subcontract is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 106 to the extent they go beyond or are inconsistent with that document.

107. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Amended Third-Party Complaint. Further answering, The Hartford Subcontract is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 107 to extent they go beyond or are inconsistent with the terms of that document.

108. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Amended Third-Party Complaint.

## COUNT XVII
### (Indemnification and Contribution – Hartford Roofing Company, Inc.)

109. Spagnolo incorporates by reference its answers to paragraphs 1 through 108 above.

110. Spagnolo is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Amended Third-Party Complaint.

## COUNT XVIII
### (Breach of Contract – Spagnolo/Gisness Associates, Inc.)

111. Spagnolo incorporates by reference its answers to paragraphs 1 through 110 above.

112. Admitted.

113. The Spagnolo Agreement is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 113 that go beyond or are inconsistent with the terms of that document.

114. The MDFA lawsuit is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 114 that go beyond or are inconsistent with the terms of that document.

115. The MDFA's expert report is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 115 that go beyond or are inconsistent with the terms of that document. In further answering, Spagnolo denies that any design deficiency is attributable to Spagnolo.

116. The February 5, 2004 letter from APDM to Spagnolo/Gisness is a document that speaks for itself, and therefore Spagnolo denies the allegations in paragraph 116 that go beyond or are inconsistent with that document.

117. Denied to the extent that the allegations in paragraph 117 suggest that Spagnolo is obligated to indemnify and defend ADPM.

118. Denied.

119. Denied.

120. Denied.

## COUNT XIX
### (Indemnification and Contribution – Spagnolo/Gisness Associates, Inc.)

121. Spagnolo incorporates by reference its answers to paragraphs 1 through 120 above.

122. Denied.

### FIRST AFFIRMATIVE DEFENSE

The Amended Third-Party Complaint fails to state a claim against Spagnolo upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims against Spagnolo are barred by the doctrines of waiver and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

Spagnolo acted in good faith with respect to decisions, determinations and other actions performed and, therefore, is entitled to immunity from claims asserted in this action.

### FOURTH AFFIRMATIVE DEFENSE

The claims against Spagnolo are barred by laches.

### FIFTH AFFIRMATIVE DEFENSE

The claims against Spagnolo are barred because Spagnolo has performed all of its obligations under its agreement with ADPM.

### SIXTH AFFIRMATIVE DEFENSE

The claims against Spagnolo are barred by the terms of the agreement between Spagnolo and ADPM.

### SEVENTH AFFIRMATIVE DEFENSE

If the plaintiff were damaged as alleged, which Spagnolo denies, then said injury resulted from the acts and/or omissions of persons or entities for whose conduct Spagnolo is neither legally liable nor responsible. Accordingly, ADPM would not be entitled to recover from Spagnolo.

### EIGHTH AFFIRMATIVE DEFENSE

If the plaintiff were damaged as alleged, which Spagnolo denies, then said injury resulted from the plaintiff's own negligent acts and/or omissions. Accordingly, ADPM would not be entitled to recover from Spagnolo.

### NINTH AFFIRMATIVE DEFENSE

If the plaintiff establishes liability against ADPM it will be as a result of the direct and active negligence or other wrongdoing of ADPM and not as a result of alleged acts, errors or omissions of Spagnolo. Accordingly, ADPM would not be entitled to recover from Spagnolo.

**WHEREFORE,** Spagnolo Consulting Engineering Services, Inc., respectfully requests that the Amended Third-Party Complaint be dismissed with prejudice and judgment entered in Spagnolo's favor on the merits, that Spagnolo be awarded costs and attorneys' fees, and that Spagnolo be granted such further relief as this Court may deem just and proper.

### JURY CLAIM

Spagnolo respectfully demands a trial by jury to the fullest extent permitted by law.

Respectfully submitted,
**SPAGNOLO CONSULTING ENGINEERING SERVICES, INC.,**
By its attorneys,

David J. Hatem, PC
B.B.O. #225700
Warren D. Hutchison
BBO No. 246150
Carly B. Goldstein
BBO No. 654731
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
Tel: (617)406-4500

Dated: 6/15/04

00821053

## **CERTIFICATE OF SERVICE**

I, Warren D. Hutchison, Esquire, hereby certify that on this /5^L day of June, 2004, I served the attached *Answer and Counterclaim* by mailing a copy thereof, postage pre-paid to:

Andrew J. Tine, Esquire
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02210

John J. McNamara, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

Edward F. Vena, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Charles A. Plunkett, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Dwight T. Burns, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

Allen Whitestone
Black Cetkovic & Whitestone
200 Berkeley Street
Boston, MA 02116

Edward Coburn, Esquire
Taylor, Duane, Barton & Gilman, LLP
111 Devonshire Street
Boston, MA 02109

James J. Duane, Esquire
Taylor, Duane, Barton & Gilman
111 Devonshire Street
Boston, MA 02109

_____
Warren D. Hutchison

00837101