UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JUN 17 P 12: 58

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY,<br><br>  Plaintiff<br><br>v.<br><br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and<br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>  Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) NO. 04-CV-10203-PBS |
| ADP MARSHALL, INC.,<br><br>  Plaintiff-in-Counterclaim,<br><br>v.<br><br>MASSACHUSETTS DEVEOPMENT FINANCE AGENCY,<br><br>  Defendant-in-Counterclaim | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| ADP MARSHALL, INC.,<br><br>  Third-Party Plaintiff<br><br>v.<br><br>ALLIED CONSULTING ENGINEERING SERVICES, INC.,<br>ANDOVER CONTROLS CORPORATION, R&R WINDOW<br>CONTRACTORS, INC., DELTA KEYSPAN, INC. n/k/a DELTA<br>KEYSPAN, LLC, MADDISON ASSOCIATES, INC., UNITED<br>STATES FIEDELITY AND GUARANTY COMPANY,<br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br>NATIONAL GRANGE MUTUAL INSURANCE COMPANY,<br>TRAVELERS CASUALTY AND SURETY COMPANY OF<br>AMERICA, AMERICAN HOME ASSURANCE COMPANY,<br>HARTFORD ROOFING COMPANY, INC. and SPAGNOLO/<br>GISNESS & ASSOCIATES, INC.<br><br>  Third-Party Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND JURY DEMAND OF THE THIRD-PARTY DEFENDANT, ALLIED CONSULTING ENGINEERING SERVICES, INC., TO THE AMENDED THIRD-PARTY COMPLAINT

The Third-Party Defendant, Allied Consulting Engineering Services, Inc. ("Allied"), responds as follows to the allegations set forth in the Amended Third-Party Complaint:

1.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Third-Party Complaint.

2.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Third-Party Complaint.

3.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Third-Party Complaint.

4.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Third-Party Complaint.

5.    Admitted.

6.    The agreement between the Massachusetts Development Finance Agency ("MDFA") and ADP Marshall, Inc. ("ADPM") is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

7.    The agreement between ADPM and Allied is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

8.    The agreement between ADPM and Andover Controls Corporation ("Andover Controls") is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

9.    The agreement between ADPM and R&R Window Contractors, Inc. ("R&R") is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

2

10.    The agreement between APDM and Delta Keyspan, Inc. ("Delta Keyspan") is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

11.    Admitted.

12.    The listing of outstanding work items is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

13.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Third-Party Complaint.

14.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Third-Party Complaint.

15.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Third-Party Complaint.  Further answering, Allied admits that it received correspondence from ADPM dated November 18, 2002 that included correspondence from Whelan Associates, LLC dated September 6, 2002.

16.    The November 7, 2002 correspondence between ADPM and MDFA is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

17.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Third-Party Complaint.

18.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Third-Party Complaint.

19.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Third-Party Complaint.

20. Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Third-Party Complaint. Answering further, the MDFA Complaint is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

21. The Delta Subcontract is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

22. The R&R Subcontract is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

23. The Andover Subcontract is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

24. The Allied Subcontract is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

25. The January 26, 2004 correspondence from ADPM to Delta Keyspan is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

26. The January 26, 2004 correspondence from ADPM to R&R is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

27. The January 26, 2004 correspondence from ADPM to Andover Controls is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

28. The January 26, 2004 correspondence from ADPM to Allied is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

29.     Denied to the extent that the allegations suggest that Allied is obligated to indemnify and defend ADPM. Allied is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 29.

## COUNT I
### (Breach of Contract – Delta Keyspan)

30.     Allied incorporates by reference its answers to paragraphs 1 through 29 above.

31.     Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Third-Party Complaint.

32.     Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Amended Third-Party Complaint.

## COUNT II
### (Breach of Contract – R&R)

33.     Allied incorporates by reference its answers to paragraphs 1 through 32 above.

34.     Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Amended Third-Party Complaint.

35.     Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Amended Third-Party Complaint.

## COUNT III
### (Breach of Contract – Andover Controls)

36.     Allied incorporates by reference its answers to paragraphs 1 through 35 above.

37.     Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Amended Third-Party Complaint.

38.     Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Third-Party Complaint.

## COUNT IV
### (Breach of Contract – Allied Consulting)

39.     Allied incorporates by reference its answers to paragraphs 1 through 38 above.

40.    Denied.

41.    Denied.

WHEREFORE, Allied respectfully requests that this Court dismiss ADPM's claims against Allied and award Allied its costs, interest, and attorneys' fees incurred in the defense of this action.

