FILED
IN CLERKS OFFICE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION 2004 JUN 30 P 12: 15     CIVIL ACTION NO.     04-CV-10203 PBS

U.S. DISTRICT COURT
DISTRICT OF MASS.

MASSACHUSETTS DEVELOPMENT          )
FINANCE AGENCY,                    )
     Plaintiff,                   )
                               )
v.                                 )
                               )
ADP MARSHALL, INC., a FLUOR        )
DANIEL COMPANY and FIREMAN'S       )
FUND INSURANCE COMPANY,            )
                               )
     Defendants,                  )
                               )
_____    )
ADP MARSHALL, INC.,                )
     Plaintiff-in-Counterclaim,   )
v.                                 )
                               )
MASSACHUSETTS DEVELOPMENT          )
FINANCE AGENCY,                    )
     Defendant-in-Counterclaim    )
_____    )
ADP MARSHALL, INC.,                )
     Third Party Plaintiff,       )
                               )
v.                                 )
                               )
ALLIED CONSULTING ENGINEERING      )
SERVICES, INC., ANDOVER            )
CONTROLS CORPORATION, R&R          )
WINDOW CONTRACTORS, INC.,          )
DELTA KEYSPAN, INC. n/k/a DELTA    )
KEYSPAN, LLC, MADDISON ASSOCIATES,INC. )
UNITED STATES FIDELITY AND GUARANTY )
COMPANY, FIDELITY AND DEPOSIT COMPANY OF )
MARYLAND, NATIONAL GRANGE MUTUAL   )
INSURANCE COMPANY, TRAVELERS CASUALTY )
AND SURETY COMPANY OF AMERICA, AMERICAN )
HOME ASSURANCE COMPANY, HARTFORD ROOFING )

COMPANY, INC. and SPAGNOLO/GISNESS & )
ASSOCIATES, INC.,                     )
                                      )
                                      )
        Third-Party Defendants.       )

### ANSWER OF THIRD-PARTY DEFENDANT, AMERICAN HOME ASSURANCE COMPANY, TO THE FIRST AMENDED THIRD PARTY COMPLAINT

The third-party defendant, American Home Assurance Company, ("American"), answers the First Amended Third Party Complaint ("Third Party Complaint") of the defendant, ADP Marshall, Inc. ("ADP"), paragraph by paragraph as follows.

1.    American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Third Party Complaint.

2.    American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Third Party Complaint.

3.    American admits the allegations set forth in paragraph 3 of the Third Party Complaint.

4.    American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Third Party Complaint.

5.    American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Third Party Complaint.

6.   American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Third Party Complaint.

7.   American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Third Party Complaint.

8.   American admits that Andover Controls Corporation ("Andover") entered into a subcontract with ADP dated August 9, 2000.  American states that the subcontract speaks for itself and, therefore, American denies the remaining allegations set forth in paragraph 8 of the Third Party Complaint to the extent that they contradict, misstate, mischaracterize or otherwise go beyond the language and terms of the subcontract.

9.   American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Third Party Complaint.

10.  American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Third Party Complaint.

11.  American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Third Party Complaint.

12. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Third Party Complaint.

13. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Third Party Complaint.

14. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Third Party Complaint.

15. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Third Party Complaint.

16. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Third Party Complaint.

17. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Third Party Complaint.

18. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Third Party Complaint.

19. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Third Party Complaint.

20. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Third Party Complaint.

21. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Third Party Complaint.

22. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Third Party Complaint.

23. American states that the American Subcontract speaks for itself. American denies the remaining allegations set forth in paragraph 23 of the Third Party complaint to the extent that they contradict, misstate, mischaracterize or otherwise go beyond the language and terms of the American Subcontract.

24. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Third Party Complaint.

25. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Third Party Complaint.

26. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Third Party Complaint.

27.  American admits that ADP sent it a letter dated January 26, 2004, which letter was sent via overnight delivery. American states that the letter speaks for itself and American denies the remaining allegations set forth in paragraph 27 of the Third Party Complaint to the extent that the allegations contradict, misstate, mischaracterize or otherwise go beyond the language of the letter.

28.  American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Third Party Complaint.

29.  To the extent that the allegations set forth in paragraph 29 of the Third party Complaint pertain to Allied or American, American admits that Andover refused to indemnify and defend ADP because such an obligation is not yet required. American is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Third Party Complaint.

