UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MASSACHUSETTS DEVELOPMENT FINANCE AGENCY,

Plaintiff,

v.

ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY,

Defendants.

ADP MARSHALL, INC.,

Third Party Plaintiff,

v.

ALLIED CONSULTING ENGINEERING SERVICES, INC., et al.,

Third Party Defendants.

CIVIL ACTION NO. 04 CV 10203 PBS

**UNITED STATES FIDELITY AND GUARANTY COMPANY'S ANSWER TO THE FIRST AMENDED THIRD PARTY COMPLAINT**

The defendant, United States Fidelity and Guaranty Company ("USF&G"), as and for its answer to the First Amended Third Party Complaint states as follows:

1. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 1 of the First Amended Third Party Complaint.

2. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 2 of the First Amended Third Party Complaint.

3. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of the First Amended Third Party Complaint.

4. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 of the First Amended Third Party Complaint.

5. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 5 of the First Amended Third Party Complaint.

6. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 6 of the First Amended Third Party Complaint.

7. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7 of the First Amended Third Party Complaint.

8. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of the First Amended Third Party Complaint.

9. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of the First Amended Third Party Complaint.

10. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 of the First Amended Third Party Complaint.

11. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11 of the First Amended Third Party Complaint.

12. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 of the First Amended Third Party Complaint.

13. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of the First Amended Third Party Complaint.

14. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14 of the First Amended Third Party Complaint.

15. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 of the First Amended Third Party Complaint.

16. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16 of the First Amended Third Party Complaint.

17. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17 of the First Amended Third Party Complaint.

18. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18 of the First Amended Third Party Complaint.

19. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 19 of the First Amended Third Party Complaint.

20. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20 of the First Amended Third Party Complaint.

21. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 21 of the First Amended Third Party Complaint.

22. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 22 of the First Amended Third Party Complaint.

23. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 23 of the First Amended Third Party Complaint.

24. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 24 of the First Amended Third Party Complaint.

25. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 25 of the First Amended Third Party Complaint.

26. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 26 of the First Amended Third Party Complaint.

27. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 27 of the First Amended Third Party Complaint.

28. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28 of the First Amended Third Party Complaint.

29. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 29 of the First Amended Third Party Complaint.

**COUNT I**

**(Breach of Contract – Delta Keyspan)**

30. USF&G incorporates herein by reference its answers to Paragraphs 1 through 29 of the First Amended Third Party Complaint as if fully set forth herein.

31. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 31 of the First Amended Third Party Complaint.

32. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 32 of the First Amended Third Party Complaint.

**COUNT II**

**(Breach of Contract – R&R)**

33. USF&G incorporates herein by reference its answers to Paragraphs 1 through 32 of the First Amended Third Party Complaint as if fully set forth herein.

34. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 34 of the First Amended Third Party Complaint.

35. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 35 of the First Amended Third Party Complaint.

**COUNT III**

**(Breach of Contract – Andover Controls)**

36. USF&G incorporates herein by reference its answers to Paragraphs 1 through 35 of the First Amended Third Party Complaint as if fully set forth herein.

37. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 37 of the First Amended Third Party Complaint.

38. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 38 of the First Amended Third Party Complaint.

**COUNT IV**

**(Breach of Contract – Allied Consulting)**

39. USF&G incorporates herein by reference its answers to Paragraphs 1 through 38 of the First Amended Third Party Complaint as if fully set forth herein.

40. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 40 of the First Amended Third Party Complaint.

41. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 41 of the First Amended Third Party Complaint.

**COUNT V**

**(Indemnification and Contribution – Delta Keyspan)**

42. USF&G incorporates herein by reference its answers to Paragraphs 1 through 41 of the First Amended Third Party Complaint as if fully set forth herein.

43. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 43 of the First Amended Third Party Complaint.

**COUNT VI**

**(Indemnification and Contribution – R&R)**

44. USF&G incorporates herein by reference its answers to Paragraphs 1 through 43 of the First Amended Third Party Complaint as if fully set forth herein.

45. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 45 of the First Amended Third Party Complaint.

**COUNT VII**

**(Indemnification and Contribution – Andover Controls)**

46. USF&G incorporates herein by reference its answers to Paragraphs 1 through 45 of the First Amended Third Party Complaint as if fully set forth herein.

47. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 47 of the First Amended Third Party Complaint.

**COUNT VIII**

**(Indemnification and Contribution – Allied Consulting)**

48. USF&G incorporates herein by reference its answers to Paragraphs 1 through 47 of the First Amended Third Party Complaint as if fully set forth herein.

49. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 49 of the First Amended Third Party Complaint.

**COUNT IX**

**(Breach of Contract – Maddison Associates, Inc.)**

50. USF&G incorporates herein by reference its answers to Paragraphs 1 through 49 of the First Amended Third Party Complaint as if fully set forth herein.

51. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 51 of the First Amended Third Party Complaint.

52. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 52 of the First Amended Third Party Complaint.

53. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 53 of the First Amended Third Party Complaint.

54. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 54 of the First Amended Third Party Complaint.

55. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 55 of the First Amended Third Party Complaint.

56. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 56 of the First Amended Third Party Complaint.

57. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 57 of the First Amended Third Party Complaint.

58. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 58 of the First Amended Third Party Complaint.

59. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 59 of the First Amended Third Party Complaint.

60. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 60 of the First Amended Third Party Complaint.

**COUNT X**

**(Indemnification and Contribution – Maddison Associates, Inc.)**

61. USF&G incorporates herein by reference its answers to Paragraphs 1 through 60 of the First Amended Third Party Complaint as if fully set forth herein.

62. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 62 of the First Amended Third Party Complaint.

## COUNT XI

### (Performance Bond – USF&G)

63. USF&G incorporates herein by reference its answers to Paragraphs 1 through 62 of the First Amended Third Party Complaint as if fully set forth herein.

64. USF&G admits the allegations contained in Paragraph 64 of the First Amended Third Party Complaint.

65. USF&G admits that it issued a bond, as surety, and further answering, states that the bond is a written document, the terms of which are self-explanatory.

66. USF&G admits a subcontract and, further answering, states that the subcontract is a written document, the terms of which are self-explanatory.

67. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 67 of the First Amended Third Party Complaint.

68. USF&G states that the bond is a written document, the terms of which are self-explanatory.

69. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 69 of the First Amended Third Party Complaint.

70. USF&G states that the bond is a written document, the terms of which are self-explanatory.

## COUNT XII

### (Performance Bond – F&D)

71. USF&G incorporates herein by reference its answers to Paragraphs 1 through 70 of the First Amended Third Party Complaint as if fully set forth herein.

72. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 72 of the First Amended Third Party Complaint.

73. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 73 of the First Amended Third Party Complaint.

74. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 74 of the First Amended Third Party Complaint.

75. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 75 of the First Amended Third Party Complaint.

76. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 76 of the First Amended Third Party Complaint.

77. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 77 of the First Amended Third Party Complaint.

**COUNT XIII**

**(Performance Bond – F&D)**

78. USF&G incorporates herein by reference its answers to Paragraphs 1 through 77 of the First Amended Third Party Complaint as if fully set forth herein.

79. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 79 of the First Amended Third Party Complaint.

80. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 80 of the First Amended Third Party Complaint.

81. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 81 of the First Amended Third Party Complaint.

82. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 82 of the First Amended Third Party Complaint.

83. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 83 of the First Amended Third Party Complaint.

84. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 84 of the First Amended Third Party Complaint.

**COUNT XIV**

**(Performance Bond – Travelers)**

85. USF&G incorporates herein by reference its answers to Paragraphs 1 through 84 of the First Amended Third Party Complaint as if fully set forth herein.

86. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 86 of the First Amended Third Party Complaint.

87. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 87 of the First Amended Third Party Complaint.

88. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 88 of the First Amended Third Party Complaint.

89. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 89 of the First Amended Third Party Complaint.

90. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 90 of the First Amended Third Party Complaint.

91. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 91 of the First Amended Third Party Complaint.

**COUNT XII**

**(Performance Bond – American Home Assurance Company)**

92. USF&G incorporates herein by reference its answers to Paragraphs 1 through 91 of the First Amended Third Party Complaint as if fully set forth herein.

93. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 93 of the First Amended Third Party Complaint.

94. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 94 of the First Amended Third Party Complaint.

95. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 95 of the First Amended Third Party Complaint.

96. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 96 of the First Amended Third Party Complaint.

97. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 97 of the First Amended Third Party Complaint.

98. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 98 of the First Amended Third Party Complaint.

**COUNT XVI**

**(Breach of Contract – Hartford Roofing)**

99. USF&G incorporates herein by reference its answers to Paragraphs 1 through 98 of the First Amended Third Party Complaint as if fully set forth herein.

100. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 100 of the First Amended Third Party Complaint.

101. USF&G states that the subcontract is a written document, the terms of which are self-explanatory.

102. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 102 of the First Amended Third Party Complaint.

103. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 103 of the First Amended Third Party Complaint.

104. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 104 of the First Amended Third Party Complaint.

105. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 105 of the First Amended Third Party Complaint.

106. USF&G states that the subcontract is a written document, the terms of which are self-explanatory.

107. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 107 of the First Amended Third Party Complaint.

108. USF&G denies the allegations contained in Paragraph 108 of the First Amended Third Party Complaint.

**COUNT XVII**

**(Indemnification and Contribution – Hartford Roofing)**

109. USF&G incorporates herein by reference its answers to Paragraphs 1 through 108 of the First Amended Third Party Complaint as if fully set forth herein.

110. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 110 of the First Amended Third Party Complaint.

**COUNT XVIII**

**(Breach of Contract – Spagnolo/Gisness Associates, Inc.)**

111. USF&G incorporates herein by reference its answers to Paragraphs 1 through 110 of the First Amended Third Party Complaint as if fully set forth herein.

112. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 112 of the First Amended Third Party Complaint.

113. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 113 of the First Amended Third Party Complaint.

114. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 114 of the First Amended Third Party Complaint.

115. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 115 of the First Amended Third Party Complaint.

116. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 116 of the First Amended Third Party Complaint.

117. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 117 of the First Amended Third Party Complaint.

118. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 118 of the First Amended Third Party Complaint.

119. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 119 of the First Amended Third Party Complaint.

120. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 120 of the First Amended Third Party Complaint.

**COUNT XIX**

**(Indemnification and Contribution – Spagnolo/Gisness Associates, Inc.)**

121. USF&G incorporates herein by reference its answers to Paragraphs 1 through 121 of the First Amended Third Party Complaint as if fully set forth herein.

122. USF&G is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 122 of the First Amended Third Party Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The third party plaintiff has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The third party plaintiff's claims may be barred or limited by its failure to comply strictly with the terms of the subcontract and/or the bond which is sought to be enforced.

### THIRD AFFIRMATIVE DEFENSE

The third party plaintiff's claims may be barred or limited by the doctrines of waiver, estoppel and/or release.

### FOURTH AFFIRMATIVE DEFENSE

The third party plaintiff's claims may be barred or limited to the extent it materially and willfully breached its subcontract with Hartford.

### FIFTH AFFIRMATIVE DEFENSE

Any damages allegedly incurred by the third party plaintiff may have resulted from the acts and/or omissions of those over whom USF&G has no control.

### SIXTH AFFIRMATIVE DEFENSE

The third party plaintiff's right of recovery in this case is barred to the extent that the third party plaintiff did not satisfy the conditions precedent set forth in the subcontract, the bond and/or applicable statutes.

**SEVENTH AFFIRMATIVE DEFENSE**

The third party plaintiff's claims may be barred or limited to the extent it failed to give timely and proper notice, or failed to comply with applicable limitations periods.

**EIGHTH AFFIRMATIVE DEFENSE**

The third party plaintiff's claims may be barred or limited to the extent that it actions or inactions have prejudiced USF&G, as surety.

**NINTH AFFIRMATIVE DEFENSE**

USF&G, as surety, hereby asserts all defenses asserted by, or available to be asserted by, its principal, Hartford Roofing Company, Inc.

WHEREFORE, having fully answered, United States Fidelity and Guaranty Company requests that the third party plaintiff's First Amended Third Party Complaint be dismissed and that USF&G recover its costs and attorneys' fees herein as allowed by contract or by law.

Respectfully submitted,

UNITED STATES FIDELITY AND GUARANTY COMPANY,

By its attorneys,

/s/ Eric H. Loeffler
Bradford R. Carver, BBO #565396
Eric H. Loeffler, BBO#641289
Cetrulo & Capone LLP
Two Seaport Lane
Boston, Massachusetts 02210
(617) 217-5500