UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04 CV 10203 PBS

|  |  |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>　　　Plaintiff,<br><br>vs.<br><br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| ADP MARSHALL, INC.<br>　　　Third Party Plaintiff,<br><br>vs.<br><br>MADDISON ASSOCIATES, INC., et. al.<br>　　　Third Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND JURY DEMAND OF THIRD PARTY DEFENDANT MADDISON ASSOCIATES, INC.

The third party defendant Maddison Associates, Inc. hereby responds to the third party

plaintiff's complaint as follows:

1-49. The third party defendant is without information to admit or deny the averments

contained in paragraphs 1 through 49 of the third party complaint, and Maddison calls upon ADP

Marshall to prove same, if material.

1

50. Maddison repeats and realleges its responses to paragraphs 1-50 as if set forth in full.

51. Maddison admits only that it was, at the times relevant to the complaint, incorporated at the address alleged.

52. Admitted.

53. Denied.

54. Admitted.

55-56. Denied.

57. Denied, and Maddison further states that it has no duty to defend or indemnify ADP Marshall.

58-60. Denied.

61. Maddison repeats and realleges its responses to paragraphs 1-60 as if set forth in full.

62. Denied.

63-122. The third party defendant is without information to admit or deny the averments contained in paragraphs 63 through 122 of the third party complaint, and Maddison calls upon ADP Marshall to prove same, if material.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Third party plaintiff has failed to state a cause of action for which relief may be granted.

### Second Affirmative Defense

Third party plaintiff's claims are barred or should be reduced due to the fact that the plaintiff and third party plaintiff's failed to mitigate their damages, if any.

### Third Affirmative Defense

All claims are barred due to the fact that the negligence of the plaintiff and or third party plaintiff were greater than the alleged negligence of the third party defendant and that such negligence of the plaintiff and/or third party plaintiff contributed to their alleged damages, and therefore, the plaintiff and the third party plaintiff are barred from recovery under M.G.L. c. 231, §85.

### Fourth Affirmative Defense

The claims are barred due to the fact that the plaintiff was contributorily negligent and the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. c. 231, §86.

### Fifth Affirmative Defense

Third party plaintiff's  claims are barred by its conduct and actions and it is therefore estopped from recovering any judgment against the defendant.

### Sixth Affirmative Defense

All claims are barred because if the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct the third party defendant was not and is not legally responsible.

### Seventh Affirmative Defense

Plaintiff's claims are barred due to insufficient process.

### Eighth Affirmative Defense

Plaintiff's claims are barred due to insufficient service of process.

3

### Ninth Affirmative Defense

Any claims for indemnity are barred on the grounds that no such agreement was ever entered into, the agreement is void on the grounds of public policy and unconscionability, and violative of G.L. c. 149, sec. 29C.

### Tenth Affirmative Defense

Plaintiff's claims are barred due to the fact that the plaintiff's alleged injuries or damages were caused in whole or in part by the negligence of the plaintiff.

### Eleventh Affirmative Defense

Plaintiff cannot recover against third party defendant because plaintiff failed to give notice of the damages and/or injuries allegedly suffered by the plaintiff to defendant as required by the statutes of the Commonwealth of Massachusetts.

### Twelfth Affirmative Defense

Plaintiff cannot recover against defendant due to the fact that no act or omission by third party defendant was a proximate cause of damages, if any, allegedly sustained by the plaintiff.


WHEREFORE, the third party defendant Maddison Associates, Inc. hereby requests that this Honorable Court after hearing:

1. Dismiss the third party plaintiff's complaint;

2. Enter judgment in favor of the third party defendant;

3. Award third party defendant its costs incurred in the defense of this action; and,

4. Award such other relief as this Court deems just.

4

## JURY DEMAND

The third party defendant hereby demands a trial by jury on all issues so triable.

MADDISON ASSOCIATES, INC.,
By their attorneys,

Robert R. Pierce (BBO#549172)
James F. Kavanaugh (BBO # 646515)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444

5

## CERTIFICATE OF SERVICE

I, Robert R. Pierce, hereby certify that on this 2nd day of November, 2004 I served Answer and Jury Demand of Third Party Defendant Maddison Associates, Inc., by first class mail, postage prepaid upon the following counsel of record:

Eric Howard, Esq.
Domestico, Lane & McNamara
161 Worcester Road
Framingham, MA 01701

Andrew J. Tine, Esq.
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02110

Warren D. Hutchison, Esq.
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Alan Whitestone, Esq.
Black, Cetkovic & Whitestone
200 Berkeley Street
Boston, MA 02116

Jay Gregory, Esq.
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road
Plymouth, MA 02360

Edward F. Vena, Esq.
Vena Riley Deptula, LLP
250 Summer Street
Boston, MA 02210

_____
Robert R. Pierce