UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION          CIVIL ACTION NO. 04-CV-10203 PBS

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Plaintiff | :<br>:<br>:<br>: |
| v. | : |
| ADP MARSHALL, INC., a FLUOR DANIEL COMPANY and FIREMAN'S FUND INSURANCE COMPANY<br>    Defendants | :<br>:<br>:<br>:<br>: |
| v. | : |
| ALLIED CONSULTING ENGINEERING SERVICES, INC., ANDOVER CONTROLS CORPORATION, R&R WINDOW CONTRACTORS, INC., and DELTA KEYSPAN, INC. n/k/a DELTA KEYSPAN, LLC, MADDISON ASSOCIATES, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY FIDELITY AND DEPOSIT OF MARYLAND NATIONAL GRANGE MUTUAL INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, AMERICAN HOME ASSURANCE COMPANY, HARTFORD ROOFING COMPANY, INC. and SPAGNOLO/GISNESS & ASSOCIATES, INC.<br>    Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## AMENDED ANSWER OF THIRD-PARTY DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA TO THE FIRST AMENDED THIRD-PARTY COMPLAINT

Third-party defendant Travelers Casualty and Surety Company of America ("Travelers"), hereby answers the First Amended Third Party Complaint ("Third Party Complaint").

1. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Third Party Complaint.

2. Travelers admits the allegation contained in paragraph 2 of the Third Party Complaint.

3. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Third Party Complaint.

4. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Third Party Complaint.

5. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Third Party Complaint.

6. Travelers admits the allegation contained in paragraph 6 of the Third Party Complaint.

7. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Third Party Complaint.

8. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Third Party Complaint.

9. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Third Party Complaint.

10. Travelers admits the allegation contained in paragraph 10 of the Third Party Complaint.

11. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Third Party Complaint.

12. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Third Party Complaint.

13. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Third Party Complaint.

14. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Third Party Complaint.

15. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Third Party Complaint.

16. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Third Party Complaint.

17. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Third Party Complaint.

18. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Third Party Complaint.

19. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Third Party Complaint.

20. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Third Party Complaint.

21. Travelers admits that there is a subcontract between Delta and ADPM and that the document speaks for itself.

22. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Third Party Complaint.

23. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Third Party Complaint.

24. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Third Party Complaint.

25. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Third Party Complaint.

26. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Third Party Complaint.

27. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Third Party Complaint.

28. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Third Party Complaint.

29. To the extent that the allegations set forth in paragraph 29 of the Third Party Complaint pertain to Delta, Travelers has no information regarding Delta's refusal to indemnify and defend ADP, and to the extent it has refused, the reasons for same.

## COUNT I
(Breach of Contract – Delta Keyspan)

30. Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 29 of the Third Party Complaint as if set forth fully herein.

31. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Third Party Complaint.

32. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Third Party Complaint.

## COUNT II
(Breach of Contract – R&R)

33. Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 33 of the Third Party Complaint as if set forth fully herein.

34. The allegations set forth in paragraph 34 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

35. Allegations set forth in paragraph 35 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

COUNT III
(Breach of Contract – Andover Controls)

36. Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 35 of the Third Party Complaint as if set forth fully herein.

37. The allegations set forth in paragraph 37 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

38. The allegations set forth in paragraph 38 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

COUNT IV
(Breach of Contract – Allied Consulting)

39. Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 38 of the Third Party Complaint as if set forth fully herein.

40. The allegations set forth in paragraph 40 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

41. The allegations set forth in paragraph 41 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

## COUNT V
(Indemnification and Contribution – Delta Keyspan)

42. Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 41 of the Third Party Complaint as if set forth fully herein.

43. The allegations set forth in paragraph 43 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

## COUNT VI
(Indemnification and Contribution – R&R)

44. Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 43 of the Third Party Complaint as if set forth fully herein.

45. The allegations set forth in paragraph 45 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

## COUNT VII
(Indemnification and Contribution – Andover Controls)

46. Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 45 of the Third Party Complaint as if set forth fully herein.

47. The allegations set forth in paragraph 47 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

## COUNT VIII
(Indemnification and Contribution – Allied Consulting)

48. Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 47 of the Third Party Complaint as if set forth fully herein.

49. The allegations set forth in paragraph 49 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

## COUNT IX
(Breach of Contract – Maddison Associates, Inc.)

50. Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 49 of the Third Party Complaint as if set forth fully herein.

51. The allegations set forth in paragraph 51 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

52. The allegations set forth in paragraph 52 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

53. The allegations set forth in paragraph 53 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

54. The allegations set forth in paragraph 54 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

55. The allegations set forth in paragraph 55 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

56. The allegations set forth in paragraph 56 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

57.  The allegations set forth in paragraph 57 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

58.  The allegations set forth in paragraph 58 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

59.  The allegations set forth in paragraph 59 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

60.  The allegations set forth in paragraph 60 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

## COUNT X
(Indemnification and Contribution – Maddison Associates, Inc.)

61.  Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 60 of the Third Party Complaint as if set forth fully herein.

62.  The allegations set forth in paragraph 62 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

## COUNT XI
(Performance Bond – United States Fidelity and Guaranty Company)

63.  Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 62 of the Third Party Complaint as if set forth fully herein.

64.  The allegations set forth in paragraph 64 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

65.  The allegations set forth in paragraph 65 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

66.  The allegations set forth in paragraph 66 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

67.  The allegations set forth in paragraph 67 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

68.  The allegations set forth in paragraph 68 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

69.  The allegations set forth in paragraph 69 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

70.  The allegations set forth in paragraph 70 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

## COUNT XII
(Performance Bond – Fidelity and Deposit Company)

71.  Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 70 of the Third Party Complaint as if set forth fully herein.

