UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Plaintiff,<br><br>v.<br><br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY<br>    Defendants.<br><br>ADP MARSHALL, INC.<br>    Plaintiff-in-Counterclaim,<br><br>v.<br><br>MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Defendant-in-Counterclaim.<br><br>ADP MARSHALL, INC.<br>    Third Party Plaintiff,<br><br>v.<br><br>ALLIED CONSULTING ENGINEERING SERVICES, INC., ANDOVER CONTROLS CORPORATION, R&R WINDOW CONTRACTORS, INC., and DELTA KEYSPAN, INC. n/k/a DELTA KEYSPAN, LLC et al.<br>    Third Party Defendants. | C.A. No. 04 CV 10203 PBS |

**DEFENDANTS ADP MARSHALL, INC.'S AND FIREMAN'S FUND INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF MDFA**

-1-

ADP Marshall, Inc. ("ADPM") and Fireman's Fund Insurance Company respectfully submit this motion for summary judgment as to the Massachusetts Development Finance Agency's ("MDFA") Complaint dated December 2, 2003. Provided herewith in support of this motion is a memorandum of law and an affidavit of Tom Hughes.

ADPM and the MDFA litigated before the Commonwealth of Massachusetts, Division of Administrative Law Appeals ("DALA"), whether or not ADPM should be paid its contract balance. In defense of payment, the MDFA alleged that ADPM breached the contract in its preparation and use of trade coordination drawings, not limited to the HVAC system, and the MDFA claimed damages sustained as a result thereof. The claims being advanced before this Court are *res judicata*. The MDFA should be precluded from re-litigating whether ADPM breached the contract and/or was negligent in its performance under the contract since these same legal theories were advanced in a prior proceeding to defend against the payment of ADPM's contract balance.

Further, the underlying factual claims (the design, coordination and installation of the HVAC system) are being called into question in both proceedings.[1] The present claims are not new issues (i.e. latent defects) and are patent by their very nature. Rather, the MDFA documented many of these complaints in a letter to ADPM dated September 6, 2002, months in advance of the start of the DALA hearings.[2] The MDFA should be precluded from raising these HVAC design and construction issues twice, in two separate forums.

---

[1] There are two distinct factual bases that give rise to the MDFA's Complaint: the performance of the HVAC system; and 2) window/caulking leaks.

[2] The DALA hearings occurred in December 2002 and April 2003.

-2-

Separately, the MDFA should be precluded from advancing its current set of complaints because they are untimely, pursuant to the guarantee clause under the Contract, requiring such claims to be advanced within one (1) year of the Certificate of Occupancy being issued. The MDFA's exclusive remedy, per the Contract, for such claims, was to timely demand re-performance by ADPM, or the enforcement of ADPM's vendor guarantees. The MDFA failed to timely assert a claim under the guarantee.

WHEREFORE, ADP Marshall, Inc. and Fireman's Fund Insurance Company request that the MDFA be precluded from advancing its Complaint because: 1) it requires re-litigating claims and issues that were or should have been litigated before DALA; and/or 2) the claims fall outside the guarantee period, the MDFA's exclusive remedy per the Contract.

Respectfully submitted,

DEFENDANTS,
ADP Marshall, Inc. and Fireman's Fund Insurance Company
By their attorneys,

Andrew J. Tine (BBO#633639)
Richard Fox (BBO#651173)
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02110
(617) 428-0266 - Telephone
(617) 428-0276 - Fax

CERTIFICATION PURSUANT TO LOCAL RULE 7.1
I, Andrew J. Tine, attorney for ADP Marshall, Inc., certify that I have conferred with Ed Vena, Esq. and have attempted in good faith to resolve or narrow the issues set forth in this motion for summary judgment.

Andrew J. Tine

## CERTIFICATE OF SERVICE

      I hereby certify that I served a copy of the foregoing motion via United States Mail postage prepaid this 30th day of November, 2004 to the following:

Edward F. Vena, Esq.
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

John Bruno, Esq.
Masi & Bruno
124 Long Pond Road, Unit 11
Plymouth, MA 02360

David Hatem, Esq.
Jay S. Gregory, Esq.
Warren Hutchison, Esq.
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Robert Pierce, Esq.
Pierce & Mandell, PC
11 Beacon Street, Suite 800
Boston, MA 02108

John McNamara, Esq.
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

Eric Loeffler, Esq.
Cetrulo & Capone, LLP
Two Seaport Lane, 10th Floor
Boston, MA 02149

Allen Whitestone, Esq.
Black, Cetkovic & Whitestone
200 Berkeley Street
Boston, MA 02116

William O'Gara, Esq.
Holland & Knight, LLP
One Financial Plaza
Providence, RI 02903

_____
Andrew J. Tine, Esq.