**COMMONWEALTH OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT ) <br> FINANCE AGENCY ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADP MARSHALL, INC., a FLUOR ) <br> DANIEL COMPANY, and FIREMAN'S ) <br> FUND INSURANCE COMPANY ) <br> Defendants. ) <br> _____) <br> ) <br> ADP MARSHALL, INC. ) <br> Plaintiff-in-Counterclaim, ) <br> ) <br> v. ) <br> ) <br> MASSACHUSETTS DEVELOPMENT ) <br> FINANCE AGENCY ) <br> Defendant-in-Counterclaim. ) <br> _____) <br> ) <br> ADP MARSHALL, INC. ) <br> Third Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALLIED CONSULTING ENGINEERING ) <br> SERVICES, INC., ANDOVER CONTROLS ) <br> CORPORATION, R&R WINDOW ) <br> CONTRACTORS, INC., and DELTA ) <br> KEYSPAN, INC. n/k/a DELTA ) <br> KEYSPAN, LLC et al. ) <br> Third Party Defendants. ) <br> _____) | C.A. No. 04 CV 10203 PBS |

## AFFIDAVIT OF TOM HUGHES IN SUPPORT OF ADP MARSHALL'S MOTION FOR SUMMARY JUDGMENT AS TO THE MDFA

I, Tom Hughes, Contracts Manager of ADP Marshall, Inc. ("ADPM"), hereby depose and state as follows:

Page 1 of 4

1. I am over the age of 18 and understand the duties and obligation of an oath. I am competent to testify, if called upon, to the statements made herein based upon my personal knowledge and my review of ADPM's business records.

2. On or about September 7, 2000, ADPM and the Massachusetts Development Finance Agency ("MDFA") entered into a contract ("Contract") for the construction of an Advanced Technology Manufacturing Center in Fall River, MA. Attached as Exhibit A is a true and accurate copy of the contract entered into between ADPM and MDFA with respect to the Advanced Technology Manufacturing Center, in Fall River, MA.

3. The MDFA's first written notice to ADPM concerning outstanding HVAC complaints was by letter dated September 6, 2002 from William Whelan, a self proclaimed agent of the MDFA. Attached as Exhibit B is a true and accurate copy of a letter from William Whelan to Robert Greetham dated September 6, 2002.

4. In a follow up letter dated October 22, 2002, Robert Walsh of the MDFA stated that "[if] ADP Marshall does not intend to do the work under protest as required under Article VIII (4) of the contract . . . then ADP Marshall is in material breach of the contract." Attached as Exhibit C is a true and accurate copy of a letter from Robert Walsh to Robert Greetham dated October 22, 2002.

5. In the MDFA's Proposed Finding of Facts and Rulings of Law, dated June 3, 2003 at page 15, the MDFA requested DALA to find:

> 2. ADP breached the contract by not providing Coordination Drawings in accordance with the Contract for the base building.
>
> 3. The Coordination Drawings furnished by ADP for the base building were insufficient, not complete, and properly reject by MDFA.
>
> 4. ADP failed to provide any Coordination Drawings at all for the tenant fit up work.
>
> 5. ADP is in breach of Contract for failing to provide Coordination Drawings and, therefore, it cannot collect on the Contract.

Attached as Exhibit D is a true and accurate copy of the MDFA's Proposed Findings of Fact and Rulings of Law offered in the MDFA and ADPM proceeding before DALA.

6. In the MDFA's Opposition to ADPM's Motion for Reconsideration/Clarification, it argued at page 3 that:

> "This $5,380 [the amount not explicitly awarded to MDFA by DALA] is not due and owing under the contract because (a) ADP Marshall has not completed its work in accordance with the terms of the contract site."

Attached as Exhibit E is a true and accurate copy of the MDFA's Opposition to ADPM's Motion for Reconsideration/Clarification.

7. HVAC coordination issues were a significant factual contention in the DALA proceeding. Mr. Wessling's expert report identifies a lack of HVAC design coordination as a defect within the project, stating:

> The HVAC equipment is not fully drawn on the roof plans. The required coordination does not appear to have taken place . . . This drawing [A 3.1] is not coordinated with the HVAC pipe and conduit penetration through the wall where the leaks are occurring.

> Coordination between the architectural drawings and the mechanical roof equipment is missing, from the drawings. The exterior wall penetrations related to the mechanical equipment are not detailed and not flashed or sealed properly.

Attached as Exhibit F is a true and accurate copy of a report furnished by the MDFA's expert, Stephen J. Wessling.

8. The MDFA produced an HVAC report dated April 9, 2003 to ADPM in this litigation on or about June of 2004. The last hearing date before DALA was on or about April 25, 2003. Attached as Exhibit G is a true and accurate copy of a report furnished by the MDFA's HVAC expert, Richard Comeau.

9. A final judgment on the merits of the dispute before DALA was rendered on January 12, 2004. Attached as Exhibit H is a true and accurate copy of the DALA Decision dated January 12, 2004.

10. In its Post Hearing Brief dated June 20, 2003 at pages 1-2, the MDFA argued:

> "ADP has sought to cast this claim as the adjudication of a backcharge. But in reality, the case is an attempt by ADP to collect the balance of its contract price because the backcharge asserted by MDFA was assessed as part of the contract closeout (Ex. 45). ADP should be held to the same standard and burden of proof as if it were in court seeking to recover the balance of its contract, it would be subject to proving that it performed in strict compliance with its contract in order to recover on the contract"

Attached as Exhibit I is a true and accurate copy of the MDFA's Post Hearing Brief.

11. The Temporary Certificate of Occupancy for the Project was issued on August 17, 2001. Attached as Exhibit J is a true and accurate copy of a Certificate of Substantial Completion with Temporary Certificate of Occupancy and attached punchlist.

12. The MDFA's agents approved the louver, and sizing, for installation during the project. Attached as Exhibit K is a true and accurate copy of louver submittal, approved by the MDFA's agent on June 3, 2001.

13. The MDFA's agents recommended to the MDFA that only a 12,000 CFM unit be utilized for AHU#2. Attached as Exhibit L is a true and accurate copy of an email from Paul Pennie to Neil Hannon dated March 20, 2001.

Sworn to under the pains and penalties of perjury this 2\ day of November, 2004.

_____
Tom Hughes
ADP Marshall, Inc.

### STATE OF RHODE ISLAND

Then appeared before me Tom Hughes and upon verification of his identity by a valid drivers license attested to and signed the foregoing in his own hand this 24th day of November, 2004.

_____
Notary Public /RI
My Commission Expires 06/19/05