UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT )<br>FINANCE AGENCY )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ADP MARSHALL, INC., a FLUOR )<br>DANIEL COMPANY, and FIREMAN'S )<br>FUND INSURANCE COMPANY )<br>    Defendants. )<br>_____)<br>)<br>ADP MARSHALL, INC. )<br>    Plaintiff-in-Counterclaim, )<br>)<br>v. )<br>)<br>MASSACHUSETTS DEVELOPMENT )<br>FINANCE AGENCY )<br>    Defendant-in-Counterclaim. )<br>_____)<br>)<br>ADP MARSHALL, INC. )<br>    Third Party Plaintiff, )<br>)<br>v. )<br>)<br>ALLIED CONSULTING ENGINEERING )<br>SERVICES, INC., UNITED STATES )<br>FIDELITY AND GUARANTY )<br>COMPANY, et al. )<br>    Third Party Defendants. )<br>_____) | C.A. No. 04 CV 10203 PBS |

### THIRD PARTY PLAINTIFF ADP MARSHALL, INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS TO USF+G

-1-

ADP Marshall, Inc. ("ADPM") respectfully submits this memorandum of law in support of its motion for summary judgment on Count IX of the First Amended Third Party Complaint against United States Fidelity and Guaranty Company ("USF+G").

## INTRODUCTION

On or about September 7, 2000, ADP Marshall, Inc. ("ADPM") and the Massachusetts Development Finance Agency ("MDFA") entered into a contract (the "Contract") for the construction of an Advanced Technology and Manufacturing Center in Fall River, Massachusetts (the "Project"). See Affidavit of Tom Hughes, ¶ 2. ADPM entered into a subcontract with Hartford Roofing Company, Inc. ("Hartford Roofing") on or about January 5, 2001 to perform roofing work at the Project ("Subcontract"). See Affidavit of Tom Hughes, ¶ 3. USF+G furnished a performance bond, number SG1264, dated March 13, 2001, in the amount of $155,183, in relation to the Hartford Roofing's Subcontract work on the Project ("Performance Bond"). See Affidavit of Tom Hughes, ¶ 4.

On or about December 2, 2003, this lawsuit was filed against ADPM (the "Complaint"). On or about April 15, 2004, ADPM requested that Hartford Roofing evaluate the roofing complaints of the MDFA, effectuate any necessary corrective repairs and indemnify and defend ADPM for claims relating to Hartford Roofing's work. See Affidavit of Tom Hughes, ¶ 7. No response was received to that letter. See Affidavit of Tom Hughes, ¶ 7. On or about April 20, 2004, USF+G was notified of the MDFA's Complaint and ADPM requested evaluation by USF+G, since there were allegations concerning Hartford Roofing's performance. See Affidavit of Tom Hughes, ¶ 8. On or about June 2004, the MDFA provided ADPM with a copy of its

architectural report March 26, 2003, which alleges concerns with the roofing work performed by Hartford Roofing. See Affidavit of Tom Hughes, ¶ 5. Thereafter, ADPM provided a copy of this architectural report to USF+G's attorneys. USF+G evaluated Hartford Roofing's performance, but has failed to endeavor to perform or complete Hartford Roofing's Subcontract work. See Affidavit of Tom Hughes, ¶ 9.

## SUMMARY OF ARGUMENT

The MDFA has alleged, through its Complaint and architectural expert, that the roofing system is deficient and/or not complete in certain regards. See Affidavit of Tom Hughes, ¶ 5. ADPM subcontracted the roofing system to Hartford Roofing. Hartford Roofing has been notified of the MDFA's concerns, but has failed to respond at all. USF+G, as Hartford Roofing's surety, was then notified of the MDFA's concerns. USF+G evaluated the allegations of the MDFA, but has not performed any corrective or completion work. Hartford Roofing's Performance Bond, of which USF+G is the surety, requires that "...Surety upon demand of Obligee, may arrange for the performance of Principal's obligation under the subcontract or subject to the provisions of paragraph 3 herein." See Affidavit of Tom Hughes, ¶ 4. Paragraph 3 of the performance bond provides that should ADPM perform the completion work itself, USF+G must reimburse ADPM for the work performed to complete Harford Roofing's subcontract work, with just credits being provided for any payments still due under the Subcontract. See Affidavit of Tom Hughes, ¶ 4.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when "there is no genuine issue of material fact and ... the moving party is entitled to summary judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986); Allstate Insurance Co. v. Reynolds, 43 Mass. App. Ct. 927, 928 (1997) (citing Community Natl. Bank v. Dawes, 369 Mass. 550, 553 (1976) and Massachusetts Hosp. Assn. v. Department of Pub. Welfare, 419 Mass. 644, 649; MASS. R. CIV. P. 56(c)). The non-moving party must go "beyond the pleadings ... and ... designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 323-324. The party opposing a motion for summary judgment must set forth substantial evidence supporting its position. Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986). "'A complete failure of proof concerning an essential element of the non-moving party's case renders all other facts immaterial.'" Kourouvacilis v. G.M. Corp., 410 Mass. 706, 711, (1991)(quoting Celotex Corp., 477 U.S. at 323-324).

