**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Plaintiff,<br><br>v.<br><br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY<br>    Defendants.<br>_____<br><br>ADP MARSHALL, INC.<br>    Plaintiff-in-Counterclaim,<br><br>v.<br><br>MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Defendant-in-Counterclaim.<br>_____<br><br>ADP MARSHALL, INC.<br>    Third Party Plaintiff,<br><br>v.<br><br>ALLIED CONSULTING ENGINEERING SERVICES, INC., ANDOVER CONTROLS CORPORATION, R&R WINDOW CONTRACTORS, INC., DELTA KEYSPAN, INC. n/k/a DELTA KEYSPAN, LLC, MADDISON ASSOCIATES, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, NATIONAL GRANGE MUTUAL, INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY | C.A. No. 04 CV 10203 PBS |

-1-

```
OF AMERICA, AMERICAN HOME           )
ASSURANCE COMPANY,                  )
HARTFORD ROOFING COMPANY, INC.      )
and SPAGNOLO/GISNESS &              )
ASSOCIATES, INC.                    )
      Third Party Defendants.       )
_____)
```

## AFFIDAVIT OF TOM HUGHES

I, Tom Hughes, hereby certify upon personal knowledge and under the pains and penalties of perjury as follows:

1. I am an employee of ADP Marshall, Inc. ("ADPM"), the Third Party Plaintiff in the above entitled action.

2. On or about September 7, 2000, ADPM and the Massachusetts Development Finance Agency ("MDFA") entered into a contract ("Contract") for the construction of an Advanced Technology and Manufacturing Center in Fall River, Massachusetts ("Project").

3. On or about November 16, 2000, ADPM and Allied Consulting Engineering Services, Inc. ("Allied Engineering") entered into an agreement whereby Allied Engineering would render professional design services for the HVAC system of the Project ("Allied Consulting Agreement"). The parties amended the agreement pursuant to Amendment No. 1. Attached hereto as Exhibit 1 is a true and correct copy of the Allied Consulting Agreement and Amendment No. 1.

4. Allied Engineering was required to perform all of the design and related HVAC work that was specified or reasonably inferable from the requirements as set forth in the Allied Consulting Agreement, including Attachment "A" thereto.

5. Allied Engineering agreed, pursuant to paragraph 3.1 of the Allied Consulting Agreement, that its performance would be in accordance with the highest prevailing standards of professional care for nationally recognized architects and engineering professionals regularly engaged in the design of a state of the art Project described in the Allied Consulting Agreement.

6. Allied Engineering rendered professional design services for the HVAC system for the Project, not limited to, an evaluation of air handling unit sizing, air duct sizing, pump sizing for heat distribution, and heat recovery system design.

7. By letter dated September 6, 2002, William Whelan of Whelan Associates, LLC, an

-2-

apparent agent for the MDFA, notified Robert Greetham of ADPM of concerns of the MDFA with the Project. Attached hereto as Exhibit 2 is a true and correct copy of the September 6, 2002 letter from William Whelan.

8. On November 18, 2002, ADPM forwarded Mr. Whelan's September 6, 2002 letter to Allied Engineering for response and action. Attached hereto as Exhibit 3 is a true and correct copy of the November 18, 2002 letter to Allied Engineering.

9. On January 26, 2004, ADPM notified Allied Engineering of the MDFA's Complaint and requested indemnification since there were allegations concerning the HVAC design. Attached hereto as Exhibit 4 is a true and correct copy of the January 26, 2004 letter to Allied Engineering.

10. In or about June 2004, the MDFA provided ADPM with a copy of its HVAC expert report dated April 9, 2003. Attached hereto as Exhibit 5 is a true and correct copy of the April 9, 2003 HVAC expert report.

11. Many of the MDFA's concerns, raised in its Compliant, relate to the design of the HVAC system, such work being performed by Allied Engineering pursuant to the Allied Consulting Agreement.

12. ADPM has requested, and Allied Engineering has failed to offer or provide, defense, indemnification and reimbursement of attorney fees, as it relates to the MDFA's HVAC design concerns.

Signed and sworn to under the pains and penalties of perjury this ___ day of November 2004.

_____
Tom Hughes
ADP Marshall, Inc.

### STATE OF RHODE ISLAND

Then appeared before me Tom Hughes and upon verification of his identity by a valid drivers license attested to and signed the foregoing in his own hand this 24th day of November, 2004.

_____
Notary Public
My Commission Expires _____

-3-