UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 JAN 21 P 2: 48

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>　　Plaintiff<br><br>v.<br><br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY and FIREMAN'S FUND INSURANCE COMPANY<br>　　Defendants<br><br>v.<br><br>ALLIED CONSULTING ENGINEERING SERVICES, INC., ANDOVER CONTROLS CORPORATION, R&R WINDOW CONTRACTORS, INC., and DELTA KEYSPAN, INC. n/k/a DELTA KEYSPAN, LLC, MADDISON ASSOCIATES, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY FIDELITY AND DEPOSIT OF MARYLAND NATIONAL GRANGE MUTUAL INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, AMERICAN HOME ASSURANCE COMPANY, HARTFORD ROOFING COMPANY, INC. and SPAGNOLO/GISNESS & ASSOCIATES, INC.<br>　　Third-Party Defendants | C.A. NO. 04-CV-10203 PBS |

## MEMORANDUM IN SUPPORT OF THIRD-PARTY DEFENDANT DELTA KEYSPAN, LLC'S MOTION TO STRIKE CERTAIN PORTIONS OF AND EXHIBITS TO THE AFFIDAVIT OF TOM HUGHES

Third Party Defendant, Delta Keyspan, Inc., n/k/a Delta Keyspan, LLC, ("Delta") submits this Memorandum in support of its Motion to Strike Certain Portions of and Exhibits to the Affidavit of Tom Hughes, submitted in support of the motion for summary judgment filed by Third-Party Plaintiff, ADP Marshall, Inc. ("Marshall"). Delta's motion should be granted

because Hughes' affidavit fails in substantial part to meet the requirements of Federal Rule of Civil Procedure 56(e), in that it contains conclusory assertions, hearsay, facts not based on personal knowledge, and fails to show that the affiant is competent to testify to matters stated therein. The portions of the affidavit and exhibits thereto which must be stricken and the legal authority in support of Delta's motion are set forth below.

## I. PERTINENT BACKGROUND

This action involves alleged design and/or construction defects at a project known as the Advanced Technology and Training Center, in Fall River, Massachusetts, a 60,000 square foot laboratory and research center (the "Project"). The Project was financed by the plaintiff Massachusetts Development Finance Agency ("MDFA"). For the design and construction of the Project, MDFA entered into a contract with Marshall. As part of the Project, Marshall entered into a contract with the Third-Party Defendant Allied Consulting Engineering Services, Inc. ("Allied") pursuant to which Allied designed the heating, ventilation and air-conditioning ("HVAC") system for the Project. For the installation of the HVAC system, Marshall entered into a contract with Delta.

MDFA has brought suit against Marshall alleging defects in the construction and/or design of the Project. Marshall, in turn, has brought a Third-Party Complaint against numerous entities which had entered into subcontracts with the company, including Delta. As to Delta, Marshall alleges that Delta is liable to Marshall for contractual and common-law indemnification and contribution to the extent that Marshall is liable to MDFA for damages arising out of Delta's work on the Project.

Marshall has filed a motion for summary judgment on its claims against Delta. In support of its motion, Marshall has submitted the Affidavit of Tom Hughes. Attached to the

Hughes affidavit are two exhibits which should not be considered by the Court in connection with Marshall's Motion for Summary Judgment. These include a letter purporting to be from Whelan Associates LLC to Marshall (Exhibit 2) and an unsigned letter from Richard J. Comeau Engineers, Inc. (Exhibit 4), a witness not of Marshall but of MDFA. Delta's within Motion asks that the Court strike the letters of Mr. Whelan and Mr. Comeau in their entirety as well as certain portions of the Hughes affidavit.

## II. LEGAL STANDARD

Rule 56(e) requires that affidavits filed in support of summary judgment motions "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). In addition, Rule 56(e) requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Fed. R. Civ. P. 56(e). *See also* 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2722, at 379-80 & 382-84 (1998) ("Rule 56(e) requires that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit.... To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.").

"An affidavit submitted in connection with a Summary Judgment Motion is subject to a motion to strike if it does not measure up to the standards of Rule 56(e) of the Federal Rules of Civil Procedure." *International Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 906 F. Supp. 645, 648 (M.D. Fla. 1995). *See also Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald

assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."); *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995). Inadmissible hearsay "cannot be considered on a motion for summary judgment." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990). An affiant may state his or her opinion "only where it appears that the affiant is competent to give an expert opinion." *Garside*, 895 F.2d at 50.

