UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 25  P 3: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Plaintiff, | )<br>)<br>)<br>)<br>) |
| v. | )    C.A. No. 04 CV 10203 PBS<br>) |
| ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY<br>    Defendants. | )<br>)<br>)<br>)<br>) |
| ADP MARSHALL, INC.<br>    Plaintiff-in-Counterclaim, | )<br>)<br>) |
| v. | ) |
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Defendant-in-Counterclaim. | )<br>)<br>) |
| ADP MARSHALL, INC.<br>    Third-Party Plaintiff, | )<br>)<br>) |
| v. | ) |
| ALLIED CONSULTING ENGINEERING SERVICES, INC., ANDOVER CONTROLS CORPORATION, R&R WINDOW CONTRACTORS, INC., DELTA KEYSPAN, INC. n/k/a DELTA KEYSPAN, LLC, MADDISON ASSOCIATES, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, NATIONAL GRANGE MUTUAL INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, AMERICAN HOME | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| ASSURANCE COMPANY, | ) |
| HARTFORD ROOFING COMPANY, INC. | ) |
| And SPAGNOLO/GISNESS & | ) |
| ASSOCIATES, INC. | ) |
|     Third-Party Defendants | ) |
| | ) |

## OPPOSITION OF THIRD PARTY DEFENDANT, ALLIED CONSULTING ENGINEERING SERVICES, INC., TO THIRD PARTY PLAINTIFF, ADP MARSHALL, INC.'S MOTION FOR SUMMARY JUDGMENT

The Third-Party defendant, Allied Consulting Engineering Services, Inc. ("Allied"), hereby opposes the Motion for Summary Judgment of the Third-Party Plaintiff, ADP Marshall, Inc. ("Marshall"). Marshall claims that it is entitled to summary judgment as to Counts IV and VIII of its Third Party Complaint. As to Count IV, which alleges breach of contract, Marshall's motion must fail because Marshall has not briefed that issue and therefore cannot establish that it is entitled to summary judgment as a matter of law. As to Count VIII, which seeks indemnification for alleged negligence, Marshall's motion must also fail because there is overwhelming evidence to indicate that Allied was not negligent, thus creating a disputed issue of material fact. Accordingly, and for the reasons set forth in more detail below, Marshall's Motion for Summary Judgment should be denied, in all respects.

## I.    RELEVANT MATERIAL FACTS

### A.    Allied is not exclusively responsible for the performance of the HVAC System.

Allied's contractual obligations did not include installation of the HVAC system. Elovitz Aff. ¶ 2, 5, 9, Exhibit 1. By virtue of its contract with the Massachusetts Finance Development Agency ("MDFA"), Marshall served as the Project's design/build contractor and was therefore responsible for the installation of the HVAC system. See

Amended Third Party Complaint at ¶ 6. Moreover, Allied's contract with Marshall (the "Allied Agreement") required Allied to provide its engineering design services on the Project in accordance with the HVAC specifications and drawings prepared by Symmes Maini & McKee Associates ("SMMA"), the designer hired by the MDFA. See Allied Agreement "Basis of Work" at Attachment A, page 1, Exhibit 2.

### B. Marshall failed to install certain HVAC components consistent with Allied's design.

The report prepared by the Massachusetts Development Finance Agency's ("MDFA") HVAC expert, Richard Comeau ("Comeau"), lists thirteen separate "perceived problems" with the HVAC system at the Advanced Technology and Manufacturing Center (the "Center"). Comeau Report, Exhibit 3. Two of the thirteen enumerated issues (Numbers 2 and 3) concern the "air intake louver plenum," which according to Comeau, "does not match the design build documents detail." Comeau Report at 3, Exhibit 3. According to Comeau, Marshall's failure to execute Allied's design allows excess moisture to enter the HVAC ductwork, and creates water leaks. Comeau Report at 3, Exhibit 3. Marshall also failed to install the Center's boiler water loop pumps consistent with Allied's design. Elovitz Aff., ¶ 8, Exhibit 1. While the design drawings prepared by Allied call for the pumps to be sized at 470 GPM, the pumps installed by Marshall are only sized at 325 GPM. Id.

### C. Allied's Expert has Concluded that Several of the HVAC issues enumerated by Comeau are unrelated to Allied's design and that Allied Upgraded the HVAC purchased by the MDFA

Allied has retained Kenneth M. Elovitz, PE, as its engineering expert. Although Mr. Elovitz's evaluation of the HVAC system is ongoing, he has opined that many of the alleged HVAC deficiencies are unrelated to Allied's services on the Project. For

3

example, Mr. Elovitz has concluded that several of the HVAC issues identified by Comeau as "design-related" are in fact related to field execution and installation. Elovitz Aff. ¶ 7, Exhibit 1. Additionally, Mr. Elovitz has identified at least one component of the HVAC design in which Allied exceeded its contractual obligations and delivered a substantial upgrade to the MDFA. According to Mr. Elovitz, Allied provided the MDFA with an air handling unit ("AHU") capable of handling 15,000 cubic feet per minute ("CFU"), even though the MDFA declined to pay for a 15,000 AHU and would only agree to pay for a 12,000 CFU AHU. Elovitz Aff. ¶ 10.

