UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Plaintiff, | )<br>)<br>)<br>)<br>) | |
| v. | )<br>) | C.A. No. 04 CV 10203 PBS |
| ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY<br>    Defendants. | )<br>)<br>)<br>)<br>) | |
| ADP MARSHALL, INC.<br>    Plaintiff-in-Counterclaim, | )<br>)<br>) | |
| v. | )<br>) | |
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Defendant-in-Counterclaim. | )<br>)<br>)<br>) | |
| ADP MARSHALL, INC.<br>    Third-Party Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| ALLIED CONSULTING ENGINEERING SERVICES, INC., ANDOVER CONTROLS CORPORATION, R&R WINDOW CONTRACTORS, INC., DELTA KEYSPAN, INC. n/k/a DELTA KEYSPAN, LLC, MADDISON ASSOCIATES, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, NATIONAL GRANGE MUTUAL INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, AMERICAN HOME | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

```
ASSURANCE COMPANY,                          )
HARTFORD ROOFING COMPANY, INC.              )
And SPAGNOLO/GISNESS &                      )
ASSOCIATES, INC.                            )
      Third-Party Defendants                )
                                            )
```

### THE THIRD-PARTY DEFENDANT, ALLIED CONSULTING ENGINEERING SERVICES, INC.'S RESPONSE TO THE THIRD PARTY PLAINTIFF'S STATEMENT OF MATERIAL FACTS AND STATEMENT OF MATERIAL FACTS

The Third-Party Defendant, Allied Consulting Engineering Services, Inc. ("Allied"), hereby responds to the allegations made in the corresponding numbered paragraphs of the Third-Party Plaintiff's Statement of Material Facts. In addition, Allied provides its own statement of disputed facts. All of the exhibits referenced herein are attached to Allied's opposition to the Third-Party Plaintiff's Motion for Summary Judgment, which is filed herewith.

**I.   Allied's Response to the Third-Party Plaintiff's Statement of Material Facts**

1. Allied does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 1.

2. Allied admits the allegations contained in paragraph 2.

3. Allied admits the allegations contained in paragraph 3.

4. Allied admits that it received a copy of a September 6, 2002 correspondence from William Whelan to Robert Greetham. Allied does not have sufficient knowledge to either admit or deny the remaining allegations in paragraph 4.

5. Allied denies the allegations contained in paragraph 5.

6. Allied denies the allegations contained in paragraph 6.

II.     Allied's Statement of Disputed Material Facts

Allied submits the following statement of material facts pursuant to Local Rule 56.1

    A.  **Allied is not exclusively responsible for the performance of the HVAC system.**

        1. Allied's contractual obligations did not include installation of the HVAC system. Elovitz Aff. ¶ 2, 5, 9, Exhibit 1.

        2. By virtue of its contract with the Massachusetts Finance Development Agency ("MDFA"), Marshall served as the Project's design/build contractor and was therefore responsible for the installation of the HVAC system. See Amended Third Party Complaint at ¶ 6.

        3. Moreover, Allied's contract with Marshall (the "Allied Agreement") required Allied to provide its engineering design services on the Project in accordance with the HVAC specifications and drawings prepared by Symmes Maini & McKee Associates ("SMMA"), the designer hired by the MDFA. See Allied Agreement "Basis of Work" at Attachment A, page 1, Exhibit 2.

    B.  **Marshall failed to install certain HVAC components consistent with Allied's design.**

        1. The report prepared by the Massachusetts Development Finance Agency's ("MDFA") HVAC expert, Richard Comeau ("Comeau"), lists thirteen separate "perceived problems" with the HVAC system at the Advanced

3

Technology and Manufacturing Center (the "Center"). Comeau Report, Exhibit 3.

2. Two of the thirteen enumerated issues (Numbers 2 and 3) concern the "air intake louver plenum," which according to Comeau, "does not match the design build documents detail." Comeau Report at 3, Exhibit 3.

3. According to Comeau, Marshall's failure to execute Allied's design allows excess moisture to enter the HVAC ductwork, and creates water leaks. Comeau Report at 3, Exhibit 3.

4. Marshall also failed to install the Center's boiler water loop pumps consistent with Allied's design. Elovitz Aff., ¶ 8, Exhibit 1.

5. The design drawings prepared by Allied call for the pumps to be sized at 470 GPM. Id. The pumps installed by Marshall are only sized at 325 GPM. Id.

C. **Allied's Expert has Concluded that Several of the HVAC issues enumerated by Comeau are unrelated to Allied's design and that Allied Upgraded the HVAC purchased by the MDFA**

1. Allied has retained Kenneth M. Elovitz, PE, as its engineering expert. Although Mr. Elovitz's evaluation of the HVAC system is ongoing, he has opined that many of the alleged HVAC deficiencies are unrelated to Allied's services on the Project. For example, Mr. Elovitz has concluded that several of the HVAC issues identified by Comeau as "design-related" are in fact related to field execution and installation. Elovitz Aff. ¶ 7, Exhibit 1.

4

2. Additionally, Mr. Elovitz has identified at least one component of the HVAC design in which Allied exceeded its contractual obligations and delivered a substantial upgrade to the MDFA. According to Mr. Elovitz, Allied provided the MDFA with an air handling unit ("AHU") capable of handling 15,000 cubic feet per minute ("CFU"), even though the MDFA declined to pay for a 15,000 AHU and would only agree to pay for a 12,000 CFU AHU. Elovitz Aff. ¶ 10.

**D.  Allied is actively engaged in a cooperative Process to resolve the Center's alleged HVAC Problems even though there has been no conclusive determination that Allied was negligent in providing its engineering services.**

1. On November 1, 2004, Allied participated in a mediation to resolve the Center's alleged HVAC problems. Gregory Aff. ¶ 4, Exhibit 4.

2. Since then, Allied's expert, Ken Elovitz has evaluated the Center's HVAC system and has worked with the MDFA's expert, Richard Comeau to narrow the issues raised in Comeau's report formulate remedies acceptable to the MDFA. Gregory Aff. ¶ 5, Exhibit 4.

3. Mr. Elovitz has freely shared his findings with Marshall, who has not hired its own HVAC expert to investigate the alleged HVAC deficiencies. Gregory Aff. ¶ 6, Exhibit 4.

Respectfully submitted,
ALLIED CONSULTING ENGINEERING
SERVICES, INC. By their Attorneys

_____
David J. Hatem, PC BBO#225700
Jay S. Gregory, BBO# 562174
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02110
Phone: 617-406-4500

Dated: January 21, 2005

00890420/2500.1940

6