UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -4  P 1: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Plaintiff,<br><br>v.<br><br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY<br>    Defendants. | C.A. No. 04-CV-10203-PBS |
| ADP MARSHALL, INC.<br>    Plaintiff-in-Counterclaim,<br><br>v.<br><br>MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Defendant-in-Counterclaim. | |
| ADP MARSHALL, INC.<br>    Third Party Plaintiff,<br><br>v.<br><br>ALLIED CONSULTING ENGINEERING SERVICES, INC., ANDOVER CONTROLS CORPORATION, R&R WINDOW CONTRACTORS, INC., DELTA KEYSPAN, INC. n/k/a DELTA KEYSPAN, LLC, et al.<br>    Third Party Defendants. | |

**THIRD PARTY PLAINTIFF ADP MARSHALL, INC'S OPPOSITION TO
DELTA KEYSPAN, INC.'S MOTION TO STRIKE**

-1-

ADP Marshall, Inc. ("ADPM") respectfully submits this opposition to Delta Keyspan, Inc.'s ("Delta") Motion to Strike Certain Portions of and Exhibits to the Affidavit of Tom Hughes. Delta moves to strike Exhibit 2, Exhibit 4, Paragraph 7, and Paragraph 11 of the Affidavit of Tom Hughes.

## RELEVANCY OF THE HUGHES' AFFIDAVIT

For purposes of ADPM's motion for summary judgment vis-a-vis Delta, the Hughes Affidavit is of minor relevance because Delta is required to indemnify ADPM for claims or demands arising out of or <u>alleged</u> to have arisen out of the performance of or the operations under the subcontract. The mere allegation, irrespective of whether such is true or can be supported by an affidavit, is sufficient to trigger Delta's responsibilities of indemnification and defense under the subcontract. The complaint filed by the Massachusetts Development Finance Agency ("MDFA") against ADPM clearly alleges that "Fluor was negligent in the design and installation of the HVAC and windows." <u>See</u> Complaint, ¶41. It is undisputed that Delta installed the HVAC system. <u>See</u> Affidavit of Raymond Keough, ¶4. This alone is sufficient to trigger the obligations of indemnification and defense by Delta.

## EXHIBIT 2 AND 4 OF THE HUGHES' AFFIDAVIT

Exhibit 2 to the Hughes' affidavit is a September 6, 2002 letter written by William Whelan of Whelan Associates, LLC to Robert Greetham of ADPM. This is a business record. Tom Hughes can testify that ADPM received this letter in the normal course of business and that it was maintained in ADPM's files concerning this project. The letter is then admissible to show that ADPM was placed on notice by the MDFA of the concerns outlined in the letter. Further, the MDFA itself has submitted an affidavit of William Whelan, Exhibit N to the plaintiff's list of

exhibits, which authenticates and supports the admissibility of the September 6, 2002 letter. See Exhibit E of Plaintiff's Exhibits.

As to Exhibit 4 to the Hughes' affidavit, the expert report of Richard Comeau, such was circulated by the plaintiff after commencing this litigation to support its claims. ADPM does not offer the affidavit for its truthfulness, only to show that ADPM was put on notice of allegations concerning the installation of the HVAC system, for which Delta clearly installed. Exhibit 4 should be considered for the limited purpose of establishing notice to ADPM of the MHFA's allegations.

## PARAGRAPH 7 AND 11 OF THE HUGHES' AFFIDAVIT

Paragraph 7 of the Hughes Affidavit concerns the notice provided by William Whelan by way of the September 6, 2002 letter. As stated supra, Mr. Whelan has provided an affidavit concerning this letter and ADPM relies upon that affidavit in support of its motion for summary judgment to show that ADPM was placed on notice by the MDFA with respect to allegations concerning the HVAC installation. This letter was then forwarded by ADPM to Delta. See Affidavit of Tom Hughes, ¶8.

Again, the complaint makes an express allegation concerning the installation of the HVAC system for the project. See Complaint, ¶41. It is undisputed that Delta installed the HVAC system. See Affidavit of Raymond Keough, ¶4. Tom Hughes has personal knowledge of the complaint, the project, the project documentation, and Delta's subcontract. It is obvious and indisputable, from a reading of the complaint, that the MDFA is complaining about Delta's work. Again, whether the MDFA is right or wrong is not material to this motion, only that it has

asserted a complaint that relates to Delta's work, for which Delta owes a contractual obligation of indemnification to ADPM.

## CONCLUSION

Based on the foregoing, ADPM opposes the motion to strike and requests that same be denied.

Respectfully submitted this 2nd day of February 2005.

>                    ADP MARSHALL, INC.,
>                    By its attorneys,
>
>                    _____
>                    Andrew J. Tine, BBO#633639
>                    Haese, LLC
>                    70 Franklin Street, 9th Floor
>                    Boston, MA 02110
>                    (617) 428-0266

## CERTIFICATE OF SERVICE

I, Andrew J. Tine, hereby certify that I served a copy of the foregoing by first class mail, postage pre-paid to all counsel of record this 3rd day of February, 2005.

_____
Andrew J. Tine

-4-