UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY,<br><br>    Plaintiff,<br><br>v.<br><br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY,<br><br>    Defendants.<br><br>ADP MARSHALL, INC.,<br><br>    Third Party Plaintiff,<br><br>v.<br><br>ALLIED CONSULTING ENGINEERING SERVICES, INC., et al.,<br><br>    Third Party Defendants. | CIVIL ACTION NO. 04 CV 10203 PBS |

## UNITED STATES FIDELITY AND GURARNTY COMPANY'S OPPOSITION TO APD MARSHALL, INC.'S MOTION FOR SUMMARY JUDGMENT ON ITS THIRD PARTY COMPLAINT

The third party defendant, United States Fidelity and Guaranty Company ("USF&G"), hereby opposes the third party plaintiff, ADP Marshall, Inc.'s ("ADP") motion for summary judgment on its third party complaint against USF&G.[1]

---

[1] As an initial matter, it is not clear whether ADP is moving for summary judgment only with respect to USF&G's affirmative defense on the contractual limitation period, or whether ADP is also requesting summary judgment on its claim against USF&G in its entirety. ADP's Motion seems to suggest the latter. See Third Party Plaintiff ADP Marshal, Inc.'s Memorandum of Law in Support of its Motion for Summary Judgment as to USF&G, p. 7 (requesting "summary judgment in the form of a declaratory judgment as to USF&G's obligations under the Performance Bond").

1

I.  **FACTS**

On or about January 5, 2001, ADP entered into a subcontract ("the Subcontract") with The Hartford Roofing Company, Inc. ("Hartford Roofing") to perform certain roofing work at the project known as the Advanced Technology and Training Manufacturing Center in Fall River, Massachusetts ("the Project"). On or about March 13, 2001, USF&G, as surety, executed a Subcontract Performance Bond ("the Bond") on behalf of Hartford Roofing, as principal, in favor of ADP, as obligee, for the Project.

While ADP has requested that USF&G evaluate the claims made by the Project's owner, the Massachusetts Development Finance Agency ("MDFA"), concerning allegations of defective and/or incomplete work by Hartford Roofing, ADP has failed declared Hartford Roofing to be in default of the Subcontract, a precondition to USF&G's obligation, if any, under the Bond. Additionally, most of the alleged deficiencies claimed by ADP and/or MDFA are not the responsibility of Hartford Roofing. Many of the alleged deficiencies or claims are not within the scope of Hartford Roofing's subcontract, were caused by and are the responsibility of other trades on the Project, are the result of incomplete and/or deficient plans and specification, or are the result of poor construction coordination by ADP on the Project.

II.  **USF&G WITHDRAWS ITS AFFIRMATIVE DEFENSE THAT ADP'S CLAIM IS BARRED BY THE TWO YEAR LIMITATION PERIOD SET FORTH IN THE BOND.**

USF&G hereby withdraws its affirmative defense that ADP's claim is barred by the two year limitation period set forth in the Bond.

### III. ADP IS NOT ENTITLED TO SUMMARY JUDGMENT ON ITS BOND CLAIM BECAUSE ADP HAS FAILED TO IDENTIFY FACTS SUPPORTING ITS CLAIM AGAINST USF&G.

Although ADP has apparently moved for summary judgment on its claim on the Bond, ADP has failed to establish in its summary judgment papers that USF&G's principal, Hartford Roofing, failed to complete its work and is in default of the subcontract. Therefore, USF&G does not have any burden, at this stage, of producing evidence that Hartford Roofing did not breach the subcontract. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989) (burden of producing evidence to support claim only shifts to nonmoving party if moving party affirmatively demonstrates that nonmoving party lacks any reasonable expectation of proving essential elements of claim); TLT Constr. Corp. v. A. Anthony Tappe and Assocs. Inc., 48 Mass. App. Ct. 1, 12 (1999) (architect was not entitled to summary judgment on contractor's claims against architect where architect did not affirmatively demonstrate that contractor's proof was unlikely to be forthcoming). Accordingly, ADP's motion for summary judgment must be denied.

### IV. ADP IS NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE ARE MATERIAL FACTS IN DISPUTE CONCERING ADP'S CLAIMS AND HARTFORD ROOFING'S WORK ON THE PROJECT.

Independent of ADP not having met its initial burden of establishing that it is entitled to summary judgment on its bond claim, there are material fact in dispute that preclude the entry of summary judgment in ADP's favor. There are factual disputes concerning the validity of the claims made with respect to Hartford Roofing's work on the Project. Indeed, USF&G's expert has opined that many of the alleged deficiencies are not the responsibility of Hartford Roofing; rather many of the alleged deficiencies or claims are out of the scope of Hartford Roofing's subcontract, were caused by and are the responsibility of other trades on the Project, are the

result of incomplete and/or deficient plans and specification, or are the result of poor construction coordination by ADP on the Project. Because there are material facts in dispute, ADP's motion should be denied.

