UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY,<br><br>    Plaintiff,<br><br>v.<br><br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY,<br><br>    Defendants.<br><br>ADP MARSHALL, INC.,<br><br>    Third Party Plaintiff,<br><br>v.<br><br>ALLIED CONSULTING ENGINEERING SERVICES, INC., et al.,<br><br>    Third Party Defendants. | CIVIL ACTION NO. 04 CV 10203 PBS |

### AFFIDAVIT OF MICHAEL S. ANDERSON, P.E.

I, Michael S. Anderson, having been duly sworn, hereby depose and state as follows:

1.  I am a licensed professional engineer and Senior Project Manager with Cashin Spinelli & Ferretti LLC ("CSF"). My professional experience for the past twenty-three (23) years has encompassed, among other things, construction administration, construction management, construction engineering, design-build and traditional engineering design, waterproofing and leakage issues. I hold degrees and other credentials as described in the attached Exhibit 1, which is a true and accurate copy of my curriculum vitae. Exhibit 1 is a true

1

and accurate statement of the facts as set forth therein, and of the pertinent facts of my professional career, credentials and accomplishments. I make the statements herein based on personal knowledge or on the basis of the business records of USF&G and/or Hartford Roofing, of which Cashin Spinelli & Ferretti, LLC is a keeper of a portion of Hartford Roofing's records.

2. CSF was retained by United States Fidelity and Guaranty Company ("USF&G") to, among other things, perform an evaluation of alleged building leaks allegedly caused by USF&G's principal, The Hartford Roofing Company, Inc. ("Hartford Roofing"), which performed certain roofing work on the Advanced Technology and Manufacturing Center project in Fall River, Massachusetts ("the Project"). I understand that ADP Marshall, Inc. ("ADP"), the obligee on the Subcontract Performance Bond issued by USF&G, and/or the Massachusetts Development Finance Agency ("MDFA"), the owner of the Project, have alleged that certain of Hartford Roofing's work on the Project is incomplete and/or defective.

3. I hold the opinions expressed herein to a reasonable degree of professional certainty as a professional engineer. In arriving at the opinions that I express herein, I have brought to bear my own research and scholarship, my own learning in the fields described in Exhibit 1, and my knowledge of the scientific and engineering literature on the necessary subjects. I am aware of the qualifications necessary to give opinions on the subjects that are pertinent to this matter, and I possess the necessary expertise to express those opinions.

4. I reviewed the following sources and documents, coupled with the application of my professional experience, in developing my professional opinions: The Subcontract Agreement between ADP and Hartford Roofing (#110095.01-017) which includes contract requirements such as Attachments, Subcontract Modification, Schedule of Work, Contract Schedule, Change Order Amendments #1 through #6, Technical Specification Sections 07530,

07600, and 07720, and Roofing Bid Plans A2.4a, A2.4b, and A2.4c. In addition, I have conducted five site visits to inspect the alleged deficiencies and incomplete work and I have consulted with representatives of ADP, MDFA, five independent roofing contractors and the roof material manufacturer.

5. It is my opinion to a reasonable degree of professional certainty that most of the alleged deficiencies are not the responsibility of Hartford Roofing. Many of the alleged deficiencies or claims are out of the scope of Hartford Roofing's subcontract, were caused by and are the responsibility of other trades on the Project, are the result of incomplete and/or deficient plans and specification, or are the result of poor construction coordination by ADP on the Project.

SIGNED UNDER PAINS AND PENALTIES OF PERJURY ON THIS 31st DAY OF MARCH, 2005.

/s/ Michael S. Anderson, P.E.
Michael S. Anderson, P.E.