UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY,<br><br>    Plaintiff<br><br>v.<br><br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY,<br><br>    Defendants<br><hr><br>ADP MARSHALL, INC.,<br><br>    Plaintiff-in-Counterclaim,<br><br>MASSACHUSETTS DEVEOPMENT FINANCE AGENCY,<br><br>    Defendant-in-Counterclaim<br><hr><br>ADP MARSHALL, INC.,<br><br>    Third-Party Plaintiff<br><br>v.<br><br>ALLIED CONSULTING ENGINEERING SERVICES, et al.<br><br>    Third-Party Defendants | CIVIL ACTION<br>NO. 04-CV-10203-PBS |

OPPOSITION OF SPAGNOLO/GISNESS & ASSOCIATES, INC.
TO ADP MARSHALL, INC'S MOTION FOR LEAVE TO
<u>FILE MOTION FOR SUMMARY JUDGMENT</u>

Now comes the third-party defendant, Spagnolo/Gisness & Associates, Inc. ("SGA"), and respectfully asks this Honorable Court to deny the motion for leave to file

1

motion for summary judgment of ADP Marshall, Inc. ("ADPM"). In support of this motion, SGA states as follows:

1. On October 5, 2004, this Court issued a Second Scheduling Order directing all parties to file dispositive motions by November 30 2004. (Exhibit A).

2. ADPM had full knowledge of the deadlines set by the Second Scheduling Order which is evidence by the fact that on November 30, 2004, ADPM filed motions for summary judgment against the plaintiffs, Massachusetts Development Finance Agency and Fireman's Fund Insurance Company. On November 30, 2004, ADPM also filed motions for summary judgment against the following third-party defendants: United States Fidelity and Guaranty Company, Delta Keyspan, Inc., Allied Consulting Engineering Services, Inc
ADPM chose not to bring a motion for summary judgment against SGA.

4. ADPM never requested that this Court modify the existing Second Scheduling Order.

5. Yet, now, almost six months after the deadline for filing motions for summary judgment has expired, ADPM asks this Court for leave to file a motion for summary judgment.

6 "[L]itigants have an unflagging duty to comply with clearly communicated case-management orders . . . ." Rosario-Diaz, et

2

al., 140 F.3d 312, 315 (1st Cir. 1998) (where the First Circuit Court of Appeals denied the defendants' motion for leave to file motion for summary judgment due to the defendants' failure to comply with the scheduling order and their failure to offer good cause as to why the scheduling order should be modified).

7. Courts have routinely held that a litigant who ignores case-management deadlines does so at his peril. See id.; Data Gen. Corp. v. Grumman Sys. Support, 803 F. Supp. 487 (D. Mass. 1992)(where court denied defendant's motion for leave to file a dispositive motion because three months has passed since the filing deadline had the defendant had no justification for its delay in bringing the motion).

8. ADPM fails to proffer a compelling reason for its dilatory behavior. In fact, ADPM fails to proffer any reason at all for bringing its motion at this late hour.

9. The facts in this case have not changed since November 30, 2004. Further, ADPM did not serve SGA with interrogatories until January 28, 2005 or two months after the filing date for summary judgment motions had come and gone

10. The proposed motion for summary judgment lacks merit and would not advance this matter  The proposed motion would only increase attorneys' fees and unfairly burden this Court.

WHEREFORE, based on these above-mentioned facts, SGA respectfully asks this Court to deny ADPM's motion for leave to file motion for summary judgment

                **SPAGNOLO/GISNESS & ASSOCIATES, INC.**
                By its attorneys,

                /s/ Warren D. Hutchison
                David J. Hatem, PC
                BBO No. 225700
                Warren D. Hutchison
                BBO No. 246150
                Carly B. Goldstein
                BBO No. 654731
                DONOVAN HATEM LLP
                Two Seaport Lane
                Boston, MA  02210
                Tel:  (617)406-4500

Dated: May 17, 2005

## CERTIFICATE OF SERVICE

I, Warren D. Hutchison, Esquire, hereby certify that on this 17th day of May, 2005, I served the foregoing by mailing a copy thereof, postage pre-paid to:

Charles A. Plunkett, Esq.
Edward F. Vena, Esq.
Sabatino F. Leo, Esq.
Vena, Riley, Deptula, LLP
250 Summer Street
Boston, MA 02210

John J. McNamara, Esq.
Eric A. Howard, Esq.
Domestico, Lane & McNamara, LLP
161 Worcester Road, Suite 302
Framingham, MA 01701

William E. O'Gara, Esq.
Stephen A. Izzi, Esq.
Holland and Knight, LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

Alan Whitestone, Esq.
Black, Cetkovic & Whitestone
200 Berkeley Street
Boston, MA 02116

Andrew J. Tine, Esq.
Glenn H. Haese, Esq.
Richard J. Fox, Esq.
Haese LLC
70 Franklin Street, 9th Floor
Boston, MA 02110

James F. Kavanaugh, III, Esq
Robert R. Pierce, Esq.
Pierce & Mandell, PC
11 Beacon Street, Suite 800
Boston, MA 02108-3002

Eric H. Loeffler, Esq.
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road, Unit 1
Plymouth, MA 02360


/s/ Warren D. Hutchison
O

00917521.DOC

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Massachusetts Development Finance Agency
Plaintiff,
V.

Civil Action Number
04-10203-PBS

ADP Marshall, Inc., et al
Defendant.

October 5, 2004

## SECOND SCHEDULING ORDER

Saris, D.J.,

Fact Discovery deadline: 11/30/05

Plaintiff's expert designation deadline: 2/25/05

Defendant's expert designation deadline: 3/25/05

Expert discovery deadline: 5/25/05

Summary Judgment Motion filing deadline:   1/30/04

Opposition to Summary Judgment Motions: 1/7/05

Hearing on Summary Judgment or Pretrial Conference: 2/16/05 at 2:00 p.m.

Final Pretrial Conference: 6/28/05 at 2:00 p.m.

Jury Trial: 7/18/05 at 9:00 p.m.

By the Court,

/s/ Robert C. Alba
Deputy Clerk