UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>   Plaintiff,<br><br>v.<br><br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY<br>   Defendants.<br><hr><br>ADP MARSHALL, INC.<br>   Plaintiff-in-Counterclaim,<br><br>v.<br><br>MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>   Defendant-in-Counterclaim.<br><hr><br>ADP MARSHALL, INC.<br>   Third Party Plaintiff,<br><br>v.<br><br>ALLIED CONSULTING ENGINEERING SERVICES, INC., et al.<br>   Third Party Defendants. | C.A. No. 04 CV 10203 PBS |

## MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT AGAINST SPAGNOLO/GISNESS & ASSOCIATES, INC.

Now comes Third Party Plaintiff, ADP Marshall, Inc. ("ADPM"), and moves this

Honorable Court for leave to file and serve the attached Motion for Summary Judgment (Exhibit

1) upon Defendant, Spagnolo/Gisness & Associates, Inc. ("Spagnolo/Gisness"). In support of this motion, ADPM states as follows:

1. It is unlikely that a settlement will be achieved between ADPM and Spagnolo/Gisness. It is likely that every other party to this lawsuit may achieve a settlement in advance of trial.

2. This Court has scheduled a trial of this matter for August 2, 2005.

3. ADPM has not yet advanced a Motion for Summary Judgment against Spagnolo/Gisness.

4. There is a pure legal question that this Court may decide which may resolve this dispute and negate the need for a costly and time consuming jury trial.

5. Spagnolo/Gisness performed work on the ATMC construction project as a consultant to ADPM. The owner of the ATMC project has claimed that work for which Spagnolo/Gisness performed for ADPM is defective or deficient.

6. The fact that the owner has made claims that relate to Spagnolo/Gisness' work cannot be disputed. The validity of those claims is not material to a motion for summary judgment.

7. The agreement between ADPM and Spagnolo/Gisness requires Spagnolo/Gisness to "defend, indemnify and hold [ADPM] harmless from and against any claims, demands . . .including reasonable attorneys' fees, arising out of or relating to: . . . damage to or loss or property . . . and failure . . . to comply . . . with the terms of this Agreement."

8. Spagnolo/Gisness has failed to defend, indemnify or hold harmless ADPM in relation to the claims advanced by the owner in this lawsuit.

9. Massachusetts law is clear that where there is a obligation to "defend" another contained within in indemnification clause, the obligation is immediate, upon a "claim" being advanced. Urban Inv. & Development Co. v. Turner Constr., 35 Mass.App.Ct. 100, 107 (1993)

*referencing* Stephan & Sons v. Anchorage, 629 P.2d 71, 75 (Alaska 1981). There is no requirement that liability first be established and to require such would negate the meaning of the word defense. Id. at 107.

WHEREFORE, ADP Marshall, Inc. requests leave to file and serve the attached Motion for Summary Judgment.

Respectfully submitted,
ADP Marshall, Inc.
By its attorneys,

Andrew J. Tine (BBO#633639)
Haese, LLC
30 Federal Street
Boston, MA 02110
(617) 428-0266

CERTIFICATE OF SERVICE

I, Andrew J. Tine, hereby certify that I served a copy of the foregoing by first class mail, postage pre-paid to all counsel of record this 3rd day of May, 2005.

Andrew J. Tine