UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT )<br>FINANCE AGENCY )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ADP MARSHALL, INC., a FLUOR )<br>DANIEL COMPANY, and FIREMAN'S )<br>FUND INSURANCE COMPANY )<br>    Defendants. )<br>_____)<br>)<br>ADP MARSHALL, INC. )<br>    Plaintiff-in-Counterclaim, )<br>)<br>v. )<br>)<br>MASSACHUSETTS DEVELOPMENT )<br>FINANCE AGENCY )<br>    Defendant-in-Counterclaim. )<br>_____)<br>)<br>ADP MARSHALL, INC. )<br>    Third Party Plaintiff, )<br>)<br>v. )<br>)<br>ALLIED CONSULTING ENGINEERING )<br>SERVICES, INC., ANDOVER CONTROLS )<br>CORPORATION, R&R WINDOW )<br>CONTRACTORS, INC., DELTA )<br>KEYSPAN, INC. n/k/a DELTA )<br>KEYSPAN, LLC, MADDISON )<br>ASSOCIATES, INC., UNITED STATES )<br>FIDELITY AND GUARANTY )<br>COMPANY, FIDELITY AND DEPOSIT )<br>COMPANY OF MARYLAND, )<br>NATIONAL GRANGE MUTUAL, )<br>INSURANCE COMPANY, TRAVELERS )<br>CASUALTY AND SURETY COMPANY ) | C.A. No. 04 CV 10203 PBS |

-1-

EXHIBIT " 1 "
PAGE 4 OF 19

OF AMERICA, AMERICAN HOME )
ASSURANCE COMPANY, )
HARTFORD ROOFING COMPANY, INC. )
and SPAGNOLO/GISNESS & )
ASSOCIATES, INC. )
    Third Party Defendants. )
_____ )

### THIRD PARTY PLAINTIFF ADP MARSHALL, INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS TO SPAGNOLO/GISNESS & ASSOCIATES, INC.

ADP Marshall, Inc. ("ADPM") respectfully submit this memorandum of law in support of its motion for summary judgment on Counts XVIII, breach of contract, and XIX, indemnification and contribution, of the First Amended Third Party Complaint against Spagnolo/Gisness & Associates, Inc. ("Spagnolo/Gisness").

### INTRODUCTION

On or about September 7, 2000, ADP Marshall, Inc. ("ADPM") and the Massachusetts Development Finance Agency ("MDFA") entered into a contract (the "Contract") for the construction of an Advanced Technology and Manufacturing Center in Fall River, Massachusetts (the "Project"). See Affidavit of Tom Hughes, ¶2. The Project was accepted as substantially complete on August 21, 2001.

On or about December 2, 2003, this lawsuit was filed against ADPM ("MDFA's Complaint"). On or about February, 2004, ADPM notified Spagnolo/Gisness of the MDFA's Complaint and requested indemnification since there were allegations concerning the work performed by Spagnolo/Gisness. See Affidavit of Tom Hughes, ¶6.

## SUMMARY OF ARGUMENT

Count I of the MDFA's Complaint is a breach of contract claim against ADPM. Therein, the MDFA alleges that ADPM engaged the architectural firm of Spagnolo/Gisness to provide architectural design services for the Project. See Complaint, ¶16. In fact, Spagnolo/Gisness did enter into a contract with ADPM to provide the architectural design for the project. See Affidavit of Tom Hughes, ¶4. The MDFA alleges in its Complaint that, "[ADPM] was negligent in the design and installation of the HVAC and windows." See Complaint, ¶41. The MDFA has furnished ADPM with a report containing allegations that certain work performed by Spagnolo/Gisness is deficient. See Affidavit of Tom Hughes, ¶7. Spagnolo/Gisness designed how the window and wall components would look and work together to provide a weather tight building shell. See Affidavit of Tom Hughes, ¶8. There is evidence of water leaks penetrating the building shell. See Affidavit of Tom Hughes, ¶9. The owner's expert is expected to "testify that the architectural drawings do not call for the standard exterior wall flashing and the that architect, in its design, was dependant on sealant as the main water and weatherpoof barrier" and that the "sealant failed, resulting in building leaks." See Expert Designations of the Plaintiff Massachusetts Development Finance Agency, Exhibit A hereto. The expert disclosures of the MDFA go on to allege various other architectural design deficiencies. See Exhibit A hereto.

