UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAY -4  A 11: 35

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY )<br>　　Plaintiff, )<br>)<br>v. )<br>)<br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY )<br>　　Defendants, )<br>)<br>ADP MARSHALL, INC. )<br>　　Plaintiff in Counterclaim, )<br>)<br>v. )<br>)<br>MASSACHUSETTS DEVELOPMENT FINANCE AGENCY )<br>　　Defendant in Counterclaim, )<br>)<br>ADP Marshall, Inc. )<br>　　Third Party Plaintiff, )<br>)<br>v. )<br>ALLIED CONSULTING ENGINEERING SERVICES, INC. ANDOVER CONTROLS CORPORATION, R & R WINDOW CONTRACTORS, INC., AND DELTA KEYSPAN, INC. N/K/A DELTA KEYSPAN, LLC, MADDISON ASSOCIATES, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY FIDELITY AND DEPOSIT COMPANY OF MARYLAND, NATIONAL GRANGE MUTUAL INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, AMERICAN HOME ASSURANCE COMPANY, HARTFORD ROOFING COMPANY, INC., and SPAGNOLO/GISNESS & ASSOCIATES, INC. )<br>　　Third Party Defendants. ) | C.A. No.: CV 10203 PBS |

EXHIBIT " 1 "
PAGE 14 OF 19

**EXHIBIT A**

-1-

## EXPERT DESIGNATIONS OF THE PLAINTIFF, MASSACHUSETTS DEVELOPMENT FINANCE AGENCY

### Introduction

In accordance with this Honorable Court's Second Scheduling Order issued October 5, 2004, Plaintiff, Massachusetts Development Finance Agency, (hereinafter "MDFA") hereby submits, as ordered by the Court, the following expert designations:

**Mr. Richard J. Comeau, P.E.**

MDFA intends to call Mr. Richard J. Comeau of Richard J. Comeau Engineers, Inc., an architectural and engineering firm, as an expert witness at trial. Mr. Comeau is an engineer licensed in the Commonwealth of Massachusetts, and the states of Maine, Ohio, New York, Rhode Island, Vermont, Indiana, Virginia, Connecticut and Maryland. He is the president and treasurer of Richard J. Comeau Engineers, Inc. and has over 40 years of experience in the fields of mechanical and design engineering. Mr. Comeau received a B.S. in Mechanical Engineering and participated in the Graduate Program at Northeastern University. Mr. Comeau has received the Project's Request for Proposals Volume I, specifications, equipment operating and maintenance manuals and other records pertaining to this cause of action. Mr. Comeau also relies upon his background, education, training, and experience in forming his opinions on the design and construction of the Heating Ventilation and Air Conditioning System (hereinafter "HVAC") at 151 Martine Street, Fall River, Massachusetts (hereinafter "Project").

Mr. Comeau is expected to testify regarding specific omissions, errors and the required degree of skill and care with respect to the design and construction of the HVAC system for the Project. Mr. Comeau is expected to set forth industry design standards for



EXHIBIT "1"
PAGE 15 OF 19

**EXHIBIT A**

-2-

the HVAC system. Mr. Comeau will testify regarding the design and construction of the HVAC system engineering on the Project and that the HVAC system as designed and installed is unable to supply sufficient heating or cooling for portions of the Project. Mr. Comeau will further testify that there exist problems with the air intake serving the cooling and heating systems for the building. Additionally, that industry design standards for the HVAC system at the Project requires a total of 208 square feet for air intake; the existing air intake louver is 101 square feet, less than half that required by the design. Further, as a result of the method of installation, during periods of rain, water infiltrates the plenum and the systems' ductwork and has caused damage to the insulation.

Mr. Comeau will further testify that the capacity of the HVAC system to cool the "knuckle" area of the building is insufficient. The building as designed consists of two (2) wings (east and west) and two (2) stories. Dividing the two wings is the area of the building known as the "knuckle" which is a three-story glass atrium. Mr. Comeau will testify that during the summer months the "knuckle" generates levels of heat in which the HVAC system is unable to cool. Mr. Comeau will further testify that the existing installed pumps do not match the designed capacity. Also, the piping loop within the penthouse is installed backwards which further aggravates the situation. Additionally, the building heating loop piping is not installed per the original design further aggravating the building heating problems. As a result, the full heating capacity of the unit is not available to the building heating loop.

