UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY )<br>  Plaintiff, )<br> )<br> v. )<br> )<br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY )<br>  Defendants. )<br>_____ )<br> )<br>ADP MARSHALL, INC. )<br>  Plaintiff-in-Counterclaim, )<br> )<br> v. )<br> )<br>MASSACHUSETTS DEVELOPMENT FINANCE AGENCY )<br>  Defendant-in-Counterclaim. )<br>_____ )<br> )<br>ADP MARSHALL, INC. )<br>  Third Party Plaintiff, )<br> )<br> v. )<br> )<br>ALLIED CONSULTING ENGINEERING SERVICES, INC., ANDOVER CONTROLS CORPORATION, R&R WINDOW CONTRACTORS, INC., DELTA KEYSPAN, INC. n/k/a DELTA KEYSPAN, LLC, MADDISON ASSOCIATES, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, NATIONAL GRANGE MUTUAL, INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY ) | C.A. No. 04 CV 10203 PBS |

-1-

```
OF AMERICA, AMERICAN HOME           )
ASSURANCE COMPANY,                  )
HARTFORD ROOFING COMPANY, INC.      )
and SPAGNOLO/GISNESS &              )
ASSOCIATES, INC.                    )
        Third Party Defendants.     )
_____)
```

## AFFIDAVIT OF TOM HUGHES IN SUPPORT OF ADPM'S MOTION FOR SUMMARY JUDGMENT AS TO SPAGNOLO/GISNESS

I, Tom Hughes, hereby certify upon personal knowledge and under the pains and penalties of perjury as follows:

1. I am an employee of ADP Marshall, Inc. ("ADPM"), the Defendant and Third Party Plaintiff in the above entitled action.

2. On or about September 7, 2000, ADP Marshall, Inc. ("ADPM") and the Massachusetts Development Finance Agency ("MDFA") entered into a contract (the "Contract") for the construction of an Advanced Technology and Manufacturing Center in Fall River, Massachusetts (the "Project").

3. I have had opportunity to review the project records, the documents produced in this litigation and to visit the Project on several occasions to ascertain and understand the MDFA's allegations concerning our work and the work of our subcontractors on the Project.

4. On or about June 27, 2000, ADPM and Spagnolo/Gisness entered into an agreement whereby Spagnolo/Gisness would render professional architectural and design services for the Project ("Spagnolo/Gisness consulting agreement"). Attached hereto as Exhibit A is a true and accurate copy of page 5 of the Spagnolo/Gisness consulting agreement.

5. Spagnolo/Gisness rendered professional architectural and design services for the Project, not limited to, providing core and shell architectural services and structural foundation design services.

6. On or about February, 2004, ADPM notified Spagnolo/Gisness of the MDFA's Complaint and requested indemnification since there were allegations concerning the work performed by Spagnolo/Gisness.

7. The MDFA has furnished ADPM with a written report containing allegations that certain work performed by Spagnolo/Gisness is deficient.

8. Spagnolo/Gisness designed how the window, roof and wall components would look and work together to provide a weather tight building shell.

9. There is evidence of water leaks penetrating the building shell.

10. Many of the MDFA's concerns, raised in its Compliant and through its expert disclosures, relate to the architectural services provided by Spagnolo/Gisness for the Project.

11. Spagnolo/Gisness' consulting agreement, at paragraph 7.2 provides that Spagnolo/Gisness "shall defend, indemnify and hold each of the Indemnified Parties harmless from and against any claims, demands, causes of actions, damages, liabilities, losses, costs and expenses, including reasonable attorneys' fees, arising out of or relating to:

   . . .

   7.2.3   Failure by [Spagnolo/Gisness] to comply with any applicable law, regulation, or statute, or with the terms of this Agreement."

12. Spagnolo/Gisness was required to "perform all of the design and related Services that are specified or reasonably inferable from the requirements set forth in the Agreement Documents, including Attachment "A" and this Article 2." Attachment "A" to the Spagnolo/Gisness consulting agreement is entitled "Scope of Work" and further describes Spagnolo/Gisness's contractual obligations. It states that "[Spagnolo/Gisness] will provide Architectural and Structural Engineering Services on a Lump Sum Basis for the Project."

13. Spagnolo/Gisness agreed that its performance would be "in accordance with the highest prevailing standards of professional care for nationally recognized architects and engineering professionals regularly engaged in the design of state of the art Project described herein."

14. ADPM has requested, and Spagnolo/Gisness has failed to offer or provide, defense, indemnification and reimbursement of attorney fees, for the MDFA's claims that relate to Spagnolo/Gisness' architectural services.

Signed and sworn to under the pains and penalties of perjury this 4th day of May 2005.

Tom Hughes
ADP Marshall, Inc.

## STATE OF RHODE ISLAND

Then appeared before me Tom Hughes and upon verification of his identity by a valid drivers license attested to and signed the foregoing in his own hand this 4th day of May, 2005.

*Donna X Costa*
Notary Public
My Commission Expires 6/19/05

CERTIFICATE OF SERVICE

I, Andrew J. Tine, hereby certify that I served a copy of the foregoing by first class mail, postage pre-paid to all counsel of record this 31st day of May, 2005.

_____
Andrew J. Tine