UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and | ) |
| FIREMAN'S FUND INSURANCE COMPANY, | ) |
| | ) |
| Defendants | ) |
| | ) |
| | ) CIVIL ACTION |
| | ) NO. 04-CV-10203-PBS |
| ADP MARSHALL, INC., | ) |
| Plaintiff-in-Counterclaim, | ) |
| | ) |
| v. | ) |
| | ) |
| MASSACHUSETTS DEVEOPMENT FINANCE AGENCY, | ) |
| Defendant-in-Counterclaim | |
| | ) |
| ADP MARSHALL, INC., | ) |
| | ) |
| Third-Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| ALLIED CONSULTING ENGINEERING SERVICES, et al. | ) |
| | ) |
| Third-Party Defendants | ) |

**MEMORANDUM IN SUPPORT OF THE MOTION OF THIRD-PARTY
DEFENDANT, SPAGNOLO/GISNESS & ASSOCIATES, INC., TO STRIKE
CERTAIN PORTIONS OF AFFIDAVIT OF TOM HUGHES**

Third-Party Defendant, Spagnolo/Gisness & Associates, Inc. ("SGA"), hereby

submits this Memorandum in support of its Motion to Strike Certain Portions of the

Affidavit of Tom Hughes ("Hughes Affidavit") submitted in support of the Motion for

Summary Judgment filed by Third-Party Plaintiff, ADP Marshall, Inc. ("ADPM").

SGA's motion should be granted because the Hughes Affidavit fails in substantial part to

meet the requirement of Fed. R. Civ. P. 56(e), in that it contains facts not based on

personal knowledge, hearsay, and fails to show that the affiant is competent to testify to

matters stated therein. The portions of the affidavit which must be stricken and the legal

authority in support of SGA's motion are set forth below.

## I. RELEVANT FACTS

This matter arises out of the construction of the Advanced Technology and

Manufacturing Center in Fall River, Massachusetts (the "Project"). The plaintiff is the

Project owner and retained ADPM to serve as the Project's design/build contractor. See

Amended Third-Party Complaint at ¶ 6. ADPM entered into an agreement with SGA

pursuant to which SGA agreed to provide core and shell architectural services and

structural foundation design services. See SGA Agreement, Attachment A, p. 1

On or about December 29, 2003, the plaintiff brought a Complaint against ADPM

for alleged deficiencies with the HVAC system and windows. See Complaint ¶¶ 23; 27.

Shortly thereafter, ADPM brought a Third-Party Complaint against its various

subcontractors and subconsultants, including SGA. See Third-Party Complaint. In its

Third-Party Complaint, ADPM makes no specific allegations against SGA except that

SGA is obligated to defend ADPM against the plaintiff's claims as they relate to SGA's

work on the Project. See Third-Party Complaint, ¶ 118.

ADPM has filed a motion for summary judgment on its claims against SGA. In

support of its motion, ADPM has submitted the Affidavit of Tom Hughes. The Affidavit

2

of Tom Hughes contains hearsay which, SGA respectfully requests that this Court strike those as inadmissible.

## II. LEGAL STANDARD

For an affidavit to be considered evidence in a summary judgment proceeding, it must be based on personal knowledge and show that the affiant is competent to testify in the matter stated in the affidavit. Fed. R. Civ. P. 56(e); See also Perez v. Volvo Car Corp., 247 F.3d 303, 316 (1st Cir. 2001)(portions of affidavit made without requisite personal knowledge striken). To be admissible, an affidavit must also "set forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56(e). Inadmissible hearsay "cannot be considered on a motion for summary judgment." Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). If an affidavit presented in connection with a motion for summary judgment does not comply with the above-stated requirements, it is subject to a motion to strike. International Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co., 906 F.Supp. 645, 648 (M.D. Fla. 1995).

## III. ARGUMENT

The Hughes Affidavit should be stricken for failing to comply with the requirements of 56(e). Hughes does not establish that he has personal knowledge of the matters stated within his affidavit. Nor does Hughes show that he is competent to testify as to the matters stated within his affidavit. Hughes alleges that he is "an employee of ADP Marshall, Inc.," yet he does not describe his work duties or how he became acquainted with the matters to which he testifies. See Hughes Aff. at ¶ 1. Likewise, Hughes' general statement that he "had the opportunity to review the project records, the documents produced in this litigation and to visit the Project on several occasions to

ascertain and understand the MDFA's allegations" does not suffice. See Affidavit ¶ 3. In order to be admissible, the Hughes Affidavit must "cite specific concrete facts establishing the existence of the truth of the matter asserted." Drake v. Minnesota Mining & Mfg. Co., 134 F.3d 878, 887 (7th Cir. 1998)(affirming exclusion of affidavit that makes broad assertions as to another's actions without personal knowledge), quoting Hadley v. County of Du Page, 715 F.2d 1238, 1243 (7th Cir. 1983), cert. denied, 465 U.S. 1006 (1984). Such vague assertions do not suffice; Fed. R. Civ. P. Rule 56 "demands something more specific than the bald assertion of general truth of a particular matter." Id.

In paragraphs 4, 6, 7, 10, and 14, Hughes attempts to characterize a number of different documents. Rather than stating facts based on personal knowledge, Hughes is simply repeating and providing his subjective opinion regarding what is contained in the various documents. In paragraphs 5, 8, and 9, Hughes alleges that a number of events have occurred. As demonstrated above, these facts are obviously not based on Hughes' personal knowledge and, therefore, they constitute inadmissible hearsay. Finally, Hughes' reference to the "Spagnolo/Gisness consulting agreement" is inadmissible hearsay because the Spagnolo/Gisness consulting agreement has not been authenticated.

## IV. CONCLUSION

Based on the foregoing, Spagnolo/Gisness & Associates, Inc., respectfully requests that the Court strike and disregard the foregoing portions of the Affidavit of Tom Hughes for purposes of adjudicating ADPM's Motion for Summary Judgment.

Respectfully submitted,
SPAGNOLO GISNESS &
ASSOCIATES, INC.
By its attorneys,

_____

David J. Hatem, **BBO # 225700**
Warren D. Hutchison, BBO #246150
Carly B. Goldstein, BBO #654731
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

## CERTIFICATE OF SERVICE

I, Warren D. Hutchison, Esquire, hereby certify that on this /4th day of June, 2005, I served the attached *Memorandum in Support of Motion to Strike Affidavit of Tom Hughes* by mailing a copy thereof, postage pre-paid to:

Andrew J. Tine, Esquire
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02210

John J. McNamara, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

Edward F. Vena, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Charles A. Plunkett, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Dwight T. Burns, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

Allen Whitestone
Black Cetkovic & Whitestone
200 Berkeley Street
Boston, MA 02116

Edward Coburn, Esquire
Taylor, Duane, Barton & Gilman, LLP
111 Devonshire Street
Boston, MA 02109

James J. Duane, Esquire
Taylor, Duane, Barton & Gilman
111 Devonshire Street
Boston, MA 02109

Warren D. Hutchison

00924311

6