```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY,<br>          Plaintiff,<br>     v.<br>ADP MARSHALL, INC. a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY,<br>          Defendants. | CIVIL ACTION NO. 04-10203-PBS |
| ADP MARSHALL, INC.,<br>     Plaintiff-in-Counterclaim,<br>     v.<br>MASSACHUSETTS DEVELOPMENT FINANCE AGENCY,<br>     Defendant-in-Counterclaim. |  |
| ADP MARSHALL, INC.,<br>     Third-Party Plaintiff,<br>     v.<br>SPAGNOLO/GISNESS & ASSOCIATES, INC., et al.,<br>     Third-Party Defendants. |  |

## ORDER

June 16, 2005

Saris, U.S.D.J.

I **DENY** ADP Marshall, Inc.'s motion for summary judgment on its third party complaint against Spagnolo/Gisness & Associates, Inc. ("Spagnolo"). Under Paragraph 7.2 of the Consulting Agreement, Spagnolo has a duty to defend ADP Marshall, including a duty to indemnify it for any costs and expenses, including attorneys' fees, "arising out of or relating" to any claims concerning the alleged faulty architectural drawings dealing with

flashing and water proofing details.  See Exhibit A, ¶7.2.

Although Spagnolo claims it was not responsible for window installation and design, the duty to defend is triggered by the plaintiff's allegation in the expert report that Spagnolo's architectural drawings were faulty.  Herson v. New Boston Garden Corp., 40 Mass. App. Ct. 779, 786, 667 N.E.2d 907 (1996) ("The duty to defend in the subject clause is a duty independent of and broader than the duty to indemnify.").

However, the motion for summary judgment is premature.  Many of the alleged flaws involve the HVAC system and other items for which Spagnolo was not responsible.  Therefore, the Court does not have an adequate record for determining the amount of attorneys' fees/costs attributable to defending against the alleged deficient architectural drawings.  Third-party Plaintiff has not asked for Spagnolo to immediately provide the defense, but simply to indemnify it for attorneys fees and costs.

With respect to the duty to indemnify, there is also an insufficient record for determining whether the leaks in fact are due to negligence or a breach of contract by Spagnolo.  At best, I have a hearsay expert report.  See Sheehan v. Modern Continental/Healy, 62 Mass. App. Ct. 822, N.E.2d 305 (2005) (A contractor may not base claim for indemnity upon mere allegations

of the subcontractor's responsibility).  I disagree that the indemnity provision is invalid under Mass. Gen. L. ch. 149, §29C because it only imposes liability for Spagnolo's proportionate fault, if any.

                                              **S/PATTI B. SARIS**
                                              United States District Judge