UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and | ) |
| FIREMAN'S FUND INSURANCE COMPANY, | ) |
| | ) |
| Defendants | ) |
| _____ | ) CIVIL ACTION |
| | ) NO. 04-CV-10203-PBS |
| ADP MARSHALL, INC., | ) |
| | ) |
| Plaintiff-in-Counterclaim, | ) |
| | ) |
| v. | ) |
| | ) |
| MASSACHUSETTS DEVEOPMENT FINANCE AGENCY, | ) |
| | ) |
| Defendant-in-Counterclaim | ) |
| _____ | ) |
| | ) |
| ADP MARSHALL, INC., | ) |
| | ) |
| Third-Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| ALLIED CONSULTING ENGINEERING SERVICES, et al. | ) |
| | ) |
| Third-Party Defendants | ) |

**MOTION OF THE THIRD-PARTY DEFENDANT, SPAGNOLO/GISNESS & ASSOCIATES, INC.  TO DISMISS FOR FAILURE TO PROVIDE DISCOVERY OR, IN THE ALTERNATIVE TO PRECLUDE THE THIRD-PARTY PLAINTIFF FROM OFFERING EXPERT WITNESS TESTIMONY AT TRIAL FROM EXPERTS NOT TIMELY DISCLOSED AND EVIDENCE ON DAMAGES**

Pursuant to Fed. R. Civ. P. 37(c), the third-party defendant, Spagnolo/Gisness &

Associates, Inc. ("SGA"), hereby respectfully moves this Honorable Court for an order

1

either: (1) dismissing the third-party complaint for failure to provide discovery responses; or (2) precluding the third-party plaintiff, ADP Marshall, Inc. ("ADPM"), from introducing at trial evidence not disclosed during discovery, including expert testimony, and evidence on damages. Specifically, ADPM has not answered interrogatories, nor has it responded to SGA's Rule 34 requests. ADPM has failed to disclose an expert to testify on the standard of care applicable to this architectural malpractice case, ADPM has not disclosed an expert on damages, nor has ADPM identified the damages for which recovery has been sought. Therefore, evidence on these issues for the third-party plaintiff should not be permitted.

## I.   INTRODUCTION

This matter arises out of the construction of the Advanced Technology and Manufacturing Center in Fall River, Massachusetts (the "Project"). The plaintiff retained ADPM to serve as the Project's design/build contractor. See Amended Third-Party Complaint, ¶ 6. On or about September 26, 2000, SGA entered into an agreement with ADPM (the "SGA Agreement") to provide certain architectural services for the Project.

The plaintiff commenced this suit on December 29, 2003 by bringing a Complaint against ADPM, alleging specifically that ADPM is liable for alleged deficiencies with the installation of the HVAC system and windows. ADPM, in turn, brought a Third-Party Complaint against its various subcontractors and subconsultants, including SGA. See Third-Party Complaint. ADPM seeks recovery against SGA for breach of contract and contribution and indemnification.

On or about October 27, 2004, SGA served ADPM with discovery requests. SGA's First Set of Interrogatories and First Set of Request for Production of Documents

Propounded to ADPM attached herein as Exhibit A. ADPM never served any written responses to the discovery requests. The matters on which SGA sought information in its discovery requests are important to the defense of ADPM's claims. For example, SGA's document requests sought:

- All documents concerning the incident giving rise to this cause of action or any damages sustained by ADPM related thereto. (Request No. 1)

- All documents furnished to or generated by each expert witness as part of the witness's engagement in the case and whom ADPM intends to call at the trial of this action. (Request No. 4);

- All documents which evidence, reflect or reference the work and or opinions of each person whom ADPM expects to call as an expert witness at the trial of this matter. (Request No. 5);

- All documents concerning the incidents giving rise to this cause of action or any damages allegedly sustained by ADPM related thereto. (Request No. 12).

- Any and all documents which reflect, pertain or refer to damages which ADPM claims to have suffered as a result of the acts and/or omissions of SGA. (Request No. 13).

The interrogatories sought similar information:

- The identity each person ADPM anticipates calling as an expert witness at trial, the subject matter on which he or she is expected to testify, the substance of the facts and opinions to which the expert is expected to

3

testify, and a summary of the grounds for each opinion as to which the expert is expected to testify. (Interrogatory No. 3).

- For each item of damage suffered as a result of conduct of SGA, the identity of the item and dollar amount of damage followed by the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for your contention that SGA caused such damage. (Interrogatory No. 7).

- The basis for ADPM's allegation in paragraph 120 of the Third-Party Amended Complaint that "[a]s a result of Spagnolo/Gisness' breach, ADPM has incurred substantial damages." (Interrogatory No. 13).

