Ex. A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MASSACHUSETTS DEVELOPMENT FINANCE AGENCY, )
)
     Plaintiff )
)
v. )
)
ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and )
FIREMAN'S FUND INSURANCE COMPANY, )
)
     Defendants )
)
_____ ) CIVIL ACTION
) NO. 04-CV-10203-PBS
ADP MARSHALL, INC., )
)
     Plaintiff-in-Counterclaim, )
)
v. )
)
MASSACHUSETTS DEVEOPMENT FINANCE AGENCY, )
)
     Defendant-in-Counterclaim )
)
_____ )
)
ADP MARSHALL, INC., )
)
     Third-Party Plaintiff )
)
v. )
)
ALLIED CONSULTING ENGINEERING SERVICES, INC., )
ANDOVER CONTROLS CORPORATION, R&R WINDOW )
CONTRACTORS, INC., DELTA KEYSPAN, INC. n/k/a DELTA )
KEYSPAN, LLC, MADDISON ASSOCIATES, INC., UNITED )
STATES FIEDELITY AND GUARANTY COMPANY, )
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, )
NATIONAL GRANGE MUTUAL INSURANCE COMPANY, )
TRAVELERS CASUALTY AND SURETY COMPANY OF )
AMERICA, AMERICAN HOME ASSURANCE COMPANY, )
HARTFORD ROOFING COMPANY, INC. and SPAGNOLO/ )
GISNESS & ASSOCIATES, INC. )
)
     Third-Party Defendants. )
_____ )

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OF THIRD-PARTY DEFENDANT, SPAGNOLO/GISNESS & ASSOCIATES, INC., DIRECTED TO THIRD-PARTY PLAINTIFF, ADP MARSHALL, INC.**

Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the third-party defendant, Spagnolo/Gisness & Associates ("SGA"), requests that the Third-Party Plaintiff, ADP Marshall, Inc. ("ADPM") produce for inspection and copying the following documents at the offices of Donovan Hatem LLP, Two Seaport Lane, MA 02110, within thirty (30) days of service hereof.

## DEFINITION AND INSTRUCTIONS

1.      The term "document" or "documents" mean, without limitation, the following items, printed or recorded or reproduced by any other mechanical process, or written or produced by hand: daily reports, logs, photographs, tapes, agreements, drafts of agreements, communications, correspondence, telegrams, internal or other memoranda, summaries or records of telephone conversation, diaries, graphs, films, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries of records of personal conversations, interviews, meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, letters, computer output or input, invoices and other writings.

2.      If you believe that any of the documents described and requested herein fall within the scope of any privilege or constitute work product materials, or otherwise are not within the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure, please furnish a list of all such documents which contains a complete description of each document, including the date of the document, identification of each person to whom it is addressed, identification of each person who received a copy thereof, identification of each person who prepared each such document, and the grounds upon which it is behind from production.

3.     The term "communication" means any transmission of receipt of information, whether oral or written.

4.     Plaintiff.  The term "plaintiff" refers to the Massachusetts Development Finance Agency.

5.     Third-Party Plaintiff.  The term "third-party plaintiff" refers to ADP Marshall, Inc. ("ADPM")

6.     SGA.  The term "SGA" refers to Spagnolo/Gisness & Associates, Inc.

7.     Project.  The term "project" refers to the design and construction of the Advanced Technology and Manufacturing Center in Fall River, Massachusetts as described in the Complaint.

8.     SGA's definitions contained in its First Set of Interrogatories propounded to Third-Party Plaintiff, ADPM, are made a part hereof and incorporated herein by reference.

## DOCUMENTS REQUESTED

### REQUEST NO. 1

All documents concerning the incident giving rise to this cause of action or any damages sustained by the plaintiffs related thereto, including any demands or responses thereto.

### REQUEST NO. 2

All documents that the Third-Party Plaintiff intends to offer as evidence at the trial of this matter.

### REQUEST NO. 3

The resume or curriculum vitae of each expert witness that the Third-Party Plaintiff intends to call at trial of this matter.

### REQUEST NO. 4

All documents furnished to or generated by each expert witness, whom the Third-Party Plaintiff intends to call at the trial of this matter, as part of the witness' engagement in this case.

**REQUEST NO. 5**

All documents which evidence, reflect or reference the work and or opinions of each person whom the Third-Party Plaintiff expects to call as an expert witness at the trial of this matter.

