UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

MASSACHUSETTS DEVELOPMENT
FINANCE AGENY,
    Plaintiff

VS.                                                      C.A. NO. 04CV10203 PBS

ADP MARSHALL, INC., A FLUOR
DANIEL COMPANY AND FIREMAN'S
FUND INSURANCE COMPANY,
    Defendants

---

ADP MARSHALL, INC.,
    Plaintiff-in-Counterclaim

VS.

MASSACHUSETTS DEVELOPMENT
FINANCE AGENCY,
    Defendant-in-Counterclaim

---

ADP MARSHALL, INC.,
    Third-Party Plaintiff

VS.

ALLIED CONSULTING ENGINEERING
SERVICES, INC., ANDOVER CONTROLS
CORPORATION, R&R WINDOW
CONTRACTORS, INC. and DELTA
KEYSPAN, INC. n/k/a DELTA
KEYSPAN, LLC,
    Third-Party Defendants

---

R&R WINDOW CONTRACTORS, INC.'S TRIAL BRIEF

    This case arises out of the construction of the Advanced Technology and Training Center in Fall River, Massachusetts, a sixty thousand square foot lab and research facility. The Massachusetts Development Finance Agency (MDFA) contracted with the defendant/third party

plaintiff, ADP Marshall, Inc. to build the Advanced Technology and Training Center. ADP Marshall, Inc. subcontracted with R&R Window Contractors, Inc. on December 6, 2000. The R&R Window subcontract was for the installation of glass and curtain wall. Under the R&R Window subcontract, R&R Window was responsible for the installation of glass and for glass caulking and sealing, but only caulking and sealing which was directly connected to the glass. By August 20, 2001, the Advanced Technology and Training Center was noted to be substantially completed. The building was occupied beginning December 2001.

After the building was occupied apparently there were complaints made by the building owner to ADP Marhsall, Inc. By March of 2003, the building owner had hired an architect, Steven Wessling to complete a building leak survey at the Advanced Technology and Training Center. No notice was given to R&R Window Contractors, Inc. relating to any difficulty with the building or any potential claim against R&R Window Contractors, Inc. even after the report was completed by March of 2003 by architect Wessling.

In February of 2004, R&R Window Contractors, Inc. was first notified by ADP Marshall, Inc. that there was an objection to the work that R&R Window Contractors, Inc. had done. R&R Window thereafter attended to the building. The alleged defects included bubbling of gaskets inside some of the window glass, which was noted to be a cosmetic defect, although it is a manufacturing defect. There were also some minor leaks that could be attributed to caulking directly around the windows. By the summer of 2004, R&R Window Contractors, Inc. had replaced 84 out of the 1000 pieces of glass that had been installed. The 84 replacement windows were provided by the manufacturer. Thereafter, in the spring of 2005, R&R Window Contractors, Inc., as well as representatives of the third party plaintiff, made a second thorough inspection of the building. As a result of this inspection of the Advanced Technology and

Training Center, R&R Window Contractors, Inc. has agreed to contribute to repairs of minor interior damage as a result of water leaks to the amount of $10,550.00.  Moreover, R&R Window Contractors, Inc. has agreed to participate in the refitting of the mechanical penthouse door and has provided plans and proposed drawings for the work.

Although there may be numerous issues relating to the design and construction of the Advanced Technology and Training Center, the part of any claimed defect relating to R&R Window Contractors, Inc. has been resolved insofar as glass defects.  This is confirmed through the property owner's representatives, as well as the property owner's expert witness Steven Wessling.  The remaining collateral interior damage that could be attributed to R&R Window Contractors, Inc. has been reviewed with representatives of the third party plaintiff and agreed to in the amount of $10,550.00.  Moreover, the mechanical penthouse door has been reviewed and proposed refit and repairs have already been made by R&R Window Contractors, Inc.  It is R&R Window Contractors, Inc.'s position at trial then that aside from making the cash payment as indicated in order to complete the minor interior repairs and to participate in the refitting of the mechanical penthouse door, R&R Window Contractors, Inc. is not liable to the third party plaintiff.

The third party plaintiff raises two counts in their Third Party Complaint as to R&R Window Contractors, Inc.  Count II alleges Breach of Contract for "failure to indemnify and defend."  Count IV alleges "Indemnification and Contribution".  R&R Window Contractors, Inc. expects to introduce into evidence, the indemnification clause which was contained in the sub-contract between R&R Window Contractors, Inc. and ADP Marshall.  Under Paragraph 8.1 and 8.2 of the subcontract, R&R Window Contractors, Inc. was responsible to indemnify ADP Marshall, only "to the extent arising from any negligent, willful or wanton acts or omissions of

the subcontractors.". Further, the indemnity owed to ADP Marshall was "only to the extent arising from subcontractors negligent, willful or wanton acts or omissions and to assume the allocable costs of defending the construction manager." Finally, the indemnity responsibility of R&R Window Contractors, Inc. was limited to "responsibility for a defense, including related costs and expenses, is limited to the extent of its negligent intentional or wanton acts or omissions."

In this case, when first notified in the spring of 2004 relating to any issue with its work, R&R Window Contractors, Inc. promptly responded. There was no cause for a Third Party Complaint. The windows containing cosmetic defects were promptly repaired and remediated without incurring costs to the third party plaintiff.

R&R Window Contractors, Inc. has stood ready to remediate any interior damage and has thoroughly evaluated the building along with experts hired by the owner and representatives of the third party plaintiff. The total amount of outstanding repairs necessary equal $10,550.00 plus work to be done on the mechanical penthouse door.

R&R Window Contractors, Inc. expects the evidence to show as outlined above. There will be no evidence suggesting that R&R Window Contractors, Inc. owes any indemnity to the third party plaintiff and that further, that R&R Window Contractors, Inc. has completely remediated any defect in the building.

              Respectfully submitted,

              /S/JOHN H. BRUNO II
              John H. Bruno II, Esquire
              B.B.O. No. 542098
              Masi & Bruno
              124 Long Pond Road, Unit 11
              Plymouth, MA 02360
              (508)747-5277