UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Plaintiff,<br><br>v.<br><br>ADP MARSHALL, INC., a FLUOR DANIEL COMPANY, and FIREMAN'S FUND INSURANCE COMPANY<br>    Defendants.<br><br>ADP MARSHALL, INC.<br>    Plaintiff-in-Counterclaim,<br><br>v.<br><br>MASSACHUSETTS DEVELOPMENT FINANCE AGENCY<br>    Defendant-in-Counterclaim.<br><br>ADP MARSHALL, INC.<br>    Third Party Plaintiff,<br><br>v.<br><br>ALLIED CONSULTING ENGINEERING SERVICES, INC., ANDOVER CONTROLS CORPORATION, R&R WINDOW CONTRACTORS, INC., and DELTA KEYSPAN, INC. n/k/a DELTA KEYSPAN, LLC et al.<br>    Third Party Defendants. | C.A. No. 04 CV 10203 PBS |

### ADP MARSHALL, INC.'S RESPONSE TO SPAGNOLO/GISNESS & ASSOCIATES, INC.'S FIRST SET OF INTERROGATORIES

As follows are ADP Marshall, Inc.'s ("ADPM") responses to Spagnolo/Gisness & Associates, Inc.'s First Set of Interrogatories.

1

INTERROGATORY NO. 1

Identify the individual(s) signing the answers to these interrogatories.

RESPONSE

Tom Hughes, ADP Marshall, Inc., Contracts Manager

INTERROGATORY NO.2

For each individual(s) who assisted in preparing the answers to these interrogatories, identify each individual and following the identity of each individual, list the number of each interrogatory for which that individual provided assistance.

RESPONSE

I assisted in preparing all the responses except objections, relying upon my attorney's office to type and proof read same.

INTERROGATORY NO.3

Identify each person whom you anticipate calling as an expert witness at trial, the subject matter on which he or she is expected to testify, the substance of the facts and. opinions on which the expert is expected testify, and a summary of the grounds for each opinion as to which the expert is expected to testify.

RESPONSE

William Goode – attached hereto as Exhibit A is a copy of the expert designation of Mr. Goode. Stephen Wessling – please refer to the Massachusetts Development Finance Agency's ("MDFA") disclosures with respect to Mr. Wessling and his expert report which contains the subject matter, substance, grounds and facts and opinions he would be expected to testify with respect to.

INTERROGATORY NO.4

Identify each and every expert whom you do not expect to call as a witness at trial, but whom you have retained in anticipation of the instant litigation or preparation for trial in this action

RESPONSE

None

2

INTERROGATORY NO.5

Please identify each person whom you intend to call as a witness at trial.

RESPONSE

Please see ADP Marshall, Inc.'s Pre-trial Disclosures which are attached hereto as Exhibit B.

INTERROGATORY NO.6

Identify each document you intend to introduce as an exhibit at trial.

RESPONSE

Please see ADP Marshall, Inc.'s Pre-trial Disclosures which are attached hereto as Exhibit B.

INTERROGATORY NO.7

For each item of damage you contend you have suffered as a result of conduct of SGA, identify the item and dollar amount of damage followed by the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for your contention that SGA caused such damage.

RESPONSE

Please see ADP Marshall, Inc.'s Initial Disclosures, Section III, which are attached hereto as Exhibit C.

INTERROGATORY NO.8

For each item of damage referenced in the Third-Party Amended Complaint which you contend you have suffered as a result of conduct of someone other than SGA, identify the individual(s) responsible, and following each individual identified, state the item and dollar amount of damage, the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for your contention that the individual caused such damage.

RESPONSE

Please see ADP Marshall, Inc.'s Initial Disclosures, Section III, which are attached hereto as Exhibit C.

INTERROGATORY NO.9

Identify each document that reflects, references or evidences the damages referred to in the Third-Party Amended Complaint.

RESPONSE

All of the documents identified in Exhibit B hereto, the MDFA's expert disclosures/designations, and the MDFA's expert reports which are identified in Exhibit B and its disclosures.

INTERROGATORY NO.10

State the basis for your allegation in paragraph 115 of the Third-Party Amended Complaint that "[t]he MDFA's expert report alleges certain architectural design deficiencies."

RESPONSE

The MDFA's report speaks for itself and is relied upon by ADPM, in its entirety, to support this allegation of the Third Party Amended Complaint. The report identifies numerous missing, incomplete and improper details and drawing specifications. The report indicates failures of the architectural design, as implemented.

INTERROGATORY NO.11

State the basis for your allegation in paragraph 118 of the Third-Party Amended Complaint that "[u]nder the Spagnolo Agreement, Spagnolo/Gisness is required to indemnify and defend ADPM from the Lawsuit, as it relates to work on the Project."

RESPONSE

Objection to the extent this interrogatory calls for a legal conclusion. The subcontract with Spagnolo/Gisness calls for indemnification and defense with respect to these claims.

INTERROGATORY NO.12

State the basis for your allegation in paragraph 19 of the Third-Party Amended Complaint that "Spagnolo/Gisness breached the Spagnolo Agreement by failing to indemnify and defend ADPM and Fireman's Fund Insurance Company from the Lawsuit, as it relates to Spagnolo/Gisness' work on the Project."

RESPONSE

Objection to the extent this interrogatory calls for a legal conclusion. The subcontract with Spagnolo/Gisness calls for indemnification and defense with respect to these claims and Spagnolo/Gisness has failed and/or refused to do so.

INTERROGATORY NO.13

State the basis for your allegation in paragraph 120 of the Third-Party Amended Complaint that as a result of Spagnolo/Gisness' breach, ADPM has incurred substantial damages."