## COUNT V
### (Indemnification and Contribution – Delta Keyspan)

42.    Allied incorporates by reference its answers to paragraphs 1 through 41 above.

43.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Third-Party Complaint.

## COUNT VI
### (Indemnification and Contribution – R&R)

44.    Allied incorporates by reference its answers to paragraphs 1 through 43 above.

45.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Third-Party Complaint.

## COUNT VII
### (Indemnification and Contribution – Andover Controls)

46.    Allied incorporates by reference its answers to paragraphs 1 through 45 above.

47.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Third-Party Complaint.

## COUNT VIII
### (Indemnification and Contribution – Allied Consulting)

48.    Allied incorporates by reference its answers to paragraphs 1 through 47 above.

49.    Denied.

WHEREFORE, Allied respectfully requests that this Court dismiss ADPM's claims against Allied and award Allied its costs, interest, and attorneys' fees incurred in the defense of this action.

## COUNT IX
### (Breach of Contract – Maddison Associates, Inc.)

50.     Allied incorporates by reference its answers to paragraphs 1 through 49 above.

51.     Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Amended Third-Party Complaint.

52.     The Maddison Subcontract is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

53.     Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Amended Third-Party Complaint.

54.     The MDFA lawsuit is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

55.     Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Amended Third-Party Complaint.

56.     The March 23, 2004 letter from ADPM to Maddison is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

57.     Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Amended Third-Party Complaint.

58.     The Maddison Subcontract is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

59.     Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Amended Third-Party Complaint.

60.     Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Amended Third-Party Complaint.

## COUNT X
### (Indemnification and Contribution – Maddison Associates, Inc.)

61.   Allied incorporates by reference its answers to paragraphs 1 through 60 above.

62.   Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Amended Third-Party Complaint.

## COUNT XI
### (Performance Bond – United States Fidelity and Guaranty Company)

63.   Allied incorporates by reference its answers to paragraphs 1 through 62 above.

64.   Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Amended Third-Party Complaint.

65.   The USF+G Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

66.   The Hartford subcontract is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

67.   The MDFA's expert report is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

68.   The USF+G Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

69.   Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Amended Third-Party Complaint. Further answering, The USF+G Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

70.   The USF+G Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

## COUNT XII
### (Performance Bond – Fidelity and Deposit Company)

71.    Allied incorporates by reference its answers to paragraphs 1 through 70 above.

72.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Amended Third-Party Complaint.

73.    The FDC Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

74.    The MDFA's expert report is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

75.    The FDC Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

76.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Amended Third-Party Complaint.  Further answering, The FDC Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

77.    The FDC Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

## COUNT XIII
### (Performance Bond – National Grange Mutual)

78.    Allied incorporates by reference its answers to paragraphs 1 through 77 above.

79.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Amended Third-Party Complaint.

80.    The National Grange Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

81.    The MDFA's expert report is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

82.    The National Grange Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

83.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Amended Third-Party Complaint. Further answering, The National Grange Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

84.    The National Grange Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

## COUNT XIV
### (Performance Bond – Travelers Casualty and Surety Company)

85.    Allied incorporates by reference its answers to paragraphs 1 through 84 above.

86.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Amended Third-Party Complaint.

87.    The Travelers Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

88.    The MDFA's expert report is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

89.    The Travelers Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

90.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Amended Third-Party Complaint. Further answering, The Travelers Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

91.    The Travelers Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

## COUNT XV
## (Performance Bond – American Home Assurance Company)

92.    Allied incorporates by reference its answers to paragraphs 1 through 91 above.

93.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Amended Third-Party Complaint.

94.    The American Home Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

95.    The MDFA's expert report is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

96.    The American Home Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

97.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Amended Third-Party Complaint.  Further answering, The American Home Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

98.    The American Home Bond is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

## COUNT XVI
## (Breach of Contract – Hartford Roofing Company, Inc.)

99.    Allied incorporates by reference its answers to paragraphs 1 through 98 above.

100.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Amended Third-Party Complaint.

101.    The Hartford Subcontract is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

102.    The MDFA lawsuit is a written document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

103.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Amended Third-Party Complaint.

104.    The April 156, 2004 letter from APDM to Hartford Roofing is a document that speaks for itself, and therefore Allied denies the allegations that go beyond or are inconsistent with that document.

105.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Amended Third-Party Complaint.

106.    The Hartford Subcontract is a document that speaks for itself, and therefore Allied denies the allegations that go beyond or are inconsistent with that document.