## COUNT I
### (Breach of Contract - Delta Keyspan)

30.  American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 29 of the Third Party Complaint as if set forth fully herein.

31.   The allegations set forth in paragraph 31 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

32.   The allegations set forth in paragraph 32 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

COUNT II
(Breach of Contract – R&R)

33.   American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 32 of the Third Party Complaint as if set forth fully herein.

34.   The allegations set forth in paragraph 34 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

35.   The allegations set forth in paragraph 34 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

COUNT III
(Breach of Contract – Andover Controls)

36.   American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 35 of the Third Party Complaint as if set forth fully herein.

37.   American denies the allegations set forth in paragraph 37 of the Third Party Complaint.

38.  American denies the allegations set forth in paragraph 38 of the Third Party Complaint.

## COUNT IV
### (Breach of Contract - Allied Consulting)

39.  American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 38 of the Third Party Complaint as if set forth fully herein.

40.  The allegations set forth in paragraph 40 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

41.  The allegations set forth in paragraph 41 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

## COUNT V
### (Indemnification and Contribution - Delta Keyspan)

42.  American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 41 of the Third Party Complaint as if set forth fully herein.

43.  The allegations set forth in paragraph 43 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

### COUNT VI
### (Indemnification and Contribution - R&R)

44. American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 43 of the Third Party Complaint as if set forth fully herein.

45. The allegations set forth in paragraph 45 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

### COUNT VII
### (Indemnification and Contribution - Andover Controls)

46. American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 45 of the Third Party Complaint as if set forth fully herein.

47. American denies the allegations set forth in paragraph 47 of the Third Party Complaint.

### COUNT VIII
### (Indemnification and Contribution - Allied Consulting)

48. American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 47 of the Third Party Complaint as if set forth fully herein.

49. The allegations set forth in paragraph 49 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

COUNT IX
(Breach of Contract – Maddison Associates, Inc.)

50. American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 49 of the Third Party Complaint as if set forth fully herein.

51. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Third Party Complaint.

52. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Third Party Complaint.

53. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Third Party Complaint.

54. The allegations set forth in paragraph 54 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

55. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Third Party Complaint.

56. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Third Party Complaint..

57. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Third Party Complaint.

58. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Third Party Complaint.

59. The allegations set forth in paragraph 59 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

60. The allegations set forth in paragraph 60 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

COUNT X
(Indemnification and Contribution - Maddison Associates, Inc.)

61. American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 60 of the Third Party Complaint as if set forth fully herein.

62. The allegations set forth in paragraph 62 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

COUNT XI
(Performance Bond - United States Fidelity and Guaranty Company)

63. American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 63 of the Third Party Complaint as if set forth fully herein.

11

64. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Third Party Complaint.

65. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Third Party Complaint.

66. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Third Party Complaint.

67. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Third Party Complaint.

68. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Third Party Complaint.

69. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Third Party Complaint.

70. The allegations set forth in paragraph 70 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

COUNT XII
(Performance Bond – Fidelity and Deposit Company)

71.  American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 70 of the Third Party Complaint as if set forth fully herein.

72.  American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Third Party Complaint.

73.  American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Third Party Complaint.

74.  American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Third Party Complaint.

75.  American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Third Party Complaint.

76.  American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Third Party Complaint.

77.  The allegations set forth in paragraph 77 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

COUNT XIII
(Performance Bond - National Grange Mutual)

78.  American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 77 of the Third Party Complaint as if set forth fully herein.

79.  American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Third Party Complaint.

80.  American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Third Party Complaint.

81.  American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Third Party Complaint.

82.  American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Third Party Complaint.

83.  American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Third Party Complaint.

84.  The allegations set forth in paragraph 84 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

## COUNT XIV
(Performance Bond – Travelers Casualty and Surety Company)

85.   American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 84 of the Third Party Complaint as if set forth fully herein.

86.   American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Third Party Complaint.

87.   American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Third Party Complaint.

88.   American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Third Party Complaint.

89.   American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Third Party Complaint.

90.   American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Third Party Complaint.

91.   The allegations set forth in paragraph 91 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

COUNT XV

(Performance Bond – American Home Assurance Company)

92.  American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 91 of the Third Party Complaint as if set forth fully herein.