72.  The allegations set forth in paragraph 72 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

73.  The allegations set forth in paragraph 73 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

74.  The allegations set forth in paragraph 74 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

75.  The allegations set forth in paragraph 75 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

76. The allegations set forth in paragraph 76 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

77. The allegations set forth in paragraph 77 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

### COUNT XIII
(Performance Bond – National Grange Mutual)

78. Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 77 of the Third Party Complaint as if set forth fully herein.

79. The allegations set forth in paragraph 79 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

80. The allegations set forth in paragraph 80 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

81. The allegations set forth in paragraph 81 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

82. The allegations set forth in paragraph 82 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

83. The allegations set forth in paragraph 83 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

84. The allegations set forth in paragraph 84 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

## COUNT XIV
(Performance Bond – Travelers Casualty and Surety Company)

85.  Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 84 of the Third Party Complaint as if set forth fully herein.

86.  Travelers admits that its principal office is at One Tower Square, Hartford, CT, 06183.

87.  Travelers admits that it provided a performance bond.

88.  Travelers admits that MDFA produced an expert report. The remaining allegations are denied.

89.  Travelers admits that it issued a bond and that the bond speaks for itself.

90.  Travelers denies the allegations set forth in paragraph 90 of the Third Party Complaint.

91.  Travelers denies the allegations set forth in paragraph 91 of the Third Party Complaint.

## COUNT XV
(Performance Bond – American Home Assurance Company)

92.  Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 91 of the Third Party Complaint as if set forth fully herein.

93.  The allegations set forth in paragraph 93 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

94. The allegations set forth in paragraph 94 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

95. The allegations set forth in paragraph 95 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

96. The allegations set forth in paragraph 96 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

97. The allegations set forth in paragraph 97 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

98. The allegations set forth in paragraph 98 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

## COUNT XVI
(Breach of Contract – Hartford Roofing Company, Inc.)

99. Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 98 of the Third Party Complaint as if set forth fully herein.

100. The allegations set forth in paragraph 100 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

101. The allegations set forth in paragraph 101 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

102. The allegations set forth in paragraph 102 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

103. The allegations set forth in paragraph 103 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

104. The allegations set forth in paragraph 104 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

105. The allegations set forth in paragraph 105 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

106. The allegations set forth in paragraph 106 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

107. The allegations set forth in paragraph 107 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

108. The allegations set forth in paragraph 108 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

## COUNT XVII
(Indemnification and Contribution -- Hartford Roofing Co., Inc.)

109. Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 108 of the Third Party Complaint as if set forth fully herein.

110. The allegations set forth in paragraph 110 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

## COUNT XVIII
(Breach of Contract -- Spagnolo/Gisness Associates, Inc.)

111. Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 110 of the Third Party Complaint as if set forth fully herein.

112. The allegations set forth in paragraph 112 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

113. The allegations set forth in paragraph 113 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

114. The allegations set forth in paragraph 114 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

115. The allegations set forth in paragraph 115 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

116. The allegations set forth in paragraph 116 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

117. The allegations set forth in paragraph 117 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

118. The allegations set forth in paragraph 118 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

119. The allegations set forth in paragraph 119 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

120. The allegations set forth in paragraph 120 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

121. Travelers repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 120 of the Third Party Complaint as if set forth fully herein.

122. The allegations set forth in paragraph 122 of the Third Party Complaint do not pertain to Travelers and, as such, Travelers offers no response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Third Party Complaint fails to state a claim.

### SECOND AFFIRMATIVE DEFENSE

The damages alleged in the Third Party Complaint are the result of acts and/or omissions of parties for whom Travelers and/or Delta were not legally responsible and, therefore, Travelers is not liable to ADP.

### THIRD AFFIRMATIVE DEFENSE

ADP's claims against Travelers are barred by the terms and provisions of the subcontract between ADP and Delta.

WHEREFORE, Travelers respectfully requests that this Court dismiss the Third Party Complaint as it pertains to Travelers and award Travelers its costs and attorneys' fees.

    Respectfully submitted,

    TRAVELERS CASUALTY AND SURETY
    COMPANY OF AMERICA
    By its attorneys,

    _____
    William E. O'Gara, Esq. (BBO# 555256)
    HOLLAND & KNIGHT, LLP
    One Financial Plaza, Suite 1800
    Providence, RI  02903
    (401) 751-8500

## CERTIFICATION

I hereby certify that I have mailed a copy of the within first class mail, postage prepaid on ____ day of November, 2004 to the following:

Edward F. Vena, Esq.
Vena, Riley, Deptula, LLP
250 Summers Street, 2nd Floor
Boston, MA 02210

Andrew J. Tine, Esq.
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02110

Jay S. Gregory, Esq.
Warren D. Hutchison, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210

John J. McNamara, Esq.
Eric Howard, Esq.
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

James J. Duane, III, Esq.
Edward Coburn, Esq.
Taylor, Duane, Barton & Gilman, LLP
111 Devonshire Street
Boston, MA 02109

Robert R. Pierce, Esq.
James F. Kavanaugh, Esq.
Pierce & Mandell, PC
11 Beacon Street
Boston, MA 02108

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road
Plymouth, MA 02360

Alan Whitestone, Esq.
Black, Cetkovic & Whitestone
200 Berkeley Street
Boston, MA 02116

Eric H. Loeffler, Esq.
Cetrulo & Capone, LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210

# 2330389_v1

18