## CONCISE STATEMENT OF MATERIAL FACTS

1. On or about September 7, 2000, ADP Marshall, Inc. ("ADPM") and the Massachusetts Development Finance Agency ("MDFA") entered into a contract (the "Contract") for the construction of an Advanced Technology and Manufacturing Center in Fall River, Massachusetts (the "Project"). See Affidavit of Tom Hughes, ¶ 2.

2. ADPM entered into a subcontract with Hartford Roofing Company, Inc. ("Hartford Roofing") on or about January 5, 2001 to perform roofing work at the Project ("Subcontract"). See Affidavit of Tom Hughes, ¶ 3.

3. USF+G furnished a performance bond, number SG1264, dated March 13, 2001, in the amount of $155,183, in relation to the Hartford Roofing's work on the Project ("Performance Bond"). See Affidavit of Tom Hughes, ¶ 4.

4. The MDFA's architectural expert has alleged that Hartford Roofing has not completed its Subcontract work. See Affidavit of Tom Hughes, ¶ 5.

5. ADPM's accounting records show that Hartford Roofing invoiced ADPM on February 20, 2002 for $1,781.00. ADPM made final payment to Hartford Roofing Company on February 27, 2002. See Affidavit of Tom Hughes, ¶ 6.

6. ADPM's filed its Third Party Complaint on February 5, 2004. See Docket - Paper No. 3.

7. The bond arguably provides a two (2) year period after final payment is due to Hartford Roofing for ADPM to bring a lawsuit on the bond.

## ARGUMENT

USF+G's attorneys have expressed as a defense under the performance bond, that the lawsuit upon same was not initiated timely. The bond arguably provides a two (2) year period after final payment is due to Hartford Roofing for ADPM to bring a lawsuit on the bond. ADPM's accounting records show that Hartford Roofing Company invoiced ADPM on February 20, 2002 for $1,781.00. See Affidavit of Tom Hughes, ¶ 6. ADPM made final payment to Hartford Roofing Company on February 27, 2002, although payment was not due as of that date, but such is not material to the analysis. See Affidavit of Tom Hughes, ¶ 6.

M..G.L. c. 231, §51 provides that:

> "In all civil proceedings, the court may at any time, allow amendments adding a party, discontinuing as to a party or changing the form of the action, and may

allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought, or enable the defendant to make a legal defense. Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading."

The U.S. Court of Appeals for the First Circuit has interpreted section 51 to apply to actions wherein the district court has jurisdiction based on diversity of citizenship. See Marshall v. Mulrenin, 508 F.2d 39 (1st Cir. 1974). Diversity of citizenship is the basis for jurisdiction here. Further, the First Circuit Court of Appeals has held that section 51 permits an amendment adding defendants to relate back for the purpose of a statue of limitations defense. Id. This makes logical sense given that this action was originally brought in state court and removed to federal court.

This action was filed by the MDFA against ADPM on or about December 2, 2003. ADPM brought a third party action against certain defendants on February 5, 2004. As such, given that ADPM's action was brought on or about February 5, 2004, and that it relates back to December 2, 2003, its action against USF+G was commenced within two years of Hartford Roofing's final payment coming due under the Hartford Subcontract.

Pursuant to the Performance Bond, USF+G is obligated to undertake or pay for the completion of Hartford Roofing's Subcontract work, to the extent such was not completed. ADPM seeks a declaratory judgment that USF+G is obligated under the Performance Bond to ADPM to the extent Hartford Roofing failed to complete is Subcontract work.

## CONCLUSION

Based on the foregoing, ADPM requests summary judgment in the form of a declaratory judgment as to USF+G's obligations under the Performance Bond.

Respectfully submitted this 30th day of November 2004.

ADP MARSHALL, INC.,
By its attorneys,

_____
Andrew J. Tine, BBO#633639
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02110
(617) 428-0266

## CERTIFICATE OF SERVICE

I, Andrew J. Tine, hereby certify that I served a copy of ADPM's Motion for Summary Judgment, Memorandum in Support thereof and Affidavit of Tom Hughes by first class mail, postage pre-paid to all counsel of record this 30th day of November, 2003.

_____
**Andrew J. Tine**