These principles apply to expert reports, which must be sworn to by the author in order to be admissible on summary judgment. *See, e.g., Scott v. Edinburg*, 346 F.3d 752, 759 (7th Cir. 2003) (holding inadmissible for summary judgment purposes expert report that "was introduced into the record without any supporting affidavit verifying its authenticity"); *Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989) (unsworn expert report "is not competent to be considered on a motion for summary judgment"); *Sofford v. Schindler Elevator Corp.*, 954 F. Supp. 1459, 1462 (D. Colo. 1997) (holding that unsworn expert report were "not competent evidence for [court's] consideration in ruling on the motion for summary judgment").

### III. ARGUMENT

The letters of Mr. Whelan (Exhibit 2) and Mr. Comeau (Exhibit 4) to Hughes' affidavit should be stricken and disregarded for purposes of summary judgment because they are not authenticated and constitute inadmissible hearsay. In addition, certain portions of Hughes' affidavit should be stricken because they, *inter alia*, contain facts not based on personal knowledge, constitute inadmissible conclusory assertions and opinions, and do not affirmatively show that he is competent to testify to the matters asserted. As discussed more fully below, these deficiencies render the challenged portions of Hughes' affidavit and attached exhibits inadmissible for purposes of summary judgment.

A. **EXHIBITS 2 AND 4 OF THE HUGHES AFFIDAVIT SHOULD BE STRICKEN.**

<u>Exhibit 2</u>

Exhibit 2 to Hughes' affidavit is a September 6, 2002 letter purportedly written by William Whelan of Whelan Associates, LLC to Robert Greetham of Marshall. This letter is not authenticated by an affidavit from its author or recipient, and Hughes has attested to no facts which would establish that he is competent to authenticate the document. Therefore, Exhibit 2 should be stricken and disregarded for purposes of summary judgment. *See, e.g., Orr v. Bank of America*, 285 F.3d 764, 777 (9th Cir. 2002) (holding district court properly excluded letter attached to affidavit which was not authenticated by an affidavit or deposition testimony from its purported author stating that he wrote the letter).

In addition, the letter constitutes hearsay, for which Hughes has established no exception allowing for admissibility of the document. Inadmissible hearsay "cannot be considered on a motion for summary judgment." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990). See also *Vazquez v. Lopez-Rosario*, 134 F.3d 28, 35 (1st Cir. 1998) (explaining that it is incumbent upon the proponent of evidence being introduced under Rule 803 of the Federal Rules of Evidence to establish its admissibility); *United States v. Piper*, 298 F.3d 47, 51-52 (1st Cir. 2002) (recognizing same with respect to evidence offered under Fed. R. Evid. 801).

<u>Exhibit 4</u>

Attached to Hughes' affidavit as Exhibit 4 is a document which purports to be an expert report prepared by Richard J. Comeau, president of Richard J. Comeau Engineers, Inc., reviewing the HVAC system at the project for MDFA. Mr. Comeau is not Marshall's witness at all. In fact, Marshall denies the veracity of the allegations contained in Mr. Comeau's letter- as it forms the basis of MDFA's liability case against Marshall. In violation of Fed. R. Civ. P. 56(e),

5

the letter is not sworn to by its purported author. Indeed, the letter is not even signed by Mr. Comeau.

In order to be admissible at summary judgment, an expert report must be authenticated and sworn to by its author. *See, e.g., Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989) (unsworn expert report "is not competent to be considered on a motion for summary judgment"); *Sofford v. Schindler Elevator Corp.*, 954 F. Supp. 1459, 1462 (D. Colo. 1997) (holding that unsworn expert report were "not competent evidence for [court's] consideration in ruling on the motion for summary judgment). Exhibit 4 fails to meet the requirements for admissibility and therefore should be stricken and disregarded for purposes of summary judgment.

### B. CERTAIN PORTIONS OF THE HUGHES AFFIDAVIT SHOULD BE STRICKEN.

With respect to certain of the statements contained therein, Hughes's affidavit fails to "show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). In the affidavit, Hughes states only that he is "an employee of ADP Marshall, Inc." Hughes Aff. at ¶ 1. He does not identify his position with Marshall, his duties, his responsibilities, or how he has personal knowledge of the matters stated in his affidavit. A conclusory statement by the affiant that matters asserted in an affidavit are based "upon personal knowledge" does not suffice. Rather, Rule 56 "demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Drake*, 134 F.3d at 887. The conclusory statements made by Mr. Hughes in Paragraphs 7 and 11 of his affidavit do not meet this standard.