**D.   Allied is actively engaged in a cooperative Process to resolve the Center's alleged HVAC Problems even though there has been no conclusive determination that Allied was negligent in providing its engineering services.**

On November 1, 2004, Allied participated in a mediation to resolve the Center's alleged HVAC problems. Gregory Aff. ¶ 4, Exhibit 4. Since then, Allied's expert, Ken Elovitz has evaluated the Center's HVAC system and has worked with the MDFA's expert, Richard Comeau to narrow the issues raised in Comeau's report and formulate remedies acceptable to the MDFA. Gregory Aff. ¶ 5, Exhibit 4. Mr. Elovitz has freely shared his findings with Marshall, who has not hired its own HVAC expert to investigate the alleged HVAC deficiencies. Gregory Aff. ¶ 6, Exhibit 4.

4

## II. SUMMARY JUDGMENT STANDARD

The moving party is not entitled to summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 324-325 (1986); Villanueva v. Wellesley College, 930 F.2d 124, 127 (1st Cir. 1991), cert. denied, 502 U.S. 861 (1991); Desmond v. Federal Deposit Insurance Corp., 798 F. Supp. 829, 830-31 (D. Mass. 1992). To avoid summary judgment, an opposing party must only demonstrate the existence of a genuine dispute over a material fact. An issue is genuine if evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also McConnell, et al. v. Texaco, Inc., 727 F. Supp. 751, 755 (D. Mass. 1990). In considering a motion for summary judgment, district courts must view the entire record in the light most favorable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor. Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000).

Marshall's motion should be denied because Marshall has unquestionably failed to satisfy these threshold requirements, and genuine issues of material fact exist which preclude summary judgment.

## III. ARGUMENT

### A. Marshall's Motion for Summary Judgment on Count VIII must be denied because Allied's alleged negligence is a disputed issue of fact.

Marshall is not entitled to summary judgment because it has not satisfied the dictates of Fed. R. Civ. P. 56. Marshall's motion is replete with unsupported and

5

conclusory allegations. Moreover, Marshall cannot demonstrate that there is no genuine issue as to any material fact and that Marshall is entitled to judgment as a matter of law. On the issue of Allied's alleged negligence, which forms the basis of Marshall's indemnification claim, Marshall offers this Court nothing more than inferences, suggestions and an engineering opinion offered by Tom Hughes ("Hughes"), who by all accounts is simply a Marshall employee with no professional engineering credentials.[1] Simply put, Rule 56 requires more.

Independent of Marshall's failure to meet its burden under Rule 56, Allied's alleged negligence is a disputed issue of material fact. Contrary to Marshall's "guilt by association" theory, an alleged HVAC deficiency cannot necessarily yield a finding of negligent design. Given the varied involvement of SMMA, Marshall and Allied in connection with the Center's HVAC system, a question of fact exists as to whether: 1) SMMA failed to specify HVAC design criteria sufficient to meet the MDFA's needs; or 2) Allied failed to create a design properly implementing SMMA's design criteria; or 3) Marshall failed to execute Allied's design. Elovitz Aff. ¶ 2, 5, 9, Exhibit 1; Amended Third-Party Complaint at ¶ 6; Allied Agreement "Basis of Work" at Attachment A, page 1, Exhibit 2. Accordingly, even assuming that there are "numerous allegations of improper HVAC design" by the MDFA, the facts that must still be adjudicated at trial are: 1) whether there are in fact deficiencies; and 2) whether any such deficiencies arise from Allied's HVAC design.

---

[1] Marshall relies on the complaint filed by the MDFA which "suggests" a claim arising out of Allied's alleged failure to comply with the Allied Agreement. Marshall then supports that "suggestion" with the Comeau Report, which makes no comment on the division of responsibility between Allied, Marshall and SMMA concerning the HVAC system. Finally, Marshall offers the affidavit opinion of Hughes, who is not qualified to opine as to sophisticated engineering issues.

6

In addition to the questions of fact concerning the proper allocation of responsibility between SMMA, Marshall and Allied, there are additional questions of fact as to whether Marshall properly installed the HVAC system. According to Comeau, Marshall failed to install the "air intake louver plenum" consistent with Allied's design. Comeau Report at 3, Exhibit 3. Moreover, Marshall failed to install the Center's boiler water loop pumps in accordance with Allied's design and undersized the pumps. Elovitz Aff., ¶ 8. If, as the MDFA alleges, there is insufficient heating capacity in the Center's "knuckle" section, there is a question of fact as to whether that insufficiency arises from Marshall's failure to install the properly sized pump.