### V. ADP IS NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE ADP HAS FAILED TO DECLARE HARTFORD ROOFING IN DEFAULT OF THE SUBCONTRACT, WHICH IS A PRECONDITION TO USF&G'S OBLIGATION UNDER THE BOND.

The rights and obligations of parties under a surety bond are to be determined by the terms of the bond, construed according to the usual rules of contract interpretation. Miller v. Perry, 333 Mass. 155, 158 (1955); In re Sinking of M/V Ukola, 806 F.2d 1, 4 (1st Cir. 1986); see also Elm Haven Constr. Ltd. Partnership v. Neri Constr., LLC, 376 F.3d 96, 100 (2nd Cir. 2004) (a bond is a contract to be construed in accordance with standard principles of contract interpretation). "The general rule is that a party suing on bond must show strict compliance with its terms." Simplex Time Recorder Co. v. Federal Ins. Co., 37 Mass. App. Ct. 947, 947 (1994). "[W]hen the wording of a contract is unambiguous, the terms will be enforced." Seaboard Sur. Co. v. Greenfield, 370 F.3d 215, 219 n.5 (1st Cir. 2004) (construing performance bond) (citations omitted).

Where an obligee fails to meet conditions precedent in the bond, the surety is discharged from all liability under the bond as a matter of law. Here, the Bond provides, in relevant part, as follows:

> Whenever Principal shall be, and *be declared by Obligee to be in default under the subcontract*, the Obligee having performed Obligee's obligations thereunder: (1) Surety may promptly remedy the default subject to the provisions of paragraph 3 herein, or; (2) Obligee after reasonable notice to Surety may, or Surety upon demand of Obligee, may arrange for the performance of Principal's obligation under the subcontract subject to the provisions of paragraph 3 herein; (3) The balance of the

4

>subcontract price, as defined below, shall be credited against the reasonable cost of completing performance of the subcontract.

See Affidavit of Jay Bernstein, Exhibit A. Thus, for USF&G's obligation, if any, to arise under the Bond, the Bond requires that Hartford Roofing be "in default" and that ADP "declare[] [Hartford Roofing] to be in default under the Subcontract." Id. This is a condition precedent to USF&G's obligation, if any, under the Bond. See, e.g., Elm Haven Constr. Ltd. P'ship v. Neri Constr. LLC, 376 F.3d 96, 100 (2d Cir. 2004).

The recent decision in Elmhaven supports USF&G's position that it has no obligation under the Bond and that ADP is not entitled to summary judgment. In Elmhaven, the Second Circuit Court of Appeals upheld a lower court decision finding that the general contractor failed to comply with the bond provision requiring a declaration of default of the subcontractor and that the declaration of default was required to trigger the surety's liability under the performance bond. In construing bond language identical to the Bond in this case, the Court held that there were two conditions that the obligee had to meet in order to trigger the surety's liability: "First [the principal] had to be in 'in default' under the subcontract agreement and second [the obligee] had to 'declare [the principal] to be in default under the subcontract agreement." Id. at 100. The Court held that these conditions were "conditions precedent" to the surety's performance on the bond and that, as such, they needed to be made to the surety in "precise terms." Id. The court found that the obligee failed to comply with the requirement "clear and unequivocal" notice of default be given to the surety. Id. Moreover, the Elmhaven court held that a letter sent subsequently by the obligee in an attempt to remedy its failure to default the principal was ineffective and did not constitute the notice required under the bond. Id. at 101.

5

Other jurisdictions are in accord that there must be a declaration of default, and that the declaration must be made "in clear, direct and unequivocal language" and "must inform the surety that the principal has committed a material breach of series of material breaches of the [contract], that the obligee regards the [contract] as terminated, and that the surety must immediately commence performing under the terms of its bond." L & A Contracting Co. v. Southern Concrete Servs., Inc., 17 F.3d 106, 111 (5th Cir. 1994) (surety not obligated under performance bond where obligee failed to issue declaration of default); see also Bank of Brewton, Inc. v. International Fidelity Ins. Co., 827 So. 2d 747, 754 (Ala. 2002).

It is undisputed that ADP has provided no notice to USF&G that Hartford Roofing has been declared in default. Because ADP has never declared Hartford Roofing to be in default, USF&G has no obligation under the Bond. ADP is therefore not entitled to summary judgment. Because the undisputed facts establish that ADP has failed to satisfy a condition precedent to the Bond, USF&G requests that summary judgment be entered in its favor. See National Expositions, Inc. v. Crowley Maritime Corp., 824 F.2d 131, 133 (1st Cir. 1987) (district court has authority to render summary judgment in favor of the non-moving party).

## VI.    CONCLUSION

For the foregoing reasons, USF&G respectfully requests that the Court deny ADP Marshall, Inc.'s Motion for Summary Judgment and enter summary judgment in favor of USF&G.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**

By its attorneys,

/s/ Eric H. Loeffler
Bradford R. Carver, BBO #565396
Eric H. Loeffler, BBO#641289
Cetrulo & Capone LLP
Two Seaport Lane
Boston, Massachusetts 02210
(617) 217-5500

7