Spagnolo/Gisness' consulting agreement, at paragraph 7.2 provides that Spagnolo/Gisness "shall defend, indemnify and hold each of the Indemnified Parties harmless from and against any claims, demands, causes of actions, damages, liabilities, losses, costs and expenses, including reasonable attorneys' fees, arising out of or relating to:

. . .

EXHIBIT " 1 "
PAGE 6 OF 19

    7.2.3    Failure by [Spagnolo/Gisness] to comply with any applicable law, regulation, or statute, or with the terms of this Agreement."

Spagnolo/Gisness was required to "perform all of the design and related Services that are specified or reasonably inferable from the requirements set forth in the Agreement Documents, including Attachment "A" and this Article 2." See Affidavit of Tom Hughes, ¶12. Attachment "A" to the Spagnolo/Gisness consulting agreement is entitled "Scope of Work" and further describes Spagnolo/Gisness's contractual obligations. It states that "[Spagnolo/Gisness] will provide Architectural and Structural Engineering Services on a Lump Sum Basis for the Project."

Spagnolo/Gisness agreed that its performance would be "in accordance with the highest prevailing standards of professional care for nationally recognized architects and engineering professionals regularly engaged in the design of state of the art Project described herein." See Affidavit of Tom Hughes, ¶13. Paragraph 3.1 of the Spagnolo/Gisness consulting agreement goes on to state that "Notwithstanding any review, approval, acceptance, or payment for any and all of [Spagnolo/Gisness'] Services by [ADPM] or termination of this Agreement, [Spagnolo/Gisness] shall remain responsible for the professional and technical accuracy of all of the [Spagnolo/Gisness's] Services and deliverables in meeting the requirements described in this Consultant Agreement and the Prime Agreement."

The "Indemnified Parties," as defined by Spagnolo/Gisness' consulting agreement in paragraph 7.1, are ADPM and the MDFA. Further, in addition to the obligation of indemnity, Spagnolo/Gisness has a duty, pursuant to paragraph 7.3, to reimburse any attorneys' fees and expenses incurred by ADPM and the MDFA to enforce Spagnolo/Gisness' indemnity obligations.

ADPM now seeks defense, indemnification and reimbursement for attorney fees incurred, as it relates to claims advanced against Spagnolo/Gisness.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when "there is no genuine issue of material fact and ... the moving party is entitled to summary judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986); Allstate Insurance Co. v. Reynolds, 43 Mass. App. Ct. 927, 928 (1997) (citing Community Natl. Bank v. Dawes, 369 Mass. 550, 553 (1976) and Massachusetts Hosp. Assn. v. Department of Pub. Welfare, 419 Mass. 644, 649; MASS. R. CIV. P. 56(c)). The non-moving party must go "beyond the pleadings ... and ... designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 323-324. The party opposing a motion for summary judgment must set forth substantial evidence supporting its position. Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986). "'A complete failure of proof concerning an essential element of the non-moving party's case renders all other facts immaterial.'" Kourouvacilis v. G.M. Corp., 410 Mass. 706, 711, (1991)(quoting Celotex Corp., 477 U.S. at 323-324).

## CONCISE STATEMENT OF MATERIAL FACTS

1. On or about September 7, 2000, ADPM and the MDFA entered into a Contract for the construction of an Advanced Technology and Manufacturing Center in Fall River, Massachusetts, the Project. See Affidavit of Tom Hughes, ¶2.

EXHIBIT " 1 "
PAGE 8 OF 19

2. On or about June 27, 2000, ADPM and Spagnolo/Gisness entered into an agreement whereby Spagnolo/Gisness would render professional architectural and design services for the Project ("Spagnolo/Gisness consulting agreement"). See Affidavit of Tom Hughes, ¶4.

3. Spagnolo/Gisness rendered professional architectural and design services for the Project, not limited to, providing core and shell architectural services an structural foundation design services. See Affidavit of Tom Hughes, ¶5.

4. Many of the MDFA's concerns, raised in its Compliant and through its expert disclosures, relate to the architectural services provided by Spagnolo/Gisness for the Project. See Affidavit of Tom Hughes, ¶10.

5. ADPM has requested, and Spagnolo/Gisness has failed to offer or provide, defense, indemnification and reimbursement of attorney fees, for the MDFA's claims that relate to Spagnolo/Gisness' architectural services. See Affidavit of Tom Hughes, ¶14.