Mr. Comeau's testimony is subject to review and modification upon receipt of additional materials obtained throughout the course of discovery.



EXHIBIT " 1 "
PAGE 16 OF 19

**EXHIBIT A**

—3—

### Mr. Stephen J. Wessling, AIA, CSI, BOCA

  MDFA intends to call Stephen J. Wessling of Stephen J. Wessling Architects, Inc., an architectural firm, as an expert witness at trial. Mr. Wessling is an architect, licensed in the Commonwealth of Massachusetts and the states of Rhode Island, Connecticut, New Hampshire, Maine, Pennsylvania and New Jersey. He is the principal and Chief Executive Officer of Wessling Architects, Inc. and has over 39 years of experience in both the design and construction of commercial facilities. Mr. Wessling received a Bachelor of Architecture from the Boston Architectural Center. Mr. Wessling is affiliated with the American Institute of Architects, Boston Society of Architects and maintains numerous other affiliations with respect to the field of architecture. Mr. Wessling has received the Project's architectural drawings, metal panel siding drawings and window and storefront drawings, photographs and other records pertaining to this cause of action. Mr. Wessling also relies upon his background, education, training, and experience in forming his opinions on the design and construction of the Project.

  Mr. Wessling is expected to testify regarding specific omissions, errors and the degree of skill and care required with respect to the design and construction of the Project. Mr. Wessling is expected to testify that upon inspection and investigation numerous defects exist in the project's design and construction. Specifically, numerous defects exist in the building exterior allowing water to enter the building, damaging the gypsum board, acoustic tile and mechanical equipment. Additionally, Mr. Wessling is expected to testify that the architectural drawings do not call for the standard exterior wall flashing and that the architect, in its design, was dependant on sealant as the main water and weatherproof barrier. The sealant failed, this resulting in building leaks. Mr.

Wessling will further testify that it appears that the sealant failure is a result of defective installation. Further, that neither the architectural drawings nor subcontractors shop drawings for the metal panels or the curtain wall provided the necessary flashing and waterproofing details. Additionally, coordination between architectural drawings and the mechanical roof equipment drawings is lacking.

Mr. Wessling will further testify that numerous construction defects led to leaks in the building. Specifically, the following:

- Failed sealant in several locations.
- Sealant missing in several locations.
- Sealant missing on the interior of the aluminum windows and curtain wall frames.
- Unsealed exterior wall penetrations.
- The rubber roof flashing not extended up under the metal siding far enough.
- The metal siding is less than 8" above the roof.
- The mechanical equipment not sealed at the curb.
- The mechanical equipment fasteners missing the neoprene washers.
- The sealant called for between the metal fascia and the metal panels not installed.
- The aluminum curtain wall system does not appear to have drainage system to handle the water that penetrates through the failed joint seals.
- The joint between the roof membrane flashing and the aluminum curtain wall frames has failed.
- The curbs onto the roof from the Mechanical Penthouse too low (less than 8") and in one case, nonexistent. Water easily blows into the building and damages the gypsum board.
- The exterior door thresholds missing the weatherproof feature, so water easily blows under the doors.
- The group of conduits and pipes that penetrate the exterior wall not properly weather and water proofed.
- The mechanical air intake louver allows water to enter the system and has damaged the make up air unit.
- Missing metal closure flashing, Maddison Shop Drawing item #20. This flashing is missing in most locations.
- Water ponding on the roofs. The tapered insulation shown on the architectural roof plan does not appear to have been provided in every location.
- The as-built conditions vary from the architectural and shop drawings.
- Numerous failures of the insulated glass seals and separators.

EXHIBIT " 1 "
PAGE 18 OF 19

-5-



**EXHIBIT A**

Mr. Wessling's testimony is subject to review and modification upon receipt of additional materials obtained throughout the course of discovery.

Respectfully submitted,<br>
MASSACHUSETTS DEVELOPMENT<br>
FINANCE AGENCY<br>
By its attorney,<br>
<br>
_____<br>
Edward F. Vena, Esquire<br>
BBO NO. 508660<br>
Sabatino F. Leo<br>
BBO NO. 642302<br>
VENA, RILEY, DEPTULA, LLP<br>
250 Summer Street<br>
Boston, MA 02210<br>
(617)951-2400

Dated: FEBRUARY 25, 2005

EXHIBIT " 1 "
PAGE 19 OF 19

**EXHIBIT A**