By letter dated January 7, 2005, counsel for ADPM, Andrew Tine, indicated that ADPM was not required to provide SGA with discovery responses until SGA filed its mandatory disclosures. A true and accurate copy of a letter dated January 7, 2005 referencing this matter is attached as Exhibit B. Consequently, on February 18, 2005, SGA filed its mandatory disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and notified ADPM of same. A true and accurate copy of a letter dated February 18, 2005 referecing this matter is attached as Exhibit C. Nonetheless, ADPM chose not to respond to SGA's discovery requests.[1]

ADPM has not disclosed any experts or testimony to be offered regarding the standard of care applicable to architectural malpractice since the First Set of Interrogatories was served over eight months ago. Likewise, in its Expert Designation, filed on March 24, 2005, ADPM failed to disclose an expert on the standard of care

---

[1] It should be noted that ADPM served SGA with interrogatories on or about January 28, 2005 to which SGA responded on February 22, 2005.

4

applicable to architectural malpractice. Instead, ADPM disclosed William J. Goode as an expert to testify on the design and construction of the HVAC system only.

ADPM's dereliction in not responding to SGA's discovery requests precludes SGA from preparing adequate defenses and responding to any evidence or expert not already disclosed. Accordingly, SGA requests that this court dismiss ADPM's third-party complaint for failure to answer SGA's discovery requests or, in the alternative issue a pre-trial order precluding any expert testimony offered by ADPM at trial.[2] The order would preclude ADPM from offering expert testimony on areas such as standard of care and damages, which were not disclosed in ADPM's interrogatory responses or the automatic discovery provisions of Rule 26(a) and (e). This will avoid the patent injustice and surprise that would occur should ADPM be allowed to introduce evidence not previously disclosed and/or an expert at such a late hour or theories at trial without fulfilling its obligation to answer SGA's discovery requests in contravention of Fed. R. Civ. P. 26(a), 33, and 34.

## II.   ARGUMENT

Fed. R. Civ. P. 37(c)(1) ("Rule 37") provides that "a party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." See also Espanola de Auxilio Mutuo y Benefiencia de P.R., 248 F.3d

---

[2] To the extent ADPM would argue that it intends to rely on the plaintiff's expert, that response should be rejected for at least two reasons. First, ADPM had an absolute obligation to respond to SGA's discovery and no discovery responses have so stated. Second, nowhere has the plaintiff disclosed that its expert would testify that SGA failed to meet the standard of a similarly situated architect. See Klein v. Catalano, 386 Mass. 701, 719 (1982). While the plaintiff has disclosed that its expert will testify regarding certain errors, omissions, or "defects," nowhere has the plaintiff disclosed that its expert will testify that SGA deviated from the standard of care expected expected of similarly situated experts. In short, neither the plaintiff nor ADPM has disclosed an expert on architectural liability. Nor has there been stated with any precision the actual consequences of any principal errors, omissions and defects attributable to the architect as distinct from the damages caused by construction deficiencies and designs of engineers

5

29, 34 (1st Cir. 2001); Samos Imex Co. v. Nextel Co., 194 F.3d 301, 305 (1st Cir. 1999) (citing Rule 37 as authority for the proposition that "as amended, the civil procedure rules make clear that exclusion of evidence [such as an expert's testimony] is a standard sanction for a violation of the duty of disclosure under Rule 26(a)"); Sears Roebuck & Co. v. Goldstone & Sudalter, 128 F.3d 10, 18 n.7 (1st Cir. 1997) (affirming the District Court's exclusion under Rule 37(c) of expert testimony because the proffering party failed to disclose the expert's identity in the beginning of the litigation, although the identity was later disclosed); Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992) (affirming the trial court's preclusion at trial of plaintiff's expert testimony for failure to supplement interrogatories concerning expert's proposed testimony).  "For Rule 26 to play its proper part . . ., discovery must not be allowed to degenerate into a game of cat and mouse."  Id.; see also Klonoski v. Mahlab, 156 F.3d 255, 271 (1st Cir., 1998) (finding that Rule 37(c)(1) requires that the failure to supplement disclosed evidence in a prompt manner as required under Rule 26(e) must result in the preclusion of that evidence at trial so as to prevent "trial by ambush").