**REQUEST NO. 6**

All documents which evidence, reflect or reference any communications, including reports, tape recordings, minutes, transcripts, correspondence, memoranda, notes, or transmittals, by and between the Third-Party Plaintiff and any party to this action concerning the events described in the Third-Party Amended Complaint.

**REQUEST NO. 7**

All documents that you allege constitute statements by or on behalf of a party to this action regarding the Project and/or the incident that is the subject of this lawsuit.

**REQUEST NO. 8**

Any and all contracts, agreements or covenants (and amendments thereto) between the Third-Party Plaintiff and the Plaintiff in connection with the allegations set forth in the Third-Party Amended Complaint.

**REQUEST NO. 9**

Any and all contracts, agreements or covenants (and amendments thereto) entered into by the Third-Party Plaintiffs and any Third-Party Defendant in connection to the Project which are related to the allegations set forth in the Third-Party Amended Complaint.

**REQUEST NO. 10**

All documents, including periodic reports issued by the Third-Party Plaintiff, concerning the events described in the Third-Party Amended Complaint.

**REQUEST NO. 11**

All documents concerning the basis for the design and construction of the Project.

**REQUEST NO. 12**

All documents concerning the incidents giving rise to this cause of action or any damages allegedly sustained by the Third-Party Plaintiff related thereto, including any demands or responses thereto.

## REQUEST NO. 13

Any and all documents which reflect, pertain or refer to damages which the Third-Party Plaintiff claims to have suffered as a result of the acts and/or omissions of SGA.

## REQUEST NO. 14

All documents concerning the damages you are claiming in this action.

## REQUEST NO. 15

All documents concerning the allegations of the Third-Party Plaintiff set forth in paragraph 113 of the Third-Party Amended Complaint that "ADPM entered into the contract with Spagnolo/Gisness for the performance of certain architectural and design work on the Project."

## REQUEST NO. 16

All documents concerning the allegations of the Third-Party Plaintiff set forth in paragraph 115 of the Third-Party Amended Complaint that "[t]he MDFA's expert report alleges certain architectural design deficiencies."

## REQUEST NO. 17

All documents concerning the allegations of the Third-Party Plaintiff set forth in paragraph 117 of the Third-Party Amended Complaint that "[t]o date, Spagnolo/Gisness has refused to indemnify and defend ADPM with respect to its work."

## REQUEST NO. 18

All documents concerning the allegations of the Third-Party Plaintiff set forth in paragraph 118 of the Third-Party Amended Complaint that "[u]nder the Spagnolo Agreement, Spagnolo/Gisness is required to indemnify and defend ADPM from the Lawsuit, as it relates to work on the Project."

## REQUEST NO. 19

All documents concerning the allegations of the Third-Party Plaintiff set forth in paragraph 119 of the Third-Party Amended Complaint that "Spagnolo/Gisness breached the Spagnolo Agreement by failing to indemnify and defend ADPM and Fireman's Fund Insurance Company from the Lawsuit, as it relates to Spagnolo/Gisness' work on the Project."

## REQUEST NO. 20

All documents concerning the allegations of the Third-Party Plaintiff set forth in paragraph 120 of the Third-Party Amended Complaint that "[a]s a result of Spagnolo/Gisness' breach, ADPM has incurred substantial damages."

**REQUEST NO. 21**

All documents concerning the allegations of the Third-Party Plaintiff set forth in paragraph 122 of the Third-Party Amended Complaint that "Spagnolo/Gisness is liable to ADPM under the concepts of indemnification and contribution, for attorneys' fees, costs and damages suffered as a result of the Lawsuit, to the extent it relates to the work of Spagnolo/Gisness on the Project."

**REQUEST NO. 22**

All statements, affidavits, or the like concerning any of the allegations in the Third-Party Amended Complaint.

Respectfully submitted,
**SPAGNOLO CONSULTING**
**ENGINEERING**
**SERVICES, INC.,**
By its attorneys,

David J. Hatem, PC
BBO No. 225700
Warren D. Hutchison
BBO No. 246150
Carly B. Goldstein
BBO No. 654731
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA  02210
Tel:  (617)406-4500

Dated:  10/27/04

## CERTIFICATE OF SERVICE

I, Warren D. Hutchison, Esquire, hereby certify that on this 27 day of October, 2004, I served the attached *First Request for Production of Documents of Third-Party Defendant, Spagnolo/Gisness & Associates, Inc., Directed to Third-Party Plaintiff, ADP Marshall, Inc.* by mailing a copy thereof, postage pre-paid to:

Andrew J. Tine, Esquire
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02210