RESPONSE

ADPM has had to defend against claims advanced by the MDFA that relate to Spagnolo/Gisness' work. This has cost ADPM both time and money. Further, ADPM may have to effectuate repairs resulting from Spagnolo/Gisness' work, for which Spagnolo/Gisness is responsible pursuant to its obligation of indemnification.

INTERROGATORY NO.14

State the basis for your allegation in paragraph 122 of the Third-Party Amended Complaint that "Spagnolo/Gisness is liable to ADPM under the concepts of indemnification and contribution, for attorneys' fees, costs and damages suffered as a result of the Lawsuit, to the extent it relates to the work of Spagnolo/Gisness on the Project."

RESPONSE

See responses to interrogatory no.'s 11, 12 and 13 which are incorporated by reference and restated herein.

INTERROGATORY NO.15

Identify all individuals who have knowledge with respect to the damages identified in the Third-Party Amended Complaint.

RESPONSE

Please see ADP Marshall, Inc.'s Pre-trial Disclosures which are attached hereto as Exhibit B. Identified therein are expected and possible witnesses who may have knowledge with respect to the damages identified in the Third Party Amended Complaint.

INTERROGATORY NO.16

Identify each contractor and architect or other design professional involved in repairing or correcting the conditions described in the Third-Party Amended Complaint.

RESPONSE

Maddison Associates and R&R Window have performed corrective work at the project. It is anticipated that USF+G, ADPM and Delta Kespan will effectuate certain repairs at the project if a settlement is achieved with the MDFA.

INTERROGATORY NO.17

If any document or other tangible thing exists that has been identified in the Document Request, but which has been withheld for any reason, including privilege, work product doctrine, or other reason, please identify each such document by listing for each its date; the author (if known); each addressee; other recipients of the document; the general subject matter of the document (in a way that will not disclose information sought to be protected); the grounds on which you are withholding it, including an explanation, if applicable, of why a privilege or other legal basis for withholding the document exists.

RESPONSE

All documents, other than those developed by Haese, LLC's attorneys, as attorney work product, and attorney-client communications, were made available to Spagnolo/Gisness for review and copying from at least the time of ADPM's Initial Disclosures. Attorney work product documents and attorney-client communications are not being identified because to do so would be too burdensome, costly and not likely to lead to the discovery of admissible evidence.

INTERROGATORY NO.18

Please identify all agreements or contracts entered into by you in relation to the Project which are connected to the allegations set forth in complaint and/or Third-Party Amended Complaint. In the answer, state the dates those agreements or contracts were entered into, the names of all the parties to those agreements or contracts, and the subject matter of those agreements or contracts, and identify the documents constituting, referring or concerning those agreements or contracts.

RESPONSE

ADPM objects to the identification of the agreement or contracts, that have been made available to Spagnolo/Gisness for review and copying as set forth in ADPM's initial disclosures. To require the identification of such documents is overly burdensome and not likely to lead to the discovery of admissible evidence. Subject to the foregoing objections, those agreements and contracts are available for inspection and copying at Haese, LLC.

INTERROGATORY NO.19

Have you personally searched or caused others to search all files, both in your own possession and in the possession of all current and former employees and others from whom you could reasonably expect would return documents to you if asked them to do so (for example, contractors, consultants, accountants, and attorneys), in order to assemble documents and other tangible things responsive to the Document Request, and included in your search all computer files, discs, e-mail records, and other sources of electronically stored data? If you have not done so, state what sources or information referenced that have not been searched and why you have not searched them.

6

**RESPONSE**

Yes

**INTERROGATORY NO. 20**

Please list the name, address, professional background, and/or occupation of each and every employee or agent of ADPM who has knowledge of the subject matter of the Complaint and/or Third-Party Amended Complaint.

**RESPONSE**

ADPM objects to this interrogatory to the extent it requires the development of a comprehensive log of potential witnesses/persons who were employees or agents of ADPM with factual knowledge of the subject matter of this lawsuit because the only way to develop such a list is to catalog such information from the business records of ADPM that are extremely numerous. Such an effort would take days to complete. Subject to the foregoing objection, ADPM incorporates the information in Exhibit B concerning expected and possible witnesses. Further, such information, should Spagnolo/Gisness deem it necessary or relevant to compile same, can be compiled by Spagnolo/Gisness from the business records produced by ADPM for inspection and copying.

Signed under the pains and penalties of perjury this 22nd day of July 2005.

_____
Tom Hughes

As to objections,
DEFENDANTS/THIRD PARTY PLAINTIFF,
ADP Marshall, Inc.
By their attorneys,

_____
Andrew J. Tine (BBO#633639)
Haese, LLC
30 Federal Street, 3rd Floor
Boston, MA 02110
(617) 428-0266 – Telephone
(617) 428-0276 – Fax

7

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing via United States Mail postage prepaid this 20th day of July, 2005 to the following:

Edward F. Vena, Esq.
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

John J. McNamara, Esq.
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framningham, MA 01701

Allen Whitestone, Esq.
Black, Cetkovic & Whitestone
200 Berkeley Street
Boston, MA 02108

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Street
Plymouth, MA 02360

William E. O'Gara, Esq.
Holland & Knight
One Financial Plaza
Providence, RI 02903

Eric H. Loeffler, Esq.
Cetrulo & Capone, LLP
Two Seaport Lane
10th Floor
Boston, MA 02210

Jay S. Gregory, Esq.
Warren Hutchison, Esq.
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210