107.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Amended Third-Party Complaint.  Further answering, The Hartford Subcontract is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

108.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Amended Third-Party Complaint.

## COUNT XVII
### (Indemnification and Contribution – Hartford Roofing Company, Inc.)

109.    Allied incorporates by reference its answers to paragraphs 1 through 108 above.

110.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Amended Third-Party Complaint.

## COUNT XVIII
### (Breach of Contract – Spagnolo/Gisness Associates, Inc.)

111.    Allied incorporated by reference its answers to paragraphs 1 through 110 above.

112.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Amended Third-Party Complaint.

113.    The Spagnolo Agreement is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

114.    The MDFA lawsuit is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

115.    The MDFA's expert report is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

116.    The February 5, 2004 letter from APDM to Spagnolo/Gisness is a document that speaks for itself, and therefore Allied denies the allegations that go beyond or are inconsistent with that document.

117.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Amended Third-Party Complaint.

118.    The Spagnolo Agreement is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

119.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Amended Third-Party Complaint.  Further answering, The Spagnolo Agreement is a document that speaks for itself, and therefore Allied denies the allegations that are inconsistent with or go beyond the terms of that document.

120.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Amended Third-Party Complaint.

## COUNT XIX
**(Indemnification and Contribution – Spagnolo/Gisness Associates, Inc.)**

121.    Allied incorporates by reference its answers to paragraphs 1 through 120 above.

122.    Allied is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Amended Third-Party Complaint.

## JURY CLAIM

Allied hereby demands a trial by jury to the fullest extent permitted by law.

## FIRST AFFIRMATIVE DEFENSE

The Amended Third-Party Complaint fails to state a claim against Allied upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims against Allied are barred by the doctrines of waiver and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

Allied acted in good faith with respect to decisions, determinations and other actions performed and, therefore, is entitled to immunity from claims asserted in this action.

## FOURTH AFFIRMATIVE DEFENSE

The claims against Allied are barred by laches.

## FIFTH AFFIRMATIVE DEFENSE

The claims against Allied are barred because Allied has performed all of its obligations under its agreement with ADPM.

## SIXTH AFFIRMATIVE DEFENSE

The claims against Allied are barred by the terms of the agreement between Allied and ADPM.

## SEVENTH AFFIRMATIVE DEFENSE

If the plaintiff were damaged as alleged, which Allied denies, then said injury resulted from the acts and/or omissions of persons or entities for whose conduct Allied is neither legally liable nor responsible. Accordingly, ADPM would not be entitled to recover from Allied.

## EIGHTH AFFIRMATIVE DEFENSE

If the plaintiff were damaged as alleged, which Allied denies, then said injury resulted from the plaintiff's own negligent acts and/or omissions. Accordingly, ADPM would not be entitled to recover from Allied.

## NINTH AFFIRMATIVE DEFENSE

If the plaintiff establishes liability against ADPM it will be as a result of the direct and active negligence or other wrongdoing of ADPM and not as a result of alleged acts, errors or omissions of Allied. Accordingly, ADPM would not be entitled to recover contribution or indemnity from Allied.

**WHEREFORE,** Allied Consulting Engineering Services, Inc., respectfully requests that the Amended Third-Party Complaint be dismissed with prejudice and judgment entered in Allied's favor on the merits, that Allied be awarded costs and attorneys' fees, and that Allied be granted such further relief as this Court may deem just and proper.

Respectfully submitted,
ALLIED CONSULTING ENGINEERING
SERVICES, INC.,
By its attorneys,

David J. Hatem, PC
B.B.O. #225700
Jay S. Gregory, Esquire
B.B.O. #546708
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
Tel: (617)406-4500

Dated: June 10 2004

00821053

15

## CERTIFICATE OF SERVICE

I, Jay S. Gregory, Esquire, hereby certify that on this _16_ day of ~~March~~ June, 2004, I served the attached *Answer* by mailing a copy thereof, postage pre-paid to:

Andrew J. Tine, Esquire
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02210

Edward F. Vena, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Dwight T. Burns, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

Edward Coburn, Esquire
Taylor, Duane, Barton & Gilman, LLP
111 Devonshire Street
Boston, MA 02109

James J. Duane, Esquire
Taylor, Duane, Barton & Gilman
111 Devonshire Street
Boston, MA 02109

John J. McNamara, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

Charles A. Plunkett, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Warren D. Hutchison, Esquire
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210

Jay S. Gregory, Esquire

00821053