93.  American admits the allegations set forth in paragraph 93 of the Third Party Complaint.

94.  American admits that it issued a performance bond to Andover and that said bond speaks for itself.

95.  American denies the allegations set forth in paragraph 95 of the Third Party Complaint.

96.  American states that the performance bond speaks for itself and, therefore, American denies the remaining allegations set forth in paragraph 96 of the Third Party Complaint to the extent that they contradict, misstate, mischaracterize or otherwise go beyond the language and terms of the performance bond.

97.  American denies the allegations set forth in paragraph 97 of the Third Party Complaint.

98.  American denies the allegations set forth in paragraph 98 of the Third Party Complaint.

16

COUNT XVI
(Breach of Contract - Hartford Roofing Company, Inc.)

99. American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 99 of the Third Party Complaint as if set forth fully herein.

100. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Third Party Complaint.

101. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Third Party Complaint.

102. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the Third Party Complaint.

103. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Third Party Complaint.

104. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Third Party Complaint.

105. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Third Party Complaint.

106. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Third Party Complaint.

107. The allegations set forth in paragraph 107 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

108. The allegations set forth in paragraph 108 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

COUNT XVII
(Indemnification and Contribution – Hartford Roofing Co., Inc.)

109. American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 108 of the Third Party Complaint as if set forth fully herein.

110. The allegations set forth in paragraph 110 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

COUNT XVIII
(Breach of Contract – Spagnolo/Gisness Associates, Inc.)

111. American repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 110 of the Third Party Complaint as if set forth fully herein.

112. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the Third Party Complaint.

18

113. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the Third Party Complaint.

114. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the Third Party Complaint.

115. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the Third Party Complaint.

116. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Third Party Complaint.

117. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Third Party Complaint.

118. American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the Third Party Complaint.

119. The allegations set forth in paragraph 119 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

120. The allegations set forth in paragraph 120 of the Third Party Complaint do not pertain to American and, as such, American offers no response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Third Party Complaint fails to state a cause of action against American for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The damages alleged by ADP in the Third Party Complaint are the result of acts and/or omissions of parties for whom American and/or Andover were not legally responsible and, therefore, American is not liable to ADP.

### THIRD AFFIRMATIVE DEFENSE

The damages alleged by the plaintiff are the result or acts and/or omissions of parties for whom American is not legally responsible and, therefore, American is not liable to ADP.

### FOURTH AFFIRMATIVE DEFENSE

ADP's claims against American are barred by the terms and provisions of the subcontract between ADP and Andover.

### FIFTH AFFIRMATIVE DEFENSE

American asserts all defenses asserted by or available to be asserted by Andover Controls Corporation.

### SIXTH AFFIRMATIVE DEFENSE

The allegations in the Third Party Complaint results from acts and/or omissions of third parties over whom American has no control.

20

WHEREFORE, American respectfully requests that this Court dismiss the Third Party Complaint as it pertains to American and award American its costs and attorneys' fees.

Respectfully submitted,

AMERICAN HOME ASSURANCE CORPORATION,

By its attorneys,

John J. McNamara
BBO No. 557882
Eric A. Howard
BBO No.     637514
DOMESTICO, LANE & MCNAMARA, LLP
161 Worcester Road
Framingham, MA  01701
(508) 626-9000

Dated:   June 30, 2004

21

## CERTIFICATE OF SERVICE

I, Eric A. Howard, hereby certify that I have, on this 30th day of June, 2004, served a copy of the within by first class mail upon the following:

Edward F. Vena, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Jay S. Gregory, Esquire
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210

Warren D. Hutchison, Esquire
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210

Eric H. Loeffler, Esquire
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210

Andrew J. Tine, Esquire
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02110

Stephen A. Izzi, Esquire
Holland & Knight LLP
One Financial Plaza
Providence, RI 02903

Edward Coburn, Esquire
Taylor, Duane, Barton & Gilman
LLP
111 Devonshire Street,
Boston, MA 02129

Allen Whitestone, Esquire
Black, Cetkovic & Whitestone
LLP
200 Berkeley Street
Boston, MA 02116

_Eric A. Howard_

Eric A. Howard