#### Paragraph 7

In paragraph 7 of his affidavit, Hughes states:

> 7. By letter dated September 6, 2002, William Whelan of Whelan Associates, LLC, an apparent agent for the MDFA, notified Robert Greetham of ADPM of concerns the MDFA had with the Project. Attached hereto as Exhibit 2 is a true and correct copy of the September 6, 2002 letter from William Whelan.

In this paragraph, Hughes is simply repeating, and providing his subjective opinion regarding, what is purportedly conveyed in the substance of the letter. As demonstrated above, the letter is not authenticated and constitutes inadmissible hearsay. Hughes cannot make an end run around the rules of evidence and procedure by simply restating hearsay contained in an inadmissible letter in the body of his affidavit. Hughes has set forth no specific concrete facts which would demonstrate he has personal knowledge of the matters asserted, (other than through his reliance on inadmissible hearsay), or that he is competent to testify to what MDFA's "concerns" were at the pertinent time with respect to the Project. This paragraph fails to measure up to the requirements of Rule 56 and, therefore, should be stricken. *See, e.g., International Ship Repair & Marine Servs., Inc.*, 906 F. Supp. at 648.

**Paragraph 11**

In paragraph 11 of his affidavit Hughes states:

> 11. Many of the MDFA's concerns, raised in its Complaint, relate to the installation of the HVAC system, such work being performed by Delta pursuant to the Delta Agreement.

This statement is not an attestation of a "fact" based on personal knowledge. Rather, this is Hughes' conclusory and subjective characterization of the allegations of the Complaint. The Complaint, indeed, does not make any express references to Delta or to Delta's negligent performance on the Project. Conclusory allegations and subjective perception are not summary judgment evidence. *See Collier v. City of Chicopee*, 158 F.3d 601, 604 (1st Cir. 1998); *Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 871 (1st Cir. 1997).

Paragraph 11 of the Hughes affidavit impermissibly constitutes a lay opinion by Mr. Hughes that the allegations of the Complaint by MDFA arise out of Delta's performance under the Project. An affiant may state his opinion "only where it appears that the affiant is competent to give an expert opinion." *Garside*, 895 F.2d at 50. Hughes has not established that he is competent to give such an opinion on this matter. He is not providing an affidavit for MDFA and is not a witness for MDFA. Based on the foregoing, paragraph 11 of Hughes' affidavit should be stricken.

## IV. CONCLUSION

Based on the foregoing, Delta Keyspan, LLC, respectfully requests that the foregoing portions of and Exhibits to the Affidavit of Tom Hughes be stricken and disregarded for purposes of adjudicating Marshall's Motion for Summary Judgment.

DELTA KEYSPAN, INC., n/k/a
DELTA KEYSPAN, LLC,

By Its Attorneys,

*Allen Whitestone*
Allen Whitestone, Esq. (BBO #526200)
Black, Cetkovic & Whitestone
200 Berkeley Street, 14th Floor
Boston, MA 02116
Tel. (617) 236-1900
Fax (617) 536-2387

CERTIFICATION

I hereby certify that I have mailed a copy of the within first class mail, postage prepaid on ____ day of January, 2005 to the following:

Edward F. Vena, Esq.
Vena, Riley, Deptula, LLP
250 Summers Street, 2nd Floor
Boston, MA  02210

Andrew J. Tine, Esq.
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA  02110

Jay S. Gregory, Esq.
Warren D. Hutchison, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA  02210

John J. McNamara, Esq.
Eric Howard, Esq.
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA  01701

James J. Duane, III, Esq.
Edward Coburn, Esq.
Taylor, Duane, Barton & Gilman, LLP
111 Devonshire Street
Boston, MA  02109

Robert R. Pierce, Esq.
James F. Kavanaugh, Esq.
Pierce & Mandell, PC
11 Beacon Street
Boston, MA  02108

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road
Plymouth, MA  02360

Alan Whitestone, Esq.
Black, Cetkovic & Whitestone
200 Berkeley Street
Boston, MA  02116

Eric H. Loeffler, Esq.
Cetrulo & Capone, LLP
Two Seaport Lane, 10th Floor
Boston, MA  02210

_____

# 2542758_v1