Summary judgment is premature where, as here, an indemnification claim arising from negligence is based on unsupported allegations, there has been no finding of liability, and there are questions of fact as to liability. See Cafferky v. Callahan & Sons, Inc., 2001 Mass. Super. LEXIS 578, at *5 (Oct. 29, 2001) (finding that "[t]he claim for indemnification is premature until such time as the issue of negligence is resolved"); McSweeney v. Sears Development Co., 2000 Mass. Super. LEXIS 367, at *10 (Sept. 4, 2000) (finding that "[w]hether [subcontractor] must in fact indemnify [general contractor] is a question that cannot be decided at the summary judgment level because questions of material fact exist regarding causation and liability in the underlying tort claim"). This Court has similarly found a claim for indemnification "premature" and denied summary judgment where a moving party's claim for indemnification amounted to "conclusory statements [that did not] rise to the level of demonstrating that there is no genuine issue for trial." Boston Helicopter Charter, Inc. v. Augusta Aviation Corp., 767 F. Supp. 363, 377-78 (D. Mass. 1991).

As in <u>Boston Helicopter Charter, Inc.</u>, Marshall has failed to demonstrate the absence of a genuine issue for trial. Allied has compounded that failure by raising questions of material fact that unquestionably relate to the Center's alleged HVAC deficiencies. Finally, case law dictates that a contractual indemnification provision cannot be triggered by a simple allegation. For all of these reasons, summary judgment must be denied.

**B.     Awarding summary judgment on Marshall's indemnification claim would violate the expressed intent of the Massachusetts legislature.**

MGL c. 149, § 29C provides that any provision in a contract for construction, "which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void." In enacting MGL c. 149, § 29C, the legislature indicated a desire to protect subcontractors from indemnification responsibility when they are not at fault. <u>Hufnagle v. J.M. Cashman, Inc.</u>, 1995 Mass. Super. LEXIS 660, at *11 (May 30, 1995) (finding that it would be "unfair and at odds with the public policy objectives underlying G.L.c. 149, 29C that a subcontractor who is not at fault should be required to defend a general contractor who may be at fault"). As discussed above, there is a question of fact as to whether SMMA, Marshall or Allied is responsible for the alleged HVAC deficiencies. Moreover, there is credible evidence to show at least two installation errors by Marshall. In asking this court to prematurely grant its motion for summary judgment, Marshall is asking this Court to potentially violate the policy embodied in § 29C.

**C.     Marshall's Motion for Summary Judgment on Count IV must be denied because Marshall has not briefed this issue and cannot make the requisite showing under Rule 56.**

8

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for the motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Marshall has unquestionably failed to satisfy this burden because it has only argued that it is entitled to indemnification and has neglected to argue the independent merits of its breach of contract claim. Such a failure precludes Marshall from demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

"It is firmly established that the party opposing summary judgment bears the burden of responding *only after* the moving party has met its burden of coming forward with proof of the absence of any issues of material fact." Catrett v. Johns-Manville Sales Corp., 244 U.S. App. D.C. 160, 163 (1985) (emphasis in original; footnote omitted). While Marshall's failure to satisfy this burden relieves Allied from responding, there are nevertheless disputed issues of material fact as to Allied's alleged breach of contract. To maintain a claim for breach of contract under Massachusetts law, a party must demonstrate: (1) that a contract existed between the parties; (2) that one party failed to perform an obligation under the contract; and (3) that the non breaching party suffered damages as a result of the failure to perform. See Guckenberger v. Boston Univ., 957 F. Supp. 306, 316 (D. Mass. 1997).

As discussed above, Marshall has failed to show that Allied breached any obligation under the Allied Contract. Moreover, there is a question of fact as to whether Allied has

failed to defend Marshall against the claims allegedly arising from Allied's HVAC design. In contrast to Marshall, Allied has retained an engineering expert, Ken Elovitz, to coordinate with the MDFA's expert and resolve the alleged HVAC deficiencies. Gregory Aff. ¶¶ 3, 5, Exhibit 4. By retaining Mr. Elovitz and allowing him to share his engineering conclusions with Marshall, Allied has allowed Marshall to refrain from hiring its own expert and stand on the sidelines while Allied and the MDFA alone resolve the Center's alleged HVAC deficiencies. Gregory Aff. ¶ 6, Exhibit 4. Although Allied owes Marshall no duty to defend against the MDFA's claims, there is nevertheless a question of fact as to whether Allied has failed to defend Marshall.

## IV.   CONCLUSION

For the foregoing reasons, Allied Consulting Engineering Services, Inc. requests that ADP Marshall, Inc.'s Motion for Summary Judgment be denied in all respects.

> Respectfully submitted,
>
> ALLIED CONSULTING ENGINEERING
> SERVICES, INC.
> By its Attorneys
>
> _____
> David J. Hatem, BBO#
> Jay S. Gregory, BBO#
> DONOVAN HATEM LLP
> Two Seaport Lane
> Boston, MA 02110
> Phone: 617-406-4500

Dated: January 21, 2005

00890448/2500.1940

10

## CERTIFICATE OF SERVICE

I, _JF Hallahan_, Esquire, hereby certify that on this ___ day of _January_ 2005, I served the foregoing by mailing a copy thereof, postage pre-paid to:

Andrew J. Tine, Esquire
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02210

John J. McNamara, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

Edward F. Vena, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Charles A. Plunkett, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Dwight T. Burns, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

John Bruno, Esquire
Masi & Bruno
124 Long Pond Road
Plymouth, MA 02360

00889981