## ARGUMENT

The Spagnolo/Gisness consulting agreement at paragraph 7.2 provides that Spagnolo/Gisness must defend, indemnify and hold harmless ADP Marshall against all claims, damages, losses, and expenses, including but not limited to attorney's fees, resulting from Spagnolo/Gisness' failure to perform under its consulting agreement. Paragraph 3.1 of the Spagnolo/Gisness consulting agreement makes Spagnolo/Gisness responsible for the professional and technical accuracy of all of its services and deliverables in meeting the requirements described in its consultant agreement and the Contract.

EXHIBIT " 1 "
PAGE 9 OF 19

Indemnification clauses are enforceable under Massachusetts law because the allocation of risk by agreement does not conflict with public policy. Canal Elec. Co. v. Westinghouse Elec. Corp., 406 Mass. 369, 372, (1990); Minassian v. Ogden Suffolk Downs, Inc., 400 Mass. 490, 492 (1987). This is particularly so when the parties to an agreement are "sophisticated business entities." MacGlashing v. Dunlop Equip. Co., 89 F.3d 932, 939 (1st Cir. 1996) (quoting Canal Elec., 406 Mass. At 374; Deerskin Trading Post, Inc. v. Spencer Press, Inc., 398 Mass. 118, 123 (1986)). Risk allocation agreements are common in the construction industry and are widely regarded as a "reasonable accommodation" between the parties to a commercial agreement. MacGlashing, 89 F.3d at 939.

The MDFA alleges that the building shell, designed by Spagnolo/Gisness, is not properly designed and that there are water leaks. The MDFA's experts identify flashing and other architectural design considerations, for which Spagnolo/Gisness was responsible, as the cause of water leaks and the MDFA's complaints. As such, Spagnolo/Gisness is responsible to ADPM, from both a defense and indemnification standpoint, for any alleged performance issues resulting from their architectural design work.

The subject indemnity clauses are enforceable because they specifically hold Spagnolo/Gisness responsible only to the extent of its own performance. Looking beyond the contract, at common law, indemnification has been permitted where the person seeking indemnification did not join in the negligent act of another but was exposed to liability because of that negligent act. Rathbun v. Western Massachusetts Elec. Co. 479 N.E.2d 1383, 1385 (Mass. 1985). "The cause of action exists independently of statute, and whether or not contractual relations exist between the parties." Fireside Motors, Inc. v. Nissan Motor

-7-

EXHIBIT " 1 "
PAGE 10 OF 19

Corporation, 395 Mass. 366, 369-370 (1985). Even at common law, Spagnolo/Gisness is responsible for indemnification of ADPM for the MDFA's claims that arise out of its performance.

Spagnolo/Gisness' obligation of defense is immediate. Massachusetts law provides that where there is a obligation to "defend" another party contained within in indemnification clause, the obligation is immediate, upon a "claim" being advanced. Urban Inv. & Development Co. v. Turner Constr., 35 Mass.App.Ct. 100, 107 (1993) *referencing* Stephan & Sons v. Anchorage, 629 P.2d 71, 75 (Alaska 1981). There is no requirement that liability first be established and to require such would negate the meaning of the word "defense." Id. at 107. As such, Spagnolo/Gisness should be held responsible to pay for any settlement achieved in its absence, and it should be held responsible to pay all attorney's fees, defense and settlement costs incurred that relate to claims concerning its work.

Accordingly, summary judgment should be granted to ADPM on Counts XVIII and XIX of its Third Party Claim against Spagnolo/Gisness.

## CONCLUSION

Based on the foregoing, ADPM requests summary judgment be granted in its favor, as against Spagnolo/Gisness, on Count XVIII and XIX of its Third Party Complaint.

EXHIBIT " 1 "
PAGE 11 OF 19

Respectfully submitted this 4th day of May 2005.

>ADP MARSHALL, INC.,
>By its attorneys,
>
>_____
>Andrew J. Tine, BBO#633639
>Haese, LLC
>70 Franklin Street, 9th Floor
>Boston, MA 02110
>(617) 428-0266

EXHIBIT " 1 "
PAGE 12 OF 19

## CERTIFICATE OF SERVICE

I, Andrew J. Tine, hereby certify that I served a copy of ADPM's Motion for Summary Judgment, Memorandum in Support thereof and Affidavit of Tom Hughes by first class mail, postage pre-paid to all counsel of record this ___ day of May, 2005.

_____
Andrew J. Tine