Failure to comply with a court order is not a prerequisite to the court's imposition of sanctions provided for in Fed. R. Civ. P. 37(c)(1).  Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Benefiencia de P.R., 248 F.3d 29, 33 (1st Cir. 2001).  In Ortiz-Lopez, the plaintiffs contended that the district court erroneously excluded expert evidence without first making a finding that the plaintiffs violated a court order to compel.  Id. at 32. In rejecting the plaintiffs argument, the First Circuit Court of Appeals held that the district court did not act under Rule 37(b)(2)9B) which does, in fact, require a determination by the court that the offending party violated a court order issued under

6

Rule 37(a). Id. Instead, the district court acted under Rule 37(c) which is triggered when the offending party violates Rule 26(a) and (e). Id. Consequently, the First Circuit Court of Appeals held that the only determination a court must make before precluding undisclosed evidence pursuant to Rule 37(a) is that the discovery abuse of the delinquent party was both substantially justified and harmless. Id. at 33.

The trial of this matter is imminent and ADPM's failure to respond to SGA's interrogatories is not substantially justified nor is it harmless. ADPM's failure to comply with its obligations has compromised SGA's ability to adequately defend the claims and formulate its defense. This case involves allegations of professional architectural malpractice. The identity and disclosure of the expected testimony of ADPM's expert(s) is critical to the defense of the case. Accordingly, ADPM's failure to answer SGA's discovery requests has denied SGA notice of the basic arguments that ADPM intends to press at trial. To allow ADPM, to offer evidence not previously disclosed and/or experts or expert testimony at this late hour would enable ADPM to surprise SGA and would prevent the thorough and proper cross-examination of its expert witness in a case in which expert testimony will play a critical part. This is exactly the result that both Fed. R. Civ. P. 37(c) is intended to prevent. Accordingly, justice requires that this Court preclude ADPM from introducing any evidence not previously disclosed and/or expert testimony on the applicable standard of care and damages at the trial.

### III.   CONCLUSION

For the reasons discussed above, SGA requests that this Court issue a pre-trial order limiting ADPM's evidence and experts and expert testimony at trial to only what has been previously disclosed.

>Respectfully submitted,
>SPAGNOLO/GISNESS &
>ASSOCIATES, INC.
>By its attorneys,
>
>/s/ Carly B. Goldstein
>David J. Hatem, PC, BBO #225700
>Warren D. Hutchison, BBO #246150
>Carly B. Goldstein, BBO #654731
>DONOVAN HATEM LLP
>Two Seaport Lane
>Boston, MA 02210
>(617) 406-4500

Date: July 8, 2005

<u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 and RULE 37</u>

I, Warren D. Hutchison, certify that the parties have conferred in good faith on the issues raised by the within motion and that the parties are unable to resolve same. Specifically, on October 24, 2004, counsel for SGA wrote a letter to counsel for ADPM requesting that discovery be answered. On January 7, 2005, counsel for ADPM sent correspondence stating that following receipt of mandatory disclosures discovery would be answered. On February 18, 2005, after filing the mandatory disclosures, counsel for SGA again requested that ADPM answer discovery. The discovery was never answered, all discovery deadlines have passed, an August 1, 2005 trial date exists and it would be futile or unduly prejudicial to undertake any further efforts to obtain discovery at this date. ADPM's production of discovery at this late hour would be litigation by ambush as no meaningful opportunity exists for SGA to respond to or defend against any information that ADPM would chose to disclose now.

8

<u>CERTIFICATE OF SERVICE</u>

      I, Carly B. Goldstein, Esquire, hereby certify that on this 8th day of July, 2005, I served the attached *Motion to Preclude* By Third-Party Defendant, Spagnolo/Gisness & Associates, Inc. by mailing a copy thereof, post prepaid, to:

Andrew J. Tine, Esquire
Glenn H. Haese, Esquire
Richard J. Fox, Esquire
Haese, LLC
30 Federal Street, Suite 301
Boston, MA 02210

John J. McNamara, Esquire
Eric A. Howard, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road, Suite 302
Framingham, MA 01701

Charles A. Plunkett, Esquire
Edward F. Vena, Esquire
Sabatino F. Leo, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Allen Whitestone, Esquire
Black Cetkovic & Whitestone
200 Berkeley Street
Boston, MA 02116

John H. Bruno, Esquire
Masi & Bruno
124 Long Pond Road
Plymouth, MA 02360

James F. Kavanaugh, III, Esquire
Robert R. Pierce, Esquire
Pierce & Mandell, PC
11 Beacon Street, Suite 800
Boston, MA 02108-3002

William E. O'Gara, Esquire
Stephen A. Izzi, Esquire
Holland and Knight, LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

Eric H. Loeffler, Esquire
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02149

David J. Hatem, PC
Jay S. Gregory, Esquire
Donovan Hatem LLP
Two Seaport Lane, 8th Floor
Boston, MA 02210

                                                /s/ Carly B. Goldstein

00927212