John J. McNamara, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

Edward F. Vena, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Charles A. Plunkett, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Dwight T. Burns, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

Allen Whitestone
Black Cetkovic & Whitestone
200 Berkeley Street
Boston, MA 02116

Edward Coburn, Esquire
James J. Duane, Esquire
Taylor, Duane, Barton & Gilman, LLP
111 Devonshire Street
Boston, MA 02109

Eric H. Loeffler
Certrulo & Capone LLP
Two Seaport Lane
10th Floor
Boston, MA 02149

_____
Warren D. Hutchison

00852530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MASSACHUSETTS DEVELOPMENT FINANCE AGENCY, )
)
     Plaintiff )
)
v. )
)
ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and )
FIREMAN'S FUND INSURANCE COMPANY, )
)
     Defendants )
)
_____ )  CIVIL ACTION
) NO. 04-CV-10203-PBS
ADP MARSHALL, INC., )
)
     Plaintiff-in-Counterclaim, )
)
v. )
)
MASSACHUSETTS DEVEOPMENT FINANCE AGENCY, )
)
     Defendant-in-Counterclaim )
_____ )
)
ADP MARSHALL, INC., )
)
     Third-Party Plaintiff )
)
v. )
)
ALLIED CONSULTING ENGINEERING SERVICES, INC., )
ANDOVER CONTROLS CORPORATION, R&R WINDOW )
CONTRACTORS, INC., DELTA KEYSPAN, INC. n/k/a DELTA )
KEYSPAN, LLC, MADDISON ASSOCIATES, INC., UNITED )
STATES FIEDELITY AND GUARANTY COMPANY, )
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, )
NATIONAL GRANGE MUTUAL INSURANCE COMPANY, )
TRAVELERS CASUALTY AND SURETY COMPANY OF )
AMERICA, AMERICAN HOME ASSURANCE COMPANY, )
HARTFORD ROOFING COMPANY, INC. and SPAGNOLO/ )
GISNESS & ASSOCIATES, INC. )
)
     Third-Party Defendants )

**THE FIRST SET OF INTERROGATORIES OF THIRD-PARTY DEFENDANT
SPAGNOLO/GISNESS & ASSOCIATES, INC. PROPOUNDED TO THIRD-
PARTY PLAINTIFF, ADP MARSHALL, INC.**

Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, the third-party

defendant, Spagnolo/Gisness & Associates ("SGA"), requests that the Third-Party

Plaintiff, ADP Marshall, Inc. ("ADPM") answer the following interrogatories, under

oath, in accordance with the instructions and definitions contained herein within thirty

(30) days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

The full texts of the following definitions are deemed incorporated by reference to

all discovery requests:

1. Communication. The term "communication" means the transmittal of any word,
   fact, idea, inquiry, proposal, information or advice orally, visually, in writing, by
   electronic transmission of by any means or medium.

2. Document. The term "document" is defined to be synonymous in meaning and
   equal in scope to the usage of this term in the Massachusetts Practice Book. A
   draft or non-identical copy is a separate document within the meaning of this
   term.

3. Identify (With Respect to Persons). When referring to a person, "to identify"
   means to give, to the extent known, the person's full name, present or last known
   address, and, when referring to a natural person, the present or last known place
   of employment. Once a person has been identified in accordance with the
   subparagraph, only the name of the person need be listed in response to
   subsequent discovery requesting the identification of that person.

4. **Identify (with Respect to Documents).** When referring to documents, "to identify" means to give, to the extent known, the

    (a)    type of document;

    (b)    general subject matter;

    (c)    date of the document; and

    (d)    author(s), addressee(s), and recipient(s).

5. **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party such as you or your means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

6. **Person.** The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

7. **Concerning.** The term "concerning" means referring to, describing, evidencing, or constituting.

8. **State the basis.** When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

    (a)    identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    (b)    identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    (c)    state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

    (d)    state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

9. Complaint. The term "Complaint" refers to the Complaint filed by the Massachusetts Development Finance Agency in the United States District Court for the District of Massachusetts, Docket No. 04-CV-10203-PBS.

10. Third-Party Amended Complaint. The term "third-party amended complaint" refers to the First Amended Third-Party Complaint filed by ADPM in the United States District Court for the District of Massachusetts, Docket No. 04-CV-10203-PBS.

11. Plaintiff. The term "plaintiff" refers to the Massachusetts Development Finance Agency.

12. Third-Party Plaintiff. The term "third-party plaintiff" refers to ADP Marshall, Inc.

13. SGA. The term "SGA" refers to Spagnolo/Gisness & Associates, Inc.

14. Project. The term "project" refers to the design and construction of the Advanced Technology and Manufacturing Center in Fall River, Massachusetts as described in the Complaint.

15. As to information responsive to these interrogatories for which the third-party plaintiff claims a privilege, or which the third-party plaintiff claims are not subject to discovery, please provide a list describing:

    (a)    the general subject matter of the information

    (b)    the identity of each person who had, or who currently has, possession of the information; and

    (c)     the factual and/or legal basis for the claim of privilege or ground for non-disclosure with respect to the information.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify the individual(s) signing the answers to these interrogatories.

### INTERROGATORY NO. 2

For each individual(s) who assisted in preparing the answers to these interrogatories, identify each individual and following the identity of each individual, list the number of each interrogatory for which that individual provided assistance.

### INTERROGATORY NO. 3

Identify each person whom you anticipate calling as an expert witness at trial, the subject matter on which he or she is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion as to which the expert is expected to testify.

### INTERROGATORY NO. 4

Identify each and every expert whom you do not expect to call as a witness at trial, but whom you have retained in anticipation of the instant litigation or preparation for trial in this action.

### INTERROGATORY NO. 5

Please identify each person whom you intend to call as a witness at trial.

### INTERROGATORY NO. 6

Identify each document you intend to introduce as an exhibit at trial.

### INTERROGATORY NO. 7

For each item of damage you contend you have suffered as a result of conduct of SGA, identify the item and dollar amount of damage followed by the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for your contention that SGA caused such damage.

## INTERROGATORY NO. 8

For each item of damage referenced in the Third-Party Amended Complaint which you contend you have suffered as a result of conduct of someone other than SGA, identify the individual(s) responsible, and following each individual identified, state the item and dollar amount of damage, the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for your contention that the individual caused such damage.

## INTERROGATORY NO. 9

Identify each document that reflects, references or evidences the damages referred to in the Third-Party Amended Complaint.

## INTERROGATORY NO. 10

State the basis for your allegation in paragraph 115 of the Third-Party Amended Complaint that "[t]he MDFA's expert report alleges certain architectural design deficiencies."

## INTERROGATORY NO. 11

State the basis for your allegation in paragraph 118 of the Third-Party Amended Complaint that "[u]nder the Spagnolo Agreement, Spagnolo/Gisness is required to indemnify and defend ADPM from the Lawsuit, as it relates to work on the Project."

## INTERROGATORY NO. 12

State the basis for your allegation in paragraph 119 of the Third-Party Amended Complaint that "Spagnolo/Gisness breached the Spagnolo Agreement by failing to indemnify and defend ADPM and Fireman's Fund Insurance Company from the Lawsuit, as it relates to Spagnolo/Gisness' work on the Project."

## INTERROGATORY NO. 13

State the basis for your allegation in paragraph 120 of the Third-Party Amended Complaint that "[a]s a result of Spagnolo/Gisness' breach, ADPM has incurred substantial damages."

## INTERROGATORY NO. 14

State the basis for your allegation in paragraph 122 of the Third-Party Amended Complaint that "Spagnolo/Gisness is liable to ADPM under the concepts of indemnification and contribution, for attorneys' fees, costs and damages suffered as a result of the Lawsuit, to the extent it relates to the work of Spagnolo/Gisness on the Project."

## INTERROGATORY NO. 15

Identify all individuals who have knowledge with respect to the damages identified in the Third-Party Amended Complaint.

## INTERROGATORY NO. 16

Identify each contractor and architect or other design professional involved in repairing or correcting the conditions described in the Third-Party Amended Complaint.

## INTERROGATORY NO. 17

If any document or other tangible thing exists that has been identified in the Document Request, but which has been withheld for any reason, including privilege, work product doctrine, or other reason, please identify each such document by listing for each its date; the author (if known); each addressee; other recipients of the document; the general subject matter of the document (in a way that will not disclose information sought to be protected); the grounds on which you are withholding it, including an explanation, if applicable, of why a privilege or other legal basis for withholding the document exists.

## INTERROGATORY NO. 18

Please identify all agreements or contracts entered into by you in relation to the Project which are connected to the allegations set forth in complaint and/or Third-Party Amended Complaint. In the answer, state the dates those agreements or contracts were entered into, the names of all the parties to those agreements or contracts, and the subject matter of those agreements or contracts, and identify the documents constituting, referring or concerning those agreements or contracts.

## INTERROGATORY NO. 19

Have you personally searched or caused others to search all files, both in your own possession and in the possession of all current and former employees and others from whom you could reasonably expect would return documents to you if asked them to do so (for example, contractors, consultants, accountants, and attorneys), in order to assemble documents and other tangible things responsive to the Document Request, and included in your search all computer files, discs, e-mail records, and other sources of electronically stored data? If you have not done so, state what sources or information referenced that have not been searched and why you have not searched them.

## INTERROGATORY NO. 20

Please list the name, address, professional background, and/or occupation of each and every employee or agent of ADPM who has knowledge of the subject matter of the Complaint and/or Third-Party Amended Complaint.

Respectfully submitted,

**SPAGNOLO CONSULTING
ENGINEERING
SERVICES, INC.,**

By its attorneys,

David J. Hatem, PC
BBO No. 225700
Warren D. Hutchison
BBO No. 246150
Carly B. Goldstein
BBO No. 654731
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
Tel: (617)406-4500

Dated: 10/27/04

## CERTIFICATE OF SERVICE

I, Warren D. Hutchison, Esquire, hereby certify that on this _27_ day of October, 2004, I served the attached *First Set of Interrogatories of Third-Party Defendant, Spagnolo/Gisness & Associates, Inc. Propounded to Third-Party Plaintiff, ADP Marshall, Inc.* by mailing a copy thereof, postage pre-paid to:

Andrew J. Tine, Esquire
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA  02210

John J. McNamara, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

Edward F. Vena, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA  02210

Charles A. Plunkett, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Dwight T. Burns, Esquire
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA 01701

Allen Whitestone
Black Cetkovic & Whitestone
200 Berkeley Street
Boston, MA 02116

Edward Coburn, Esquire
James J. Duane, Esquire
Taylor, Duane, Barton & Gilman, LLP
111 Devonshire Street
Boston, MA 02109

Eric H. Loeffler
Certrulo & Capone LLP
Two Seaport Lane
10th Floor
Boston, MA 02149

_____
Warren D. Hutchison

00847082



**haese** ⠿ Limited Liability Company

**haese**

Attorneys at Law
70 Franklin Street, 9th Floor
Boston, Massachusetts 02110

Telephone  617.428.0266
Facsimile  617.428.0276
Web Site  www.haese.com

100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

Telephone  860.249.7194
Facsimile  860.249.7195

Via U.S. Mail

January 7, 2005

Warren D. Hutchison, Esq.
Donovan Hatem, LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210

      Re:   <u>MDFA v. ADPM et al.</u>; District Court of Massachusetts, Civil
              Action No. 1:04-cv-10203-PBS

Dear Warren:

Last month your office propounded discovery on behalf of Spagnolo/Gisness
& Associates upon ADPM.  It has come to my attention that Spagnolo/Gisness
has not made its mandatory disclosures.  As such, until such time as
Spagnolo/Gisness is in compliance with the Local Rules, it may not initiate
discovery.  We look forward to receiving those disclosures.  We will consider
your discovery initiated upon receipt of those disclosures so that re-service is
not necessary.

Very truly yours,

Andrew J. Tine
AJT:mm

Attorneys also admitted to practice in
Colorado, Connecticut, Rhode Island,
Washington, DC, and France



# DONOVAN | HATEM LLP

*counselors at law*

**FILE COPY**

**Warren D. Hutchison**
617 406 4606  direct
whutchison@donovanhatem.com


February 18, 2005

Andrew J. Tine, Esq.
Haese LLC
70 Franklin Street, 9th Floor
Boston, MA 02110

Re:    ***Massachusetts Development Finance Agency v. ADP Marshall, Inc. v.***
***Allied Consulting Engineering Services, Inc. et al., Civil Action No. 1:04-cv-***
***10203-PBS***

Dear Attorney Tine:

Spagnolo/Gisness & Associates, Inc. ("SGA") has filed its mandatory disclosures
pursuant to Fed. R. Civ. P. 26(a)(1).  Accordingly, please answer SGA's discovery
requests forthwith.

Thank you for your attention to this matter.

Very truly yours,

*Warren D. Hutchison*

Warren D. Hutchison

cc:    All counsel of record
       David J. Hatem, PC
       Carly B. Goldstein, Esq.

00892310

World Trade Center East    617 406 4500  main
Two Seaport Lane    617 406 4501  fax
Boston, MA 02210